# 19-2664(L)

## 19-3148(CON), 19-3161(CON), 19-3167(CON)

### IN THE
# United States Court of Appeals
### FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

*Appellee,*

v.

SAUL RENDON-REYES, AKA Satanico, GUILLERMINA RENDON-REYES,
FRANCISCO RENDON-REYES, AKA Pancho,
JOSE RENDON-GARCIA, AKA Gusano,

*Defendants,*

FELIX ROJAS, ODILON MARTINEZ-ROJAS, AKA Chino, AKA Saul,
SEVERIANO MARTINEZ-ROJAS, AKA Negro, AKA Gato, AKA Arturo,
JOVAN RENDON-REYES, AKA Jovani,

*Defendants-Appellants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

### APPENDIX VOLUME I OF II
### FOR SEVERIANO MARTINEZ-ROJAS

Robin Christine Smith, Esq.
Leean Othman, Esq.
Law Office of Robin C. Smith, Esq., P.C.
802 B Street
San Rafael, California  94901
(415) 726-8000

*Counsel for Defendant-Appellant
Severiano Martinez-Rojas, aka Negro,
aka Gato, aka Arturo*

**LANTAGNE LEGAL PRINTING**
**801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477**

# TABLE OF CONTENTS

**Page**

## Volume I

Docket Entries ...................................................................................... 1

Indictment (Dkt#1), filed 7/16/15 ......................................................... 16
    Information Sheet (Dkt#1-1), filed 7/16/15 ........................................ 65

Superseding Indictment (Dkt#16), filed 12/16/15 ................................. 66
    Information Sheet (Dkt#16-1), filed 12/16/15 ................................. 117

Transcript of Proceedings on 4/18/17 ................................................. 118

Government Exhibit 5, Plea Agreement, filed 4/18/17 ............................ 213

Defendant's Sentencing Memorandum (Dkt#113), filed 12/5/18 ............. 228

## Volume II

Government's Sentencing Memorandum, without exhibits (Dkt#115),
filed 12/5/18 ...................................................................................... 236

Transcript of Proceedings on 1/4/19 ................................................... 304

Transcript of Proceedings on 7/24/19 .................................................. 392

Letter from Government to Judge Korman (Dkt#166), filed 7/31/19 ........ 410

Notice (Dkt#167), filed 8/9/19 ............................................................ 415

Judgment (Dkt#190), filed 9/26/19 ...................................................... 417

Notice of Appeal (Dkt#193), filed 1/24/19 and entered 9/30/19 .............. 423

i

Query    Reports ▾    Utilities ▾    Help    Log Out

APPEAL,MJSELECT-VMS

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:15-cr-00348-ERK-8

Case title: USA v. Rendon-Reyes et al

Date Filed: 07/16/2015
Date Terminated: 09/26/2019

Assigned to: Judge Edward R. Korman

### Defendant (8)

**Severiano Martinez-Rojas**
*TERMINATED: 09/26/2019*
*also known as*
Negro
*TERMINATED: 09/26/2019*
*also known as*
Gato
*TERMINATED: 09/26/2019*
*also known as*
Arturo
*TERMINATED: 09/26/2019*

represented by **John S. Wallenstein**
John S. Wallenstein, Esq.
1100 Franklin Avenue
Suite 100
Garden City, NY 11530
516-742-5600
Fax: 516-742-5040
Email: jswallensteinesq@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

### Pending Counts

RACKETEERING - PROSTITUTION
(1s)

SEX TRAFFICKING OF CHILDREN OR
BY FORCE, FRAUD OR COERCION
(11s)

SEX TRAFFICKING OF CHILDREN OR
BY FORCE, FRAUD OR COERCION
(19s)

### Disposition

Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $300. Restitution: $658,300.

Dismissed on Government's Motion.

Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $300. Restitution: $658,300.

### Highest Offense Level (Opening)

Felony

| Terminated Counts | Disposition |
|---|---|
| INTERSTATE COMMERCE (1-2) | |
| RACKETEERING CONSPIRACY (2s) | Dismissed on Government's Motion. |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION (3) | |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION (3s) | Dismissed on Government's Motion. |
| BRINGING IN AND HARBORING ALIENS (4) | |
| BRINGING IN AND HARBORING ALIENS (4s) | Dismissed on Government's Motion. |
| COERCION OR ENTICEMENT OF FEMALE (5) | |
| INTERSTATE PROSTITUTION CONSPIRACY (5s) | Dismissed on Government's Motion. |
| COERCION OR ENTICEMENT OF MINOR FEMALE (6) | |
| COERCION OR ENTICEMENT OF MINOR FEMALE (6s) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (7-9) | |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (7s-9s) | Dismissed on Government's Motion. |
| COERCION OR ENTICEMENT OF MINOR FEMALE (10) | |
| BRINGING IN AND HARBORING ALIENS (10s) | Dismissed on Government's Motion. |
| COERCION OR ENTICEMENT OF MINOR FEMALE | |

**2**

| | |
|---|---|
| (12s) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (15) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (17) | |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (17s) | Dismissed on Government's Motion. |
| BRINGING IN AND HARBORING ALIENS (18) | Dismissed on Government's Motion. |
| BRINGING IN AND HARBORING ALIENS (20s) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (21) | Dismissed on Government's Motion. |
| OBSTRUCTION OF JUSTICE (23) | |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (23s) | Dismissed on Government's Motion. |
| OBSTRUCTION OF JUSTICE (25s) | Dismissed on Government's Motion. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (26) | Dismissed on Government's Motion. |
| RACKETEERING - PROSTITUTION (27) | Dismissed on Government's Motion. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (28s) | Dismissed on Government's Motion. |
| RACKETEERING - PROSTITUTION (29s) | Dismissed on Government's Motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

**3**

**Plaintiff**

**USA**                                  represented by   **Benjamin J. Hawk**
                                                          U.S. Department of Justice
                                                          950 Pennsylvania Ave Nw
                                                          Washington, DC 20530
                                                          202-514-8208
                                                          Fax: 202-514-8336
                                                          Email: benjamin.hawk@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Margaret Elizabeth Lee**
                                                          U.S. Attorney's Office, Eastern District of
                                                          New York
                                                          271 Cadman Plaza East
                                                          Brooklyn, NY 11201
                                                          718-254-6205
                                                          Fax: 718-254-6076
                                                          Email: margaret.lee@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Government Attorney*

                                                          **Taryn A. Merkl**
                                                          United States Attorneys Office
                                                          Eastern District of New York
                                                          271 Cadman Plaza East
                                                          Brooklyn, NY 11201
                                                          718-254-6064
                                                          Fax: 718-254-6478
                                                          Email: taryn.merkl@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2015 | 1 | SEALED INDICTMENT as to Jovan Rendon-Reyes (1) count(s) 1-2, 3, 4, 5, 6, 7, 12, 13, 14, 15, 16, 26, 27, Saul Rendon-Reyes (2) count(s) 1-2, 3, 4, 5, 8, 17, 26, 27, Guillermina Rendon-Reyes (3) count(s) 1-2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 26, 27, Francisco Rendon-Reyes (4) count(s) 1-2, 4, 5, 24, 25, Jose Rendon-Garcia (5) count(s) 1-2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 15, 17, 19, 20, 26, 27, Felix Rojas (6) count(s) 1-2, 3, 4, 5, 6, 9, 10, 11, 15, 16, 17, 18, 19, 20, 26, 27, Odilon Martinez-Rojas (7) count(s) 1-2, 3, 4, 5, 6, 7-8, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 26, 27, Severiano Martinez-Rojas (8) count(s) 1-2, 3, 4, 5, 6, 7-9, 10, 15, 17, 18, 21, 23, 26, 27. (Attachments: # 1 Criminal Information Sheet, # 2 Sealing Cover Sheet) (Piper, Francine) (Entered: 07/17/2015) |
| 11/19/2015 | 3 | Order to Unseal Indictment as to Jovan Rendon-Reyes, Saul Rendon-Reyes, |

**4**

| | | |
|---|---|---|
| | | Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. Ordered by Magistrate Judge James Orenstein on 11/19/2015. (Chee, Alvin) (Entered: 11/20/2015) |
| 12/16/2015 | 16 | SUPERSEDING INDICTMENT (S-1) as to Jovan Rendon-Reyes (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 14s, 15s, 16s, 17s, 18s, 28s, 29s, Saul Rendon-Reyes (2) count(s) 1s, 2s, 3s, 4s, 5s, 8s-9s, 10s, 19s, 28s, 29s, Guillermina Rendon-Reyes (3) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 11s, 12s, 13s, 14s, 15s, 16s, 28s, 29s, Francisco Rendon-Reyes (4) count(s) 1s, 2s, 4s, 5s, 10s, 26s, 27s, Jose Rendon-Garcia (5) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 11s, 12s, 13s, 14s, 15s, 17s, 19s, 21s, 22s, 28s, 29s, Felix Rojas (6) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 11s, 12s, 13s, 17s, 18s, 19s, 20s, 21s, 22s, 28s, 29s, Odilon Martinez-Rojas (7) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s-9s, 10s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 23s, 24s, 25s, 28s, 29s, Severiano Martinez-Rojas (8) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s-9s, 10s, 11s, 12s, 17s, 19s, 20s, 23s, 25s, 28s, 29s. (Attachments: # 1 Criminal Information Sheet) (Chee, Alvin) (Entered: 12/16/2015) |
| 12/17/2015 | 17 | NOTICE OF ATTORNEY APPEARANCE Benjamin J. Hawk appearing for USA. (Hawk, Benjamin) (Entered: 12/17/2015) |
| 01/15/2016 | | Status Conference rescheduled to 1/26/2016 02:30 PM in Courtroom 8A South before Judge Edward R. Korman. Parties to confirm with each other. Ordered by Judge Edward R. Korman on 1/15/2016. (Susi, PaulaMarie) (Entered: 01/15/2016) |
| 01/19/2016 | | ORDER granting 20 Motion to Exclude as to Saul Rendon-Reyes (2), Francisco Rendon-Reyes (4), Odilon Martinez-Rojas (7) from 1/20/2016 to 1/26/2016. Ordered by Judge Edward R. Korman on 1/19/2016. (Susi, PaulaMarie) (Entered: 01/19/2016) |
| 01/26/2016 | 24 | Minute Entry for proceedings held before Judge Edward R. Korman:Status Conference as to Guillermina Rendon-Reyes, Jose Rendon-Garcia, Severiano Martinez-Rojas held on 1/26/2016. AUSA Taryn Merk; No counsel present for defendant. Speedy Trial start 1/26/2016 Speedy trial start 3/30/2016. Status Conference set for 3/30/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman.) (Court Reporter Rocco/ Hong.) (Basnight, Jasmine) (Entered: 01/27/2016) |
| 06/23/2016 | 28 | CJA 20 as to Severiano Martinez-Rojas: Appointment of Attorney John S. Wallenstein for Severiano Martinez-Rojas. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 29 | Minute Entryfor proceedings held before Magistrate Judge James Orenstein: Initial Appearance as to Severiano Martinez-Rojas held on 6/23/2016. Arraignment as to Severiano Martinez-Rojas (8) Count 1s,2s,3s,4s,5s,6s,7s-9s,10s,11s,12s,17s,19s,20s,23s,25s,28s,29s held on 6/23/2016. A.U.S.A. Taryn Merkl present for Government. Attorney John Wallenstein present with Defendant. Plea entered by Severiano Martinez-Rojas (8) Count 1-2, 1s, 2s, 3,3s, 4, 4s, 5,5s,6,6s,7-9,7s9s,10,10s,11s,12s,15,17,17s,18,19s,20s,21,23,23s,25s,26,27,28s, 29s by Severiano Martinez-Rojas Not Guilty on counts, All Superseding Counts. Speedy trial start 6/23/2016. Speedy trial stop 7/13/2016. Status Conference set for 7/13/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #3:41 - 3:48.) (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 30 | ORDER OF DETENTION as to Severiano Martinez-Rojas. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | | ORDER TO CONTINUE - Ends of Justice as to Severiano Martinez-Rojas Time... |

5

| | | |
|---|---|---|
| 06/23/2016 | 31 | ORDER TO CONTINUE - Ends of Justice as to Severiano Martinez-Rojas Time excluded from 6/23/2016 until 7/13/2016. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 32 | CJA 23 Financial Affidavit by Severiano Martinez-Rojas (Basnight, Jasmine) (Entered: 06/24/2016) |
| 07/13/2016 | 57 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 7/13/2016. A.U.S.A Taryn Merkl, Margaret Lee, and Benjamin Hawk present for Government. Attorney Richard Lind present for Defendant Jovan Rendon-Reyes. Attorney Lloyd Epstein present for Defendant Saul Rendon-Reyes. Attorney Joel Cohen present for Defendant Guillermina Rendon-Reyes. Attorney Len Kamdang present for Defendant Francisco Rendon-Reyes. Attorney Gary Villanueva present for Defendant Jose Rendon-Garcia. Attorney Donna Newman present for Defendant Felix Rojas. Attorney Richard Rosenberg present for Defendant Odilon Martinez-Rojas. Attorney John Wallenstein present for Defendant Severiano Martinez-Rojas. Speedy trial start 07/13/2016. Speedy trial stop 09/14/2016. Status Conference set for 9/14/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco/ Hong.) (Basnight, Jasmine) (Entered: 07/21/2016) |
| 07/14/2016 | 53 | Letter *to counsel for Jovan Rendon-Reyes, Guillermina Rendon-Reyes, Felix Rojas, Jose Rendon-Garcia and Severiano Martinez-Rojas disclosing the government's initial discovery in accordance with FRCP 16* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Merkl, Taryn) (Entered: 07/14/2016) |
| 07/14/2016 | 54 | Letter *to all defense counsel disclosing additional discovery in accordance with FRCP 16* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Merkl, Taryn) (Entered: 07/14/2016) |
| 07/18/2016 | 56 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and the defendants JOVAN RENDON-REYES, GUILLERMINARENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANOMARTINEZ-ROJAS, and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16( d), that: 1. Any and all discovery material identifying, or tending to identify, in any manner, any alleged victim of sex trafficking about whom the government will produce discovery (the "Victim Discovery Material")1 to the defendants and defense counsel in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from such discovery material, may be used by the defendants and defense counsel only for purposes of preparing and def ending the case, including but not limited to trial, any sentencing, any appeal and any collateral attack, involving the charges in the above-captioned case. (See attachment for further details). Ordered by Judge Edward R. Korman on 7/13/2016. (Basnight, Jasmine) (Entered: 07/18/2016) |
| 09/13/2016 | 58 | MOTION to Continue *the Status Conference Scheduled for 9/14/16, to 10/19/16, and to Exclude Time Under the Speedy Trial Act from 9/14/16 through 10/19/16* by USA as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco |

| | | |
|---|---|---|
| | | Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Merkl, Taryn) (Entered: 09/13/2016) |
| 09/14/2016 | | ORDER finding as moot 58 Motion to Continue as to Jovan Rendon-Reyes (1), Saul Rendon-Reyes (2), Guillermina Rendon-Reyes (3), Francisco Rendon-Reyes (4), Jose Rendon-Garcia (5), Felix Rojas (6), Odilon Martinez-Rojas (7), Severiano Martinez-Rojas (8). Ordered by Judge Edward R. Korman on 9/14/2016. (Susi, PaulaMarie) (Entered: 09/14/2016) |
| 09/14/2016 | 59 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 9/14/2016. A.U.S.A Taryn Merkl present for Government. Counsel present for Defendants. Case Designated complex. Speedy trial start 09/14/2016. Speedy trial stop 11/16/2016. Status Conference set for 11/16/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter ROCCO/HONG.) (Basnight, Jasmine) (Entered: 09/21/2016) |
| 11/16/2016 | 61 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 11/16/2016. A.U.S.A Taryn Merkl present for Government. All attorneys present for all Defendants. Speedy trial start 11/16/2016. Ongoing complex plea negotiations. Speedy trial stop 01/18/2017. Status Conference set for 1/18/2017 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco.) (Basnight, Jasmine) Modified on 11/4/2019 per ESR's records (Herrera, Isaiah). (Entered: 11/18/2016) |
| 01/18/2017 | 64 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 1/18/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. All attorneys present with all Defendants. Speedy trial start 01/18/2017. Speedy trials top 02/22/2017. Status Conference set for 2/22/2017 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco.) (Basnight, Jasmine) (Entered: 01/19/2017) |
| 02/22/2017 | 67 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 2/22/2017. A.U.S.A Taryn Merkl, Margaret Lee, and Benjamin Hawk present for Government. All attorneys present with all Defendants. Speedy trial start 2/22/2017. Speedy trial stop 3/29/2017. Motions due by 3/29/2017. Conference, trial date will be set. Defendant 2 withdraws request for new counsel. (Court Reporter Rocco/Hong.) (Basnight, Jasmine) (Entered: 03/01/2017) |
| 03/26/2017 | 68 | Letter MOTION to Expedite *Co-Defendant Meeting in USMS detention area* by Severiano Martinez-Rojas as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Attachments: # 1 List of Defendants with USMS register numbers) (Wallenstein, John) (Entered: 03/26/2017) |
| 03/27/2017 | | ORDER granting 68 Motion to for co-deft meeting, in accordance with the guidelines |

**7**

| | | |
|---|---|---|
| | | of the USMS. Ordered by Judge Edward R. Korman on 3/27/2017. (Susi, PaulaMarie) (Entered: 03/27/2017) |
| 03/29/2017 | 80 | Minute Entry for proceedings held before Judge Edward R. Korman:Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on03/29/2017. A.U.S.A Taryn Merkl present for Government. All attorneys present for all defendants. Speedy trial start 3/29/2017. Speedy trial stop 4/19/2017. Status Conference set for 4/19/2017 02:00 PM in Courtroom 8A South before Judge Edward R. Korman(Court Reporter Rocco/Hong.) (Basnight, Jasmine) (Entered: 04/24/2017) |
| 03/30/2017 | 69 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 3/30/2017. A.U.S.A Taryn Merkl present for Government. All attorneys present for all defendants. Speedy trial start 3/30/3017. Speedy trial stop 4/19/2017. Status Conference set for 4/19/2017 02:00 PM in Courtroom 8A South before Judge Edward R. Korman Jury Selection and Jury Trial set for 7/10/2017 in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco.) (Basnight, Jasmine) (Entered: 04/03/2017) |
| 04/05/2017 | | NOTICE OF HEARING as to Severiano Martinez-Rojas: A Change of Plea Hearing is set for 4/18/2017 at 12:45 PM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 04/05/2017) |
| 04/18/2017 | 76 | CONSENT TO HAVE A PLEA TAKEN BEFORE US MAGISTRATE JUDGE Vera M. Scanlon by Severiano Martinez-Rojas (Basnight, Jasmine) (Entered: 04/19/2017) |
| 04/18/2017 | 77 | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: Allocution, Change of Plea Hearing as to Severiano Martinez-Rojas held on 4/18/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. Attorney John Wallenstein present with Defendant. Plea entered by Severiano Martinez-Rojas (8) Guilty Count 1s,19s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the plea was made knowingly and voluntarily and the plea was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #1:27-2:37; 2:38 -3:18.) (Basnight, Jasmine) (Entered: 04/19/2017) |
| 05/30/2017 | 92 | TRANSCRIPT of Proceedings as to Felix Rojas, Severiano Martinez-Rojas held on April 18, 2017, before Judge Scanlon. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/20/2017. Redacted Transcript Deadline set for 6/30/2017. Release of Transcript Restriction set for 8/28/2017. (Hong, Loan) (Entered: 05/30/2017) |
| 04/30/2018 | | Sentencing for Jose Rendon Reyes, Odilon Martinez Rojas, Severiano Martinez Rojas rescheduled to 7/11/2018 02:30 PM in Courtroom 8A South before Judge Edward R. Korman. Sentencing submissions due no later than 6/29/2018. Ordered by Judge Edward R. Korman on 4/30/2018. (Susi, PaulaMarie) (Entered: 04/30/2018) |

**8**

| | | |
|---|---|---|
| 06/25/2018 | 102 | MOTION to Continue Sentencing by Felix Rojas as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Newman, Donna) (Entered: 06/25/2018) |
| 06/27/2018 | | ORDER granting 102 Motion to Continue Sentencing *** The motion is granted as to all defts. The Court is aware all defendants have not consented, indeed counsel for deft 4 has opposed, nonetheless sentencing for all defts will be adjourned to Sept. 12 and 13 (schedule to follow) for the convenience of the those victims who wish to make impact statements. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | | Sentencing for (7) Odilon Martinez-Rojas and (8) Severiano Martinez-Rojas rescheduled to 9/12/2018 03:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | | ORDER *** All counsel are advised that sentencing submissions are due no later than close of business Sept. 5, 2018. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | 103 | Letter *re: PSR translation* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Wallenstein, John) (Entered: 06/27/2018) |
| 08/20/2018 | 106 | Letter MOTION to Continue Sentencing by Severiano Martinez-Rojas as to Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Wallenstein, John) (Entered: 08/20/2018) |
| 08/21/2018 | | Sentencing for Odilon Martinez-Rojas & Severiano Martinez-Rojas are rescheduled to 10/24/2018 02:30 PM in Courtroom 8A South before Judge Edward R. Korman.. Ordered by Judge Edward R. Korman on 8/21/2018. (Susi, PaulaMarie) (Entered: 08/21/2018) |
| 08/21/2018 | | ORDER granting 106 Motion to Continue Sentencing as to Odilon Martinez-Rojas (7), Severiano Martinez-Rojas (8) Sentencing set for 10/24/2018 02:30 PM in Courtroom 8A South before Judge Edward R. Korman.Ordered by Judge Edward R. Korman on 8/21/2018. (Susi, PaulaMarie) (Entered: 08/21/2018) |
| 10/16/2018 | 111 | Letter MOTION to Continue Sentencing by Severiano Martinez-Rojas as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Wallenstein, John) (Entered: 10/16/2018) |
| 10/17/2018 | | ORDER granting 111 Motion to Continue Sentencing as to Jovan Rendon-Reyes (1), Saul Rendon-Reyes (2), Guillermina Rendon-Reyes (3), Francisco Rendon-Reyes (4), Jose Rendon-Garcia (5), Felix Rojas (6), Odilon Martinez-Rojas (7), Severiano Martinez-Rojas (8) *** The application is granted, sentencing is rescheduled to 12/5/2018 for defts (1,5,6,7,8) and to 12/6/2018 for defts (2,3,4) at the same hours previously determined. Sentencing submissions, or additions to those already filed, due no later than 11/15/2018.Ordered by Judge Edward R. Korman on 10/17/2018. (Susi, PaulaMarie) (Entered: 10/17/2018) |
| 10/24/2018 | | ORDER: The sentencing schedule is modified as follows: 12/5 at 2pm: Jovan Rendon-Reyes (1) and Felix Rojas (6); 12/5 at 2:30pm: Odilon Martinez-Rojas (7) and |

| | | |
|---|---|---|
| | | Severiano Martinez-Rojas (8); 12/6 at 2pm: Saul Rendon-Reyes(2) and Francisco Rendon-Reyes (4); 12/6 at 3pm: Guillermina Rendon-Reyes (3); 12/6 at 4pm: Jose Rendon-Garcia (5). Ordered by Judge Edward R. Korman on 10/24/2018. (Susi, PaulaMarie) (Entered: 10/24/2018) |
| 11/26/2018 | | ORDER *** As confirmed by counsel, the sentencing schedule is amended as follows: 12/12 at 2pm: Jovan Rendon-Reyes (1) and Felix Rojas (6); 12/12 at 2:30pm: Odilon Martinez-Rojas (7) and Severiano Martinez-Rojas (8); 12/13 at 2pm: Saul Rendon-Reyes(2) and Francisco Rendon-Reyes (4); 12/13 at 3pm: Guillermina Rendon-Reyes (3); 12/13 at 4pm: Jose Rendon-Garcia (5). Sentencing submissions due 1 week prior. Ordered by Judge Edward R. Korman on 11/26/2018. (Susi, PaulaMarie) (Entered: 11/26/2018) |
| 12/05/2018 | 113 | SENTENCING MEMORANDUM by Severiano Martinez-Rojas (Wallenstein, John) (Entered: 12/05/2018) |
| 12/05/2018 | 115 | SENTENCING MEMORANDUM by USA as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Lee, Margaret) (Entered: 12/05/2018) |
| 12/12/2018 | 121 | Minute Entry: Sentencing as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 12/12/2018before Judge Edward R. Korman. Counsel to all parties present. Sentencing adjourned as follows: 1/3/2019 at 2pm: Jovan Rendon-Reyes (1) and Felix Rojas (6); 1/3/2019 at 3:00pm: Odilon Maxtinez-Rojas (7) and Severiano Martinez-Rojas (8); 1/4/2019 at 12:00pm: Saul Rendon-Reyes(2) 1/4/2019 at 2:00pm Francisco Rendon-Reyes (4); 1/4/2019 at 3pm: Guillemiina Rendon-Reyes (3); 1/4/2019 at 4pm: Jose Rendon-Garcia (5) in Courtroom 8A South before Judge Edward R. Korman. Supplemental Submission due 12/21/2018. (FTR Log #ROCCO/HONG.) (Almonte, Giselle) (Entered: 12/17/2018) |
| 12/13/2018 | | For the reasons stated on the record at the Dec. 12, 2018 appearance, sentencing is as follows: 1/3/2019 at 2pm: Jovan Rendon-Reyes (1) and Felix Rojas (6); 1/3/2019 at 3:00pm: Odilon Martinez-Rojas (7) and Severiano Martinez-Rojas (8); 1/4/2019 at 12:00pm: Saul Rendon-Reyes(2) 1/4/2019 at 2:00pm Francisco Rendon-Reyes (4); 1/4/2019 at 3pm: Guillermina Rendon-Reyes (3); 1/4/2019 at 4pm: Jose Rendon-Garcia (5). Supplemental submission due 12/21/2018. Ordered by Judge Edward R. Korman on 12/13/2018. (Susi, PaulaMarie) (Entered: 12/13/2018) |
| 12/26/2018 | 125 | SENTENCING MEMORANDUM SUPPLEMENT by Severiano Martinez-Rojas (Attachments: # 1 Letter from Severiano Martinez-Rojas, # 2 Certificate, # 3 certificate) (Wallenstein, John) (Entered: 12/26/2018) |
| 01/03/2019 | 182 | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing as to Severiano Martinez-Rojas held on 1/3/2019. Case Called. Awaiting arguments and imposition of sentence on deft #6, continued to 1/4/19. (ESR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/04/2019 | 183 | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing held on 1/4/2019 for Severiano Martinez-Rojas. Case Called. CAG 293 months, 5 years |

**10**

| | | |
|---|---|---|
| | | Supervised release conditions, $300 Special assessment. Changes to PSR ordered, probation to submit revised report. (ESR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/24/2019 | | ORDER granting 126 Motion for Hearing as to Felix Rojas (6)( Motion Hearing set for 2/6/2019 04:00 PM in Courtroom 8A South before Judge Edward R. Korman, as well as any other defts similarly situated. Ordered by Judge Edward R. Korman on 1/24/2019. (Susi, PaulaMarie) (Entered: 01/24/2019) |
| 01/24/2019 | 193 | NOTICE OF APPEAL by Severiano Martinez-Rojas re 190 Judgment entered 9/27/19. No fee. Although this appeal is being filed Pro Se, the Appellant was previously represented by CJA Counsel. Service done electronically. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 01/29/2019 | 197 | SUBSEQUENT/DUPLICATE NOTICE OF APPEAL by Severiano Martinez-Rojas re 190 Judgment entered 9/27/19. No fee for Duplicate Appeal. Service done electronically. Please note that this Appeal was mistakenly filed by Appellant directly with the USCA on 1/29/19. It was then forwarded to the District Court, where it was received 2/1/19. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 01/31/2019 | 135 | Letter *regarding sentencing enhancement* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Attachments: # 1 Declaration) (Lee, Margaret) (Entered: 01/31/2019) |
| 02/06/2019 | | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Felix Rojas, Odilon Martinez-Rojas and Severiano Martinez-Rojas held on 2/6/2019. Appearances by AUSA Margaret Lee, Donna Newman for defendants Felix Rojas and Severiano Martinez-Rojas. Richard H. Rosenberg for defendant Odilon Martinez-Rojas. Previously sworn Spanish interpreter Mario Michelena present to interpret proceeding for the defendants. Defense counsel to submit Motion to Withdraw in connection to their respective clients for reasons discussed during the conference. Ordered by Judge Edward R. Korman on 2/6/2019. (Court Reporter Loan Hong) (Valderrama, Freddie) (Entered: 02/21/2019) |
| 02/07/2019 | 139 | Letter MOTION to Withdraw as Attorney by JOHN S. WALLENSTEIN, ESQ.. by Severiano Martinez-Rojas. (Attachments: # 1 Exhibit) (Wallenstein, John) (Entered: 02/07/2019) |
| 03/12/2019 | 143 | Letter from Severiano Martinez-Rojas requesting copy of Docket Sheet. (Almonte, Giselle) (Entered: 03/19/2019) |
| 03/13/2019 | 140 | TRANSCRIPT of Proceedings as to Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on February 6, 2019, before Judge Korman. Court Reporter/Transcriber Transcription Plus II, Inc. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/3/2019. Redacted Transcript Deadline set for 4/15/2019. Release of Transcript Restriction set for 6/11/2019. (Hong, Loan) (Entered: 03/13/2019) |
| 04/01/2019 | | Letter/ Defendant's Motion To Attach In Docket Sheet The Notice Of Appeals Filed |

**11**

| | | |
|---|---|---|
| | 146 | on January 10, 2019 as to Severiano Martinez-Rojas. (Love, Alexis) (Entered: 04/03/2019) |
| 06/25/2019 | | In the course of 154 her letter on behalf of Felix Rojas, Ms. Kunstler observes that the declarations of Jane Does #2, 3, 5, and 7, to the extent provided by the U.S. Attorney, do not identify start- and end-dates of the prostitution, rendering it impossible to calculate restitution using the U.S. Attorney's proposed formula. The U.S. Attorney is directed to address this identified deficiency as it relates to the restitution owed to these victims within seven days of this order. Ordered by Judge Edward R. Korman on 6/25/2019. (Arber, Jacob) (Entered: 06/25/2019) |
| 07/25/2019 | | ORDER denying 138 Motion to Appoint Counsel as to Odilon Martinez-Rojas (7); denying 139 Motion to Withdraw as Attorney. as to Severiano Martinez-Rojas (8) *** [DE138] [DE139] Counsels' motions to withdraw are denied. A defendant's indication that he will pursue ineffective assistance claims on appeal does not necessarily create a conflict of interest, particularly if counsel continues to adequately represent the defendant. See United States v. White, 174 F.3d 290, 296 (2d Cir. 1999). Counsel should be capable of continuing to adequately represent their clients on the limited issue of restitution without laboring under any conflict of interest, particularly as they previously indicated--before learning of their clients' intended ineffective assistance claims--that they would adopt the objections made by Felix Rojas as to restitution.Ordered by Judge Edward R. Korman on 7/25/2019. (Susi, PaulaMarie) (Entered: 07/25/2019) |
| 07/31/2019 | 166 | Letter *regarding Court's findings as to restitution* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Lee, Margaret) (Entered: 07/31/2019) |
| 08/09/2019 | 167 | NOTICE *** The parties are hereby given notice of a proposed restitution order, outlined in the attached document, ECF No. 167. Counsel is directed to file any objections to this proposed restitution order at least seven days before restitution is formally imposed. An order scheduling imposition of restitution will follow. (Arber, Jacob) (Entered: 08/09/2019) |
| 08/14/2019 | | Hearing/Decision on Imposition of Restitution for defts 1,3,4,5,7,8 set for 9/10/2019 02:30 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 8/14/2019. (Susi, PaulaMarie) (Entered: 08/14/2019) |
| 08/15/2019 | | PLEASE NOTE NEW TIME: Hearing/Decision on Imposition of Restitution for defts 1,3,4,5,7,8 set for 9/10/2019 **01:30** PM in Courtroom 8A South before Judge Edward R. Korman.. Ordered by Judge Edward R. Korman on 8/15/2019. (Susi, PaulaMarie) (Entered: 08/15/2019) |
| 09/16/2019 | 174 | Letter from Severiano Martinez-Rojas dated 9/5/19 in re: Notice of Appeal. (Herrera, Isaiah) (Entered: 09/17/2019) |
| 09/26/2019 | 190 | JUDGMENT as to Severiano Martinez-Rojas (8), Count(s) 10s, 11s, 12s, 15, 17s, 18, 20s, 21, 23s, 25s, 26, 27, 28s, 29s, 2s, 3s, 4s, 5s, 6s, 7s-9s, Dismissed on Government's Motion.; Count(s) 19s, Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $300. Restitution: $658,300.; Count(s) 1s, Imprisonment: Two-Hundred-Ninety-Three (293). |

**12**

| | | |
|---|---|---|
| | | Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $300. Restitution: $658,300. Ordered by Judge Edward R. Korman on 9/26/2019. (Herrera, Isaiah) (Entered: 09/27/2019) |
| 09/30/2019 | | Electronic Index to Record on Appeal as to Severiano Martinez-Rojas sent to US Court of Appeals 193 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 09/30/2019 | | First Supplemental Electronic Index to Record on Appeal as to Severiano Martinez-Rojas sent to US Court of Appeals 197 Subsequent/Duplicate Notice of Appeal - Final Judgment. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 10/01/2019 | 200 | DUPLICATE NOTICE OF APPEAL by Attorney for Severiano Martinez-Rojas re 190 Judgment entered 9/27/19. No fee. Appellant represented by CJA Attorney and there is no fee for a Duplicate Appeal. Service done electronically. Appeal Record due by 10/11/2019. (Wallenstein, John) Modified on 10/1/2019 to reflect Duplicate Appeal, fee status and service. (McGee, Mary Ann). (Entered: 10/01/2019) |
| 10/01/2019 | | Second Supplemental Electronic Index to Record on Appeal as to Severiano Martinez-Rojas sent to US Court of Appeals 200 DUPLICATE Notice of Appeal - Final Judgment. (McGee, Mary Ann) (Entered: 10/01/2019) |
| 10/29/2019 | | Minute Entry for proceedings held before Judge Edward R. Korman:Status Conference for the Imposition of Restitution as to Jovan Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 9/10/2019. AUSA Margaret Lee. Atty1 Richard Lind, atty3 Joel Cohen, atty4 James Darrow, atty5 Gary Villanueva, atty7 Richard Rosenberg, atty8 John Wallenstein. Int. Mario Michelena. Imposition of Restitution for deft1 = $237,300; deft3 $50,400; deft4 $157,500; deft5 $308,700; deft7 $476,700; deft8 $658,300 (at 10% monthy net after release from custody). (Court Reporter ESR.) (Susi, PaulaMarie) Modified on 3/10/2020 (Rocco, Christine). (Entered: 10/29/2019) |
| 12/04/2019 | 207 | TRANSCRIPT of Proceedings as to Odilon Martinez-Rojas, Severiano Martinez-Rojas held on January 4, 2019, before Judge Korman. Court Transcriber: Transcription Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 12/25/2019. Redacted Transcript Deadline set for 1/6/2020. Release of Transcript Restriction set for 3/3/2020. (Rocco, Christine) (Entered: 12/04/2019) |
| 12/05/2019 | 210 | TRANSCRIPT of Proceedings as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on September 14, 2016, before Judge Korman. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located |

**13**

| | | |
|---|---|---|
| | | under "Other Filings - Other Documents". Redaction Request due 12/26/2019. Redacted Transcript Deadline set for 1/6/2020. Release of Transcript Restriction set for 3/4/2020. (Hong, Loan) (Entered: 12/05/2019) |
| 12/05/2019 | 211 | TRANSCRIPT of Proceedings as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on November 16, 2016, before Judge Korman. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 12/26/2019. Redacted Transcript Deadline set for 1/6/2020. Release of Transcript Restriction set for 3/4/2020. (Hong, Loan) (Entered: 12/05/2019) |
| 12/05/2019 | 212 | TRANSCRIPT of Proceedings as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on January 18, 2017, before Judge Korman. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 12/26/2019. Redacted Transcript Deadline set for 1/6/2020. Release of Transcript Restriction set for 3/4/2020. (Hong, Loan) (Entered: 12/05/2019) |
| 12/05/2019 | 213 | TRANSCRIPT of Proceedings as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on February 22, 2017, before Judge Korman. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 12/26/2019. Redacted Transcript Deadline set for 1/6/2020. Release of Transcript Restriction set for 3/4/2020. (Hong, Loan) (Entered: 12/05/2019) |
| 12/05/2019 | 214 | TRANSCRIPT of Proceedings as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on March 29, 2017, before Judge Korman. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 12/26/2019. Redacted Transcript Deadline set for 1/6/2020. Release of Transcript Restriction set for 3/4/2020. (Hong, Loan) (Entered: 12/05/2019) |
| 12/05/2019 | | TRANSCRIPT of Proceedings as to Jovan Rendon-Reyes, Felix Rojas, Severiano |

**14**

| | | |
|---|---|---|
| 12/05/2019 | 215 | TRANSCRIPT of Proceedings as to Jovan Rendon-Reyes, Felix Rojas, Severiano Martinez-Rojas held on December 12, 2018, Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 12/26/2019. Redacted Transcript Deadline set for 1/6/2020. Release of Transcript Restriction set for 3/4/2020. (Hong, Loan) (Entered: 12/05/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/11/2020 13:38:06 | | | |
| **PACER Login:** | cr4351 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:15-cr-00348-ERK |
| **Billable Pages:** | 15 | **Cost:** | 1.50 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

TM:ML/BH
F.#2012R01664

**KORMAN, J.**

FILED
CLERK

2015 JUL 16 PM 4:58

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SCANLON, M.J.**

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

JOVAN RENDON-REYES,
    also known as "Jovani,"
SAUL RENDON-REYES,
    also known as "Satanico,"
GUILLERMINA RENDON-REYES,
FRANCISCO RENDON-REYES,
    also known as "Pancho,"
JOSE RENDON-GARCIA,
    also known as "Gusano,"
FELIX ROJAS,
ODILON MARTINEZ-ROJAS,
    also known as "Chino" and "Saul," and
SEVERIANO MARTINEZ-ROJAS,
    also known as "Negro," "Gato" and
    "Arturo,"

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**CR 15-348**

I N D I C T M E N T

Cr. No. _____

(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv),
1324(a)(1)(A)(v)(I),
1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i),
1324(b); T. 18, U.S.C., §§ 371,
981(a)(1)(C), 982(a)(1), 982(a)(6),
1591(a)(1), 1591(a)(2), 1591(b)(1),
1591(b)(2), 1591(d), 1594(c), 1594(d),
1952(a)(1)(A), 1952(b)(1), 1956(h),
1962(c), 1962(d), 1963, 1963(a),
1963(m), 2422(a), 2423(a), 2423(e),
2428, 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

At all times relevant to this Indictment, unless otherwise indicated:

<u>The Enterprise</u>

1.    The defendants JOVAN RENDON-REYES, also known as "Jovani,"

SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES,

1

**16**

FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," were members and associates of the "Rendon-Reyes Trafficking Organization," a criminal organization that operated in Queens, New York; Atlanta, Georgia; and Jemison, Alabama, among other locations. Members and associates of the Rendon-Reyes Trafficking Organization engaged in various forms of criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring and money laundering.

2. The Rendon-Reyes Trafficking Organization, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The Rendon-Reyes Trafficking Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>The Purpose of the Enterprise</u>

3. The purposes of the enterprise included the following:

a. Enriching the members and associates of the enterprise through criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring and money laundering.

b. Promoting and enhancing the enterprise and the activities of its members and associates.

2

**17**

c.      Preserving and protecting the enterprise through the use of intimidation, threats of violence and acts of violence, including assaults and beatings to keep victims in fear.

d.      Concealing the enterprise and the activities of its members and associates from law enforcement through criminal activity, including but not limited to money laundering, witness tampering and attempted witness tampering of individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

Means and Methods of the Enterprise

4.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.      Members and associates of the enterprise used force, threats of force, fraud and coercion to cause young women and minor girls from Mexico and Latin America to engage in prostitution in the United States.

b.      Members and associates of the enterprise arranged to smuggle young women and minor girls into the United States, transport them to Queens, New York; Atlanta, Georgia; Jemison, Alabama, and elsewhere, and harbor them at various locations.

c.      Members and associates of the enterprise operated brothels and arranged to transport, and did transport, young women and girls to prostitute at such brothels and other locations, in various states, including but not limited to New York, Connecticut, Georgia, Alabama, Louisiana and Mississippi.

3

**18**

d.      Members and associates of the enterprise engaged in conduct designed to prevent detection of their identities, their illegal activities and the location of proceeds of those activities.   Those activities included money laundering, witness tampering and attempted witness tampering of individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

COUNT ONE
(Racketeering)

5.      The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

6.      In or about and between December 2004 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York, the Northern District of Georgia, the Middle District of Alabama, the District of Arizona, the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, being persons employed by and associated with the Rendon-Reyes Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Rendon-Reyes Trafficking Organization through a pattern of racketeering activity, as defined in Title 18,

4

**19**

United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

RACKETEERING ACT ONE
(Alien Smuggling Conspiracy)

7.      In or about and between December 2004 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire: (a) to encourage and induce one or more aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered, and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered, and remained in the United States in violation of law, to conceal, harbor, and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States

5

Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

## RACKETEERING ACT TWO
### (Conspiracy to Transport Minors)

8.     In or about and between March 2006 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire to transport one or more individuals who had not attained the age of 18 years in interstate and foreign commerce, with intent that such individuals engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).

## RACKETEERING ACT THREE
### (Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #1)

9.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Three.

A.     Sex Trafficking (2004 to 2006)

10.     In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce,

6

**21**

and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Sex Trafficking (2008 to 2009)

11.     In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants SAUL RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

C.     Interstate Prostitution (2004 to 2006)

12.     In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign

7

**22**

commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

      D.    Interstate Prostitution (2008 to 2009)

13.    In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants SAUL RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

      E.    Alien Smuggling

14.    In or about and between December 2004 and February 2005, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #1, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

8

**23**

RACKETEERING ACT FOUR
(Sex Trafficking of a Minor/Transportation of a Minor/Interstate Prostitution/
Alien Smuggling – Jane Doe #2)

15.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Four:

A.     Sex Trafficking of a Minor

16.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, and (2) Jane Doe #2 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Transportation of a Minor

17.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and

9

intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #2, in interstate and foreign commerce, with intent that Jane Doe #2 engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2.

    C.    <u>Interstate Prostitution</u>

    18.    In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #2, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

    D.    <u>Alien Smuggling</u>

    19.    In or about and between March 2006 and July 2006, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

10

**25**

RACKETEERING ACT FIVE
(Sex Trafficking/Alien Smuggling – Jane Doe #3)

20.     The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Five:

A.     Sex Trafficking

21.     In or about and between March 2007 and May 2008, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #3 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Alien Smuggling

22.     In or about and between March 2007 and November 2007, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #3, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in

11

**26**

violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i), and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT SIX
(Sex Trafficking of a Minor/Transportation of a Minor/Interstate Prostitution/
Alien Smuggling – Jane Doe #4)

23.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Six:

A.    Sex Trafficking of a Minor

24.    In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #4 to engage in one or more commercial sex acts, and (2) Jane Doe #4 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.    Transportation of a Minor

25.    In or about and between June 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

12

**27**

defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #4, in interstate and foreign commerce, with intent that Jane Doe #4 engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2.

C.      Interstate Prostitution

26.     In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #4, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

D.      Alien Smuggling

27.     In or about and between June 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #4, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

13

**28**

RACKETEERING ACT SEVEN
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #5)

28.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Seven:

A.      Sex Trafficking

29.     In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.      Interstate Prostitution

30.     In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, JOSE RENDON-GARCIA, FRANCISCO RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce,

14

**29**

entice and coerce an individual, to wit: Jane Doe #5, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.    Alien Smuggling

31.    In or about and between December 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT EIGHT
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #6)

32.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Eight:

A.    Sex Trafficking

33.    In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama and elsewhere, the defendants SAUL RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe

15

#6, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.    Interstate Prostitution

34.    In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama and elsewhere, the defendants SAUL RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #6, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.    Alien Smuggling

35.    In or about and between November 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

16

RACKETEERING ACT NINE
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #7)

36.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Nine:

A.     Sex Trafficking

37.     In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #7, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #7 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

38.     In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #7, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

17

**32**

C.    Alien Smuggling

39.    In or about and between April 2009 and June 2010, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #7, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT TEN
(Sex Trafficking/Interstate Prostitution/Alien Smuggling/
Obstruction of Justice – Jane Doe #8)

40.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Ten:

A.    Sex Trafficking

41.    In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #8, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #8 to engage in one or

18

**33**

more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.    Interstate Prostitution

42.    In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #8, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.    Alien Smuggling

43.    In or about and between April 2010 and November 2010, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #8, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

D.    Obstruction of Justice

44.    In or about and between May 2013 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together

19

**34**

with others, did knowingly and intentionally obstruct, attempt to obstruct and in any way interfere with and prevent the enforcement of Title 18, United States Code, Section 1591, in violation of Title 18, United States Code, Sections 1591(d) and 2.

RACKETEERING ACT ELEVEN
(Interstate Prostitution/Alien Smuggling – Jane Doe #9)

45.     The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Eleven:

A.     Interstate Prostitution

46.     In or about and between August 2007 and October 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #9, an individual whose identity is known to the Grand Jury, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

B.     Alien Smuggling

47.     In or about August 2007, that date being approximate and inclusive, within the District of Arizona and elsewhere, the defendant FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #9, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of

20

**35**

law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT TWELVE
(Money Laundering Conspiracy/Distribution of Proceeds of a Prostitution Business)

48.    The defendants named below committed the following acts, either of which alone constitutes Racketeering Act Twelve:

A.    Money Laundering Conspiracy

49.    In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking and sex trafficking of one or more minors, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the

21

**36**

proceeds of one or more specified unlawful activities, in violation of Title 18, United States Code, Section 1956(h).

> B.    Distribution of Proceeds of a Prostitution Business

50.    In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity, in violation of Title 18 United States Code, Sections 1952(a)(1)(A), 1952(b)(1) and 2.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
### (Racketeering Conspiracy)

51.    The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

52.    In or about and between December 2004 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York, the Northern District of

22

**37**

Georgia, the Middle District of Alabama, the District of Arizona, the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, being persons employed by and associated with the Rendon-Reyes Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

53.     The pattern of racketeering activity through which the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, agreed to conduct the affairs of the enterprise consisted of the acts set forth in paragraphs 7 through 50 of Count One of this Indictment, as Racketeering Acts One through Twelve, which are realleged and incorporated as if fully set forth herein.   Each defendant agreed that a

23

**38**

conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Sex Trafficking Conspiracy)

54.     In or about and between January 2009 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that (1) means of force, threats of force, fraud, coercion and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, and (2) such persons had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by force, fraud, coercion and a combination such means, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

24

**39**

## COUNT FOUR
### (Alien Smuggling Conspiracy)

55.     In or about and between December 2004 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire: (a) to encourage and induce one or more aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to conceal, harbor, and shield from detection such alien or aliens in any place, including any building and

25

**40**

any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

(Title 8, United States Code, Section 1324(a)(1)(A)(v)(I); Title 18, United States Code, Section 3551 et seq.)

COUNT FIVE
(Interstate Prostitution Conspiracy)

56.     In or about and between December 2004 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to persuade, induce, entice and coerce one or more individuals to travel in interstate commerce to engage in prostitution, contrary to Title 18, United States Code, Section 2422(a).

57.     In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, committed and caused to be committed, among others, the following overt acts:

26

**41**

<u>OVERT ACTS</u>

a.      In or about and between September 2005 and October 2005, the defendant ODILON MARTINEZ-ROJAS directed Jane Doe #1 to travel to cities outside of Georgia, including Queens, New York, to engage in prostitution.

b.      In or about and between June 2006 and August 2006, the defendant JOSE RENDON-GARCIA transported, and arranged to transport, Jane Doe #2 from Georgia to Alabama to engage in prostitution at a location controlled by SEVERIANO MARTINEZ-ROJAS.

c.      In or about August 2007, the defendant FRANCISCO RENDON-REYES transported, and arranged to transport, Jane Doe #9 from Mexico to Queens, New York, to engage in prostitution.

d.      In or about January 2008, the defendant GUILLERMINA RENDON-REYES transported, and arranged to transport, Jane Doe #4 from Georgia to Queens, New York, to engage in prostitution.

e.      In or about and between April 2008 and May 2008, the defendant JOVAN RENDON-REYES directed Jane Doe #4 to travel from Queens, New York, to Georgia to engage in prostitution.

f.      In or about August 2008, the defendant FELIX ROJAS transported, and arranged to transport, Jane Doe #5 from Georgia to Queens, New York, to engage in prostitution.

27

**42**

g.      In or about February 2009, the defendant ODILON MARTINTEZ-ROJAS directed Jane Doe #1 to travel from Georgia to Alabama to engage in prostitution at a location controlled by SAUL RENDON-REYES.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SIX
(Conspiracy to Transport Minors)

58.      In or about and between March 2006 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to transport one or more individuals who had not attained the age of 18 years in interstate and foreign commerce, with intent that such individuals engage in prostitution, contrary to Title 18, United States Code, Section 2423(a).

(Title 18, United States Code, Sections 2423(e) and 3551 et seq.)

## COUNT SEVEN
(Sex Trafficking – Jane Doe #1 (2004 – 2006))

59.      In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did

28

**43**

knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT EIGHT
(Sex Trafficking – Jane Doe #1 (2008 – 2009))

60.     In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants SAUL RENDON-REYES, also known as "Satanico," ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

29

**44**

COUNT NINE
(Sex Trafficking of a Minor – Jane Doe #2)

61.    In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, and (2) Jane Doe #2 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

COUNT TEN
(Transportation of a Minor – Jane Doe #2)

62.    In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally transport an

30

**45**

individual who had not attained the age of 18 years, to wit: Jane Doe #2, in interstate and foreign commerce, with intent that Jane Doe #2 engage in prostitution.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

COUNT ELEVEN
(Alien Smuggling – Jane Doe #2)

63.     In or about and between March 2006 and July 2006, both dates being approximate and inclusive, within the District of Arizona, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 3551 et seq.)

COUNT TWELVE
(Sex Trafficking of a Minor – Jane Doe #4)

64.     In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #4, in and affecting interstate and foreign commerce, and did benefit,

31

**46**

financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #4 to engage in one or more commercial sex acts, and (2) Jane Doe #4 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Transportation of a Minor – Jane Doe #4)

65.     In or about and between June 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #4, in interstate and foreign commerce, with intent that Jane Doe #4 engage in prostitution.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

## COUNT FOURTEEN
(Alien Smuggling – Jane Doe #4)

66.     In or about and between June 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES and

32

**47**

ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #4, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 3551 et seq.)

## COUNT FIFTEEN
(Sex Trafficking – Jane Doe #5)

67.     In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

33

**48**

## COUNT SIXTEEN
### (Alien Smuggling – Jane Doe #5)

68.     In or about and between December 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants JOVAN RENDON-REYES, also known as "Jovani," FELIX ROJAS and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 3551 et seq.)

## COUNT SEVENTEEN
### (Sex Trafficking – Jane Doe #6)

69.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama, the defendants SAUL RENDON-REYES, also known as "Satanico," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #6, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that

34

**49**

force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Alien Smuggling – Jane Doe #6)

70.     In or about and between November 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 3551 et seq.)

## COUNT NINETEEN
(Sex Trafficking – Jane Doe #7)

71.     In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #7, in and affecting interstate and foreign commerce, and did

35

benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #7 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TWENTY
### (Alien Smuggling – Jane Doe #7)

72.     In or about and between April 2009 and June 2010, both dates being approximate and inclusive, within the District of Arizona, the defendants JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #7, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 3551 et seq.)

## COUNT TWENTY-ONE
### (Sex Trafficking – Jane Doe #8)

73.     In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did

36

knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #8, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #8 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Alien Smuggling – Jane Doe #8)

74. In or about and between April 2010 and November 2010, both dates being approximate and inclusive, within the District of Arizona, the defendant ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #8, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 3551 et seq.)

## COUNT TWENTY-THREE
(Obstruction of Justice)

75. In or about and between May 2013 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants ODILON

37

**52**

MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO

MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did

knowingly and intentionally obstruct, attempt to obstruct and in any way interfere with and

prevent the enforcement of Title 18, United States Code, Section 1591.

(Title 18, United States Code, Sections 1591(d), 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Interstate Prostitution – Jane Doe #9)

76.    In or about and between August 2007 and October 2013, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant FRANCISCO RENDON-REYES, also known as "Pancho," together with others,

did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane

Doe #9, to travel in interstate and foreign commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

## COUNT TWENTY-FIVE
(Alien Smuggling – Jane Doe #9)

77.    In or about August 2007, that date being approximate and inclusive,

within the District of Arizona, the defendant FRANCISCO RENDON-REYES, also known as

"Pancho," together with others, did knowingly and intentionally encourage and induce an

alien, to wit: Jane Doe #9, to come to, enter and reside in the United States, knowing and in

reckless disregard of the fact that such coming to, entry and residence was and would be in

violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II),

1324(a)(1)(B)(i) and 3551 et seq.).

38

**53**

## COUNT TWENTY-SIX
(Money Laundering Conspiracy)

78.     In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking and sex trafficking of one or more minors, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT TWENTY-SEVEN
(Distribution of Proceeds of a Prostitution Business)

79.    In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato," and "Arturo," together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS ONE AND TWO

80.    The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offenses to forfeit: (a) any interest acquired or maintained in

40

**55**

violation of such offenses; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of such offense; and (c) any property constituting, or derived from, any proceeds which the defendants obtained, directly and indirectly indirectly, from racketeering activity in violation of such offense.

81.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 1963(a) and 1963(m)).

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE, SEVEN, EIGHT, NINE, TWELVE,
FIFTEEN, SEVENTEEN, NINETEEN, TWENTY-ONE AND TWENTY-THREE

82.     The United States hereby gives notice to the defendants charged in Counts Three, Seven, Eight, Nine, Twelve, Fifteen, Seventeen, Nineteen, Twenty-One and

41

**56**

Twenty-Three that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), which requires any person convicted of such offenses to forfeit any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses, and any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly, as a result of such offenses.

83. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

42

**57**

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FOUR, ELEVEN, FOURTEEN, SIXTEEN,
EIGHTEEN, TWENTY, TWENTY-TWO AND TWENTY-FIVE

84.     The United States hereby gives notice to the defendants charged in Counts Four, Eleven, Fourteen, Sixteen, Eighteen, Twenty, Twenty-Two and Twenty-Five that, upon their conviction of any such offenses, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offenses; (b) any property real or personal: (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offenses, or (ii) that is used to facilitate, and/or is intended to be used to facilitate, the commission of such offenses; (c) the gross proceeds of such offenses; and/or (d) any property traceable to such conveyance or proceeds.

85.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be divided without difficulty;

43

**58**

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b); Title 18, United States Code, Section 982(a)(6); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FIVE, SIX, TEN, THIRTEEN AND TWENTY-FOUR

86.     The United States hereby gives notice to the defendants charged in Counts Five, Six, Ten, Thirteen and Twenty-Four that, upon their conviction of any such offenses, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 2428, which requires the forfeiture of any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses and any property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, as a result of such offenses.

87.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

44

(e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWENTY-SIX

88.      The United States hereby gives notice to the defendants charged in Count Twenty-Six that, upon their conviction of such offense, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property.

89.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)      cannot be located upon the exercise of due diligence;

(b)      has been transferred or sold to, or deposited with, a third party;

(c)      has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided without difficulty;

45

**60**

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWENTY-SEVEN

90.    The United States hereby gives notice to the defendants charged in Count Twenty-Seven, that, upon their conviction of such offense, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense.

91.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

> (a)    cannot be located upon the exercise of due diligence;
>
> (b)    has been transferred or sold to, or deposited with, a third party;
>
> (c)    has been placed beyond the jurisdiction of the court;
>
> (d)    has been substantially diminished in value; or
>
> (e)    has been commingled with other property which cannot be

divided without difficulty;

46

**61**

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Robert Heffernan*

FOREPERSON

*Kelly T. Currie*

KELLY T. CURRIE
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

47

**62**

F. #2012R01664
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

**JOVAN RENDON-REYES, *also known as* "Jovani," SAUL RENDON-REYES, *also known as* "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, *also known as* "Pancho," JOSE RENDON-GARCIA, *also known as* "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, *also known as* "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, *also known as* "Negro," "Gato" and "Arturo,"**

Defendants.

# INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i), 1324(b);
T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(a)(6), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1591(d), 1594(c), 1594(d), 1952(a)(1)(A), 1952(b)(1), 1956(h), 1962(c), 1962(d), 1963, 1963(a), 1963(m), 2422(a), 2423(a), 2423(e), 2428, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

Robert Heffernan

_____
*Foreperson*

*Filed in open court this* ___16 ᵀᴴ_____ *day,*

*of* ___July____ *A.D. 20* 15

_____
*Clerk*

*Taryn A. Merkl & Margaret E. Lee, Assistant U.S. Attorneys (718) 254-6064/(718) 254-6205*

**63**

**KORMAN, J.**

**INFORMATION SHEET**

**SCANLON, M.J.**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

1.  Title of Case: <u>United States v. Jovan Rendon-Reyes, et al.</u>

2.  Related Magistrate Docket Number(s): <u>N/A</u>

3.  Arrest Date: <u>N/A</u>

4.  Nature of offense(s):   ☒  Felony     **CR 15 - 348**
                           ☐  Misdemeanor

5.  Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local
    E.D.N.Y. Division of Business Rules): _____

6.  Projected Length of Trial:   Less than 6 weeks   ☒
                                 More than 6 weeks   ☐

7.  County in which crime was allegedly committed: <u>Queens County</u>
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Was any aspect of the investigation, inquiry and prosecution giving rise to the case
    pending or initiated before March 10, 2012.[1]          ☒ Yes  ☐ No

9.  Has this indictment/information been ordered sealed?     ☒ Yes  ☐ No

10. Have arrest warrants been ordered?                       ☒ Yes  ☐ No

11. Is there a capital count included in the indictment?     ☐ Yes  ☒ No

                                          KELLY T. CURRIE
                                          ACTING UNITED STATES
                                          ATTORNEY

                                    By:   _____
                                          Taryn A. Merkl
                                          Margaret Lee
                                          Assistant U.S. Attorneys
                                          (718) 254-6064/6205

---

[1]   Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12

**64**

**KORMAN, J.**

**SCANLON, M.J.**

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CR 15-348**

1.  Title of Case: United States v. Jovan Rendon-Reyes, et al.

2.  Related Magistrate Docket Number(s): N/A

3.  Arrest Date: __N/A__

4.  Nature of offense(s):   ☒  Felony
                             ☐  Misdemeanor

5.  Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local E.D.N.Y. Division of Business Rules):

6.  Projected Length of Trial:   Less than 6 weeks   ☒
                                  More than 6 weeks   ☐

7.  County in which crime was allegedly committed: Queens County
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Was any aspect of the investigation, inquiry and prosecution giving rise to the case pending or initiated before March 10, 2012.[1]   ☒ Yes  ☐ No

9.  Has this indictment/information been ordered sealed?   ☒ Yes  ☐ No

10. Have arrest warrants been ordered?   ☒ Yes  ☐ No

11. Is there a capital count included in the indictment?   ☐ Yes  ☒ No

KELLY T. CURRIE
ACTING UNITED STATES
ATTORNEY

By: _____
Taryn A. Merkl
Margaret Lee
Assistant U.S. Attorneys
(718) 254-6064/6205

---

[1]   Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12

**65**

TM:ML/BH
F.#2012R01664

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOVAN RENDON-REYES,
    also known as "Jovani,"
SAUL RENDON-REYES,
    also known as "Satanico,"
GUILLERMINA RENDON-REYES,
FRANCISCO RENDON-REYES,
    also known as "Pancho,"
JOSE RENDON-GARCIA,
    also known as "Gusano,"
FELIX ROJAS,
ODILON MARTINEZ-ROJAS,
    also known as "Chino" and "Saul," and
SEVERIANO MARTINEZ-ROJAS,
    also known as "Negro," "Gato" and
    "Arturo,"

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ DEC 16 2015 ★
BROOKLYN OFFICE

SUPERSEDING
INDICTMENT

Cr. No. 15-348 (S-1) (ERK)
(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv),
1324(a)(1)(A)(v)(I),
1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i),
1324(a)(1)(B)(ii), 1324(b); T. 18, U.S.C.,
§§ 371, 981(a)(1)(C), 982(a)(1),
982(a)(6), 1591(a)(1), 1591(a)(2),
1591(b)(1), 1591(b)(2), 1591(d), 1594(c),
1594(d), 1952(a)(1)(A), 1952(b)(1),
1956(h), 1962(c), 1962(d), 1963, 1963(a),
1963(m), 2422(a), 2423(a), 2423(e),
2428, 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

At all times relevant to this Indictment, unless otherwise indicated:

<u>The Enterprise</u>

1.      The defendants JOVAN RENDON-REYES, also known as "Jovani,"

SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES,

1

**66**

FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," were members and associates of the "Rendon-Reyes Trafficking Organization," a criminal organization that operated in Queens, New York; Atlanta, Georgia; and Jemison, Alabama, among other locations.   Members and associates of the Rendon-Reyes Trafficking Organization engaged in various forms of criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring and money laundering.

2.   The Rendon-Reyes Trafficking Organization, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.   The Rendon-Reyes Trafficking Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.   The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>The Purposes of the Enterprise</u>

3.   The purposes of the enterprise included the following:

a.   Enriching the members and associates of the enterprise through criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring and money laundering.

b.   Promoting and enhancing the enterprise and the activities of its members and associates.

2

**67**

c. Preserving and protecting the enterprise through the use of intimidation, threats of violence and acts of violence, including assaults and beatings to keep victims in fear.

d. Concealing the enterprise and the activities of its members and associates from law enforcement through criminal activity, including but not limited to money laundering, witness tampering and attempted witness tampering of individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

<u>Means and Methods of the Enterprise</u>

4. Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a. Members and associates of the enterprise used force, threats of force, fraud and coercion to cause young women and minor girls from Mexico and Latin America to engage in prostitution in the United States.

b. Members and associates of the enterprise arranged to smuggle young women and minor girls into the United States, transport them to Queens, New York; Atlanta, Georgia; Jemison, Alabama, and elsewhere, and harbor them at various locations.

c. Members and associates of the enterprise operated brothels and arranged to transport, and did transport, young women and girls to prostitute at such brothels and other locations, in various states, including but not limited to New York, Connecticut, Georgia, Alabama, Louisiana and Mississippi.

3

d.      Members and associates of the enterprise engaged in conduct designed to prevent detection of their identities, their illegal activities and the location of proceeds of those activities.   Those activities included money laundering, witness tampering and attempted witness tampering of individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

COUNT ONE<br>(Racketeering)

5.      The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

6.      In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York, the Northern District of Georgia, the Middle District of Alabama, the District of Arizona, the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, being persons employed by and associated with the Rendon-Reyes Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Rendon-Reyes Trafficking Organization through a pattern of

4

**69**

racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

RACKETEERING ACT ONE
(Alien Smuggling Conspiracy)

7.      In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire: (a) to encourage and induce one or more aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered, and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered, and remained in the United States in violation of law, to conceal, harbor, and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States

5

**70**

Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

RACKETEERING ACT TWO
(Conspiracy to Transport Minors)

8.      In or about and between March 2006 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire to transport one or more individuals who had not attained the age of 18 years in interstate and foreign commerce, with intent that such individuals engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).

RACKETEERING ACT THREE
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #1)

9.      The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Three:

A.      Sex Trafficking (2004 to 2006)

10.     In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce,

6

**71**

and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.      Sex Trafficking (2008 to 2009)

11.     In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants SAUL RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

C.      Interstate Prostitution (2004 to 2006)

12.     In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign

7

**72**

commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

     D.     Interstate Prostitution (2008 to 2009)

13.     In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants SAUL RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

     E.     Alien Smuggling

14.     In or about and between December 2004 and February 2005, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #1, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

8

RACKETEERING ACT FOUR
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #2)

15.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Four:

A.     Sex Trafficking

16.     In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES and FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

17.     In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, SAUL RENDON-REYES, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #2, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

9

**74**

C.      Alien Smuggling

18.     In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES and FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT FIVE
(Sex Trafficking of a Minor/Transportation of a Minor/Interstate Prostitution/
Alien Smuggling – Jane Doe #3)

19.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Five:

A.      Sex Trafficking of a Minor

20.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force,

10

**75**

fraud and coercion would be used to cause Jane Doe #3 to engage in one or more commercial sex acts, and (2) Jane Doe #3 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.      Transportation of a Minor

21.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #3, in interstate and foreign commerce, with intent that Jane Doe #3 engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2.

C.      Interstate Prostitution

22.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #3, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

11

**76**

D.     Alien Smuggling

23.     In or about and between March 2006 and July 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #3, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT SIX
(Sex Trafficking/Alien Smuggling – Jane Doe #4)

24.     The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Six:

A.     Sex Trafficking

25.     In or about and between March 2007 and May 2008, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud

12

**77**

and coercion would be used to cause Jane Doe #4 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.    Alien Smuggling

26.    In or about and between March 2007 and November 2007, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #4, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT SEVEN
(Sex Trafficking of a Minor/Transportation of a Minor/Interstate Prostitution/
Alien Smuggling – Jane Doe #5)

27.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Seven:

A.    Sex Trafficking of a Minor

28.    In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, an individual whose identity is known to the Grand

13

Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, and (2) Jane Doe #5 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.    Transportation of a Minor

29.    In or about and between June 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #5, in interstate and foreign commerce, with intent that Jane Doe #5 engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2.

C.    Interstate Prostitution

30.    In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #5, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

14

**79**

D.    Alien Smuggling

31.    In or about and between June 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT EIGHT
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #6)

32.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Eight:

A.    Sex Trafficking

33.    In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #6, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts,

15

**80**

knowing that force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

    B.    <u>Interstate Prostitution</u>

    34.    In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, JOSE RENDON-GARCIA, FRANCISCO RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #6, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

    C.    <u>Alien Smuggling</u>

    35.    In or about and between December 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

16

RACKETEERING ACT NINE
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #7)

36.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Nine:

A.     Sex Trafficking

37.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama and elsewhere, the defendants SAUL RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #7, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #7 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

38.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama and elsewhere, the defendants SAUL RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #7, to travel in interstate

17

**82**

and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.    Alien Smuggling

39.    In or about and between November 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #7, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT TEN
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #8)

40.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Ten:

A.    Sex Trafficking

41.    In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #8, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving

18

**83**

anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #8 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

### B.   Interstate Prostitution

42.   In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #8, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

### C.   Alien Smuggling

43.   In or about and between April 2009 and June 2010, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #8, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

19

**84**

RACKETEERING ACT ELEVEN
(Sex Trafficking/Interstate Prostitution/Alien Smuggling/
Obstruction of Justice – Jane Doe #9)

44.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Eleven:

A.     Sex Trafficking

45.     In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #9, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #9 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

46.     In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #9, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

20

**85**

C.     Alien Smuggling

47.     In or about and between April 2010 and November 2010, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #9, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

D.     Obstruction of Justice

48.     In or about and between May 2013 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally obstruct, attempt to obstruct and in any way interfere with and prevent the enforcement of Title 18, United States Code, Section 1591, in violation of Title 18, United States Code, Sections 1591(d) and 2.

RACKETEERING ACT TWELVE
(Interstate Prostitution/Alien Smuggling – Jane Doe #10)

49.     The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Twelve:

21

**86**

A.      Interstate Prostitution

50.      In or about and between August 2007 and October 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #10, an individual whose identity is known to the Grand Jury, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

B.      Alien Smuggling

51.      In or about and between August 2007 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #10, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT THIRTEEN
(Money Laundering Conspiracy/Distribution of Proceeds of a Prostitution Business)

52.      The defendants named below committed the following acts, either of which alone constitutes Racketeering Act Thirteen:

22

**87**

A.    Money Laundering Conspiracy

53.    In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking and sex trafficking of one or more minors, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, in violation of Title 18, United States Code, Section 1956(h).

B.    Distribution of Proceeds of a Prostitution Business

54.    In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON

23

**88**

MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity, in violation of Title 18 United States Code, Sections 1952(a)(1)(A), 1952(b)(1) and 2.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Racketeering Conspiracy)

55.     The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

56.     In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York, the Northern District of Georgia, the Middle District of Alabama, the District of Arizona, the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others,

24

**89**

being persons employed by and associated with the Rendon-Reyes Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

57.     The pattern of racketeering activity through which the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, agreed to conduct the affairs of the enterprise consisted of the acts set forth in paragraphs 7 through 54 of Count One of this Indictment, as Racketeering Acts One through Thirteen, which are realleged and incorporated as if fully set forth herein.   Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

## COUNT THREE
(Sex Trafficking Conspiracy)

58.     In or about and between January 2009 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as

25

**90**

"Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that (1) means of force, threats of force, fraud, coercion and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, and (2) such persons had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by force, fraud, coercion and a combination such means, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT FOUR
(Alien Smuggling Conspiracy)

59.     In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire: (a) to encourage and

26

**91**

induce one or more aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to conceal, harbor, and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

(Title 8, United States Code, Section 1324(a)(1)(A)(v)(I); Title 18, United States Code, Section 3551 et seq.)

COUNT FIVE
(Interstate Prostitution Conspiracy)

60.    In or about and between December 2004 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as

27

"Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to persuade, induce, entice and coerce one or more individuals to travel in interstate and foreign commerce to engage in prostitution, contrary to Title 18, United States Code, Section 2422(a).

61.     In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, committed and caused to be committed, among others, the following overt acts:

## OVERT ACTS

a.     In or about and between September 2005 and October 2005, the defendant ODILON MARTINEZ-ROJAS directed Jane Doe #1 to travel to cities outside of Georgia, including Queens, New York, to engage in prostitution.

b.     In or about and between January 2006 and April 2006, the defendant SAUL RENDON-REYES, together with others, transported, and arranged to transport, Jane Doe #2 from Mexico to Queens, New York, to engage in prostitution.

c.     In or about and between June 2006 and August 2006, the defendant JOSE RENDON-GARCIA transported, and arranged to transport, Jane Doe #3 from Georgia to Alabama to engage in prostitution at a location controlled by SEVERIANO MARTINEZ-ROJAS.

28

**93**

d.      In or about August 2007, the defendant FRANCISCO RENDON-REYES transported, and arranged to transport, Jane Doe #10 from Mexico to Queens, New York, to engage in prostitution.

e.      In or about January 2008, the defendant GUILLERMINA RENDON-REYES transported, and arranged to transport, Jane Doe #5 from Georgia to Queens, New York, to engage in prostitution.

f.      In or about and between April 2008 and May 2008, the defendant JOVAN RENDON-REYES directed Jane Doe #5 to travel from Queens, New York, to Georgia to engage in prostitution.

g.      In or about August 2008, the defendant FELIX ROJAS transported, and arranged to transport, Jane Doe #6 from Georgia to Queens, New York, to engage in prostitution.

h.      In or about February 2009, the defendant ODILON MARTINEZ-ROJAS directed Jane Doe #1 to travel from Georgia to Alabama to engage in prostitution at a location controlled by SAUL RENDON-REYES.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SIX
### (Conspiracy to Transport Minors)

62.     In or about and between March 2006 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS,

29

**94**

ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to transport one or more individuals who had not attained the age of 18 years in interstate and foreign commerce, with intent that such individuals engage in prostitution, contrary to Title 18, United States Code, Section 2423(a).

(Title 18, United States Code, Sections 2423(e) and 3551 et seq.)

COUNT SEVEN
(Sex Trafficking – Jane Doe #1 (2004 – 2006))

63.    In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

30

**95**

COUNT EIGHT
(Sex Trafficking – Jane Doe #1 (2008 – 2009))

64.    In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants SAUL RENDON-REYES, also known as "Satanico," ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT NINE
(Sex Trafficking – Jane Doe #2)

65.    In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SAUL RENDON-REYES, also known as "Satanico," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe

31

**96**

#2 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TEN
### (Alien Smuggling -- Jane Doe #2)

66.     In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES, also known as "Satanico," and FRANCISCO RENDON-REYES, also known as "Pancho," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
### (Sex Trafficking of a Minor -- Jane Doe #3)

67.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice,

32

**97**

harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #3, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #3 to engage in one or more commercial sex acts, and (2) Jane Doe #3 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

## COUNT TWELVE
(Transportation of a Minor – Jane Doe #3)

68.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #3, in interstate and foreign commerce, with intent that Jane Doe #3 engage in prostitution.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Alien Smuggling – Jane Doe #3)

69.     In or about and between March 2006 and July 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

33

**98**

defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #3, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOURTEEN
(Sex Trafficking of a Minor – Jane Doe #5)

70.     In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, and (2) Jane Doe #5 had not attained the age of 18

34

**99**

years and would be caused to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

### COUNT FIFTEEN
(Transportation of a Minor – Jane Doe #5)

71.   In or about and between June 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #5, in interstate and foreign commerce, with intent that Jane Doe #5 engage in prostitution.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

### COUNT SIXTEEN
(Alien Smuggling – Jane Doe #5)

72.   In or about and between June 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter and reside in the United States, knowing and in reckless

35

disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT SEVENTEEN
(Sex Trafficking – Jane Doe #6)

73.    In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #6, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

36

**101**

## COUNT EIGHTEEN
### (Alien Smuggling – Jane Doe #6)

74.     In or about and between December 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants JOVAN RENDON-REYES, also known as "Jovani," FELIX ROJAS and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINETEEN
### (Sex Trafficking – Jane Doe #7)

75.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama, the defendants SAUL RENDON-REYES, also known as "Satanico," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #7, in and affecting

37

**102**

interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #7 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TWENTY
### (Alien Smuggling – Jane Doe #7)

76.     In or about and between November 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #7, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-ONE
### (Sex Trafficking – Jane Doe #8)

77.     In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants JOSE

38

**103**

RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #8, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #8 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT TWENTY-TWO
(Alien Smuggling – Jane Doe #8)

78.    In or about and between April 2009 and June 2010, both dates being approximate and inclusive, within the District of Arizona, the defendants JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #8, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

39

**104**

COUNT TWENTY-THREE
(Sex Trafficking – Jane Doe #9)

79.    In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #9, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #9 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT TWENTY-FOUR
(Alien Smuggling – Jane Doe #9)

80.    In or about and between April 2010 and November 2010, both dates being approximate and inclusive, within the District of Arizona, the defendant ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #9, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to,

40

**105**

entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-FIVE
(Obstruction of Justice)

81.     In or about and between May 2013 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally obstruct, attempt to obstruct and in any way interfere with and prevent the enforcement of Title 18, United States Code, Section 1591.

(Title 18, United States Code, Sections 1591(d), 2 and 3551 et seq.)

## COUNT TWENTY-SIX
(Interstate Prostitution – Jane Doe #10)

82.     In or about and between August 2007 and October 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, also known as "Pancho," together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #10, to travel in interstate and foreign commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

41

**106**

## COUNT TWENTY-SEVEN
(Alien Smuggling – Jane Doe #10)

83.     In or about and between August 2007 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, also known as "Pancho," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #10, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-EIGHT
(Money Laundering Conspiracy)

84.     In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking

42

**107**

and sex trafficking of one or more minors, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWENTY-NINE
(Distribution of Proceeds of a Prostitution Business)

85.     In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato," and "Arturo," together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally

43

**108**

perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE AND TWO

86.     The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offenses to forfeit: (a) any interest acquired or maintained in violation of such offenses; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of such offense; and (c) any property constituting, or derived from, any proceeds which the defendants obtained, directly and indirectly indirectly, from racketeering activity in violation of such offense.

87.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

44

**109**

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE, SEVEN, EIGHT, NINE, ELEVEN, FOURTEEN, SEVENTEEN, NINETEEN, TWENTY-ONE, TWENTY-THREE AND TWENTY-FIVE

88. The United States hereby gives notice to the defendants charged in Counts Three, Seven, Eight, Nine, Eleven, Fourteen, Seventeen, Nineteen, Twenty-One, Twenty-Three and Twenty-Five that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), which requires any person convicted of such offenses to forfeit any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses, and any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly, as a result of such offenses.

89. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

45

**110**

(e)      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FOUR, TEN, THIRTEEN, SIXTEEN, EIGHTEEN,
TWENTY, TWENTY-TWO, TWENTY-FOUR AND TWENTY-SEVEN

90.      The United States hereby gives notice to the defendants charged in Counts Four, Ten, Thirteen, Sixteen, Eighteen, Twenty, Twenty-Two, Twenty-Four and Twenty-Seven that, upon their conviction of any such offenses, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offenses; (b) any property real or personal: (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offenses, or (ii) that is used to facilitate, and/or is intended to be used to facilitate, the commission of such offenses; (c) the gross proceeds of such offenses; and/or (d) any property traceable to such conveyance or proceeds.

91.      If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

46

**111**

    (a)     cannot be located upon the exercise of due diligence;

    (b)     has been transferred or sold to, or deposited with, a third party;

    (c)     has been placed beyond the jurisdiction of the court;

    (d)     has been substantially diminished in value; or

    (e)     has been commingled with other property that cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

    (Title 8, United States Code, Section 1324(b); Title 18, United States Code,

Section 982(a)(6); Title 21, United States Code, Section 853(p); Title 28, United States Code,

Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FIVE, SIX, TWELVE, FIFTEEN AND TWENTY-SIX

92.    The United States hereby gives notice to the defendants charged in

Counts Five, Six, Twelve, Fifteen and Twenty-Six that, upon their conviction of any such

offenses, the United States will seek forfeiture in accordance with Title 18, United States

Code, Section 2428, which requires the forfeiture of any property, real or personal, that was

used or intended to be used to commit or to facilitate the commission of such offenses and any

property, real or personal, constituting or derived from proceeds obtained, directly or

indirectly, as a result of such offenses.

47

**112**

93.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TWENTY-EIGHT

94.    The United States hereby gives notice to the defendants charged in Count Twenty-Eight that, upon their conviction of such offense, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property.

95.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

48

**113**

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code,

Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT TWENTY-NINE

96.    The United States hereby gives notice to the defendants charged in

Count Twenty-Nine, that, upon their conviction of such offense, the United States will seek

forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c), which require any person convicted of such offense to

forfeit any property, real or personal, constituting or derived from proceeds traceable to such

offense.

97.    If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

(a)    cannot be located upon the exercise of due diligence;

49

**114**

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Robert Heffernan*

FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

50

**115**

F. #2012R01664
FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

*JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo,"*

Defendants.

## SUPERSEDING INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i), 1324(b);
T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(a)(6), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1591(d), 1594(c), 1594(d), 1952(a)(1)(A), 1952(b)(1), 1956(h), 1962(c), 1962(d), 1963, 1963(a), 1963(m), 2422(a), 2423(a), 2423(e), 2428, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

Robert Hefferman

_____
*Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _

_____
*Clerk*

*Taryn A. Merkl & Margaret E. Lee, Assistant U.S. Attorneys (718) 254-6064/(718) 254-6205*

**116**

**FILED
CLERK**

## INFORMATION SHEET

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Ꝛ015 DEC 16  PM 3: 25

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

1.  Title of Case: <u>United States v. Jovan Rendon-Reyes, et al. (Superseding Indictment)</u>

2.  Related Magistrate Docket Number(s): <u>N/A</u>

3.  Arrest Date: <u>N/A</u>

*15-CR-348 (S-1)(ERK)*

4.  Nature of offense(s):  ☒ Felony
                          ☐ Misdemeanor

5.  Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local E.D.N.Y. Division of Business Rules):

6.  Projected Length of Trial:   Less than 6 weeks   ☒
                                 More than 6 weeks   ☐

7.  County in which crime was allegedly committed: <u>Queens County</u>
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Was any aspect of the investigation, inquiry and prosecution giving rise to the case pending or initiated before March 10, 2012.[1]   ☒ Yes  ☐ No

9.  Has this indictment/information been ordered sealed?   ☐ Yes  ☒ No

10. Have arrest warrants been ordered?   ☐ Yes  ☒ No

11. Is there a capital count included in the indictment?   ☐ Yes  ☒ No

ROBERT L. CAPERS
UNITED STATES ATTORNEY

By: _____
Taryn A. Merkl
Margaret Lee
Assistant U.S. Attorneys
(718) 254-6064/6205

---

[1]   Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12

**117**

```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF NEW YORK

------------------------------X Docket#
UNITED STATES OF AMERICA,      : 15-cr-00348-ERK-6
                               :
    - versus -                 : U.S. Courthouse
                               : Brooklyn, New York
RENDON-REYES, et al.,          :
            Defendants         : April 18, 2017
------------------------------X
```

        TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
         BEFORE THE HONORABLE VERA M. SCANLON
           UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S:**

**For the Government**:        **Bridge M. Rohde, Esq.**
                               United States Attorney

                          BY:  **Margaret Lee, Esq.**
                               **Taryn Merkl, Esq.**
                               Assistant U.S. Attorney
                               271 Cadman Plaza East
                               Brooklyn, New York  11201

**For Defendants**:
**Felix Rojas**:               **Donna R. Newman, Esq.**
                               Law Office of
                               Donna R. Newman
                               20 Vesey Street, Suite 400
                               New York, NY 10007

**Severiano Martinez-Rojas**:  **John S. Wallenstein, Esq.**
                               1100 Franklin Avenue
                               Suite 100
                               Garden City, NY 11530

**Transcription Service**:     **Transcriptions Plus II, Inc.**
                               61 Beatrice Ave.
                               West Islip, New York 11795
                               laferrara44@gmail.com

Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

**118**

2

Proceedings

THE CLERK:  Criminal Cause for a Change of Plea Hearing, case number 15-cr-348, United States v. Severiano Martinez-Rojas and Felix Rojas.

Spanish Interpreter, Rosa Olivera, previously sworn, present.

(INTERPRETER PREVIOUSLY SWORN)

THE CLERK:  Counsel, can you please state your name for the record.

MS. MERKL:  Taryn Merkl and Maggie Lee for the United States.

Good afternoon, your Honor.

THE COURT:  Good afternoon.

MS. NEWMAN:  Donna R. Newman on behalf of Mr. Rojas.

THE COURT:  Is the mic working?

MS. NEWMAN:  Sorry.

THE COURT:  Yeah, there you go.

MS. NEWMAN:  Is that better?  Okay.

THE COURT:  Much better, thanks.

MS. NEWMAN:  Let me say that again, so that it's clear.

Donna R. Newman on behalf of Felix Rojas, who is seated next to me, your Honor.

THE COURT:  Okay.  Good afternoon.

**119**

Proceedings

MR. WALLENSTEIN: And John Wallenstein for Severiano Martinez-Rojas, who is to my right, Judge.

THE COURT: All right. Good afternoon.

And the Spanish Interpreters -- Spanish Interpreter, sorry.

THE INTERPRETER: There are two of us.

THE COURT: There are two of you. So how are we -- all right.

THE INTERPRETER: Rosa Olivera.

THE INTERPRETER: I'm James Santoria (ph.).

THE COURT: All right. Good afternoon.

THE INTERPRETER: Good afternoon.

THE COURT: Logistically, is this going to work? Each of the -- everybody needs to be able to speak into a microphone, so I don't know if it -- will it be you, Ms. Newman and the -- are you alternating or how are you doing it?

THE INTERPRETER: Yes, ma'am, we're alternating.

THE COURT: All right. Well, let's try it but just if you're close to a microphone, that would be helpful.

So for each defendant, I have the consent to have a plea taken before me, for each of them, I have a plea agreement that have been marked, Mr. Felix Rojas'

Transcriptions Plus II, Inc.

**120**

4

Proceedings

plea agreement as Government's Exhibit 4 and Mr. Martinez-Rojas' plea agreement as Government's Exhibit 5.

I have a copy of the indictment. It's the superseding indictment in this case in the Eastern District, as well as a copy of the first superseding indictment which was filed in the Northern District of Georgia in a case called United States of America v. Arturo Rojas-Coyoto (ph.).

I also have from the United States, a description of the statement of the statutes and essential elements of the statutes that apply in this case. All right. So does everybody have a copy of those documents as you need it for your respective client?

MR. WALLENSTEIN: Judge, do you have a copy of the Rule 20 transfer? Did I miss that?

MS. MERKL: She does not but I can provide a copy.

THE COURT: Okay. Thanks. All right. And for Mr. Martinez-Rojas, I have this consent to transfer case for plea and sentence. All right. So we'll go over that in a minute.

Is there any other paper that I should have? For the government, anything else?

MS. MERKL: No, your Honor.

THE COURT: And for any of the defendants?

5

Proceedings

MS. NEWMAN:  No, your Honor.

MR. WALLENSTEIN:  No, your Honor.

THE COURT:  All right.  So for the government, are there any victims of the offense and if so, has the government fulfilled its obligations to notify them of today's hearing and the right to attend the hearing?

MS. MERKL:  There are victims of this case, your Honor, and yes our victim specialists have notified the victims.

THE COURT:  And do you know if they have any intent to come here today?

MS. MERKL:  It is our understanding that they do not.

THE COURT:  Okay.  Do you have any knowledge if they're going to participate in these proceedings as they go forward?

MS. MERKL:  My understanding, your Honor, is that some of the victims intend to participate at the time of sentence.

THE COURT:  Okay.

THE INTERPRETER:  The interpreter requests that the government attorney speaks up because the interpreter cannot hear.

THE COURT:  Okay.  So why don't you move the microphone closer to you.  Is the other one not working?

6
Proceedings

THE CLERK:  They both work.

THE COURT:  All right.  So you could each have your own.

MS. MERKL:  It's the government's understanding that the victims intend to participate at the time of sentence.

THE COURT:  All right.  So for each of the defendants, I am going to ask my deputy, Ms. Quinlan, to administer an oath to you.

S E V E R I A N O   M A R T I N E Z - R O J A S ,
    called as a witness, having been first duly sworn,
    was examined and testified as follows:

F E L I X   R O J A S ,
    called as a witness, having been first duly sworn,
    was examined and testified as follows:

THE COURT:  All right.  So I will explain in a little more detail as we go along but just so each of the defendants knows, much of the information that I am going to give you here today is the same for each of your respective cases and many of the questions that I am going to ask you are the same.

So at times I'll ask a question and ask each of you to answer in turn.  There will be times where the question I am asking you or the information I am giving you is specific to your respective case.  So if at any

7

Proceedings

time what I am saying is confusing and you need clarification, you can speak with your lawyer or you can ask me directly and I'll clarify what I have said.

All right.  So as you may know, this case has been assigned to a district judge in this court, that's Judge Korman.  Judge Korman is the judge who will make the ultimate decision as to whether to accept your guilty plea and if he does, to sentence you.

So you have the absolute right to have the district judge, Judge Korman, listen to your plea without any prejudice to you.

Do you understand?  So let's start first, Mr. Felix Rojas.

DEFENDANT F. ROJAS:  Yes.

THE COURT:  And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  As you heard me earlier, I asked you and everyone else to use the microphones as you're giving me the answer.  The reason we're doing that is because we're making a recording of today's proceeding.  A transcript of the proceeding will be prepared by a court reporter and provided to the district judge, Judge Korman.

Judge Korman will review the transcript of today's proceeding in connection with deciding whether to

8

Proceedings

accept your plea and if he does, with your sentence.  I know I asked everyone to use the microphone.  For most of you -- actually, the person we need the response on the microphone for is the translator's English translation of your answer.  So I am going to ask her to use the microphone when she is providing information to me.

All right.  So as I said, Judge Korman will read the transcript of today's proceeding and in connection with deciding whether to accept your plea and if he does, with your sentence.

So do you understand that?  First, Mr. Felix Rojas?  Do you understand?

DEFENDANT F. ROJAS:  Yes, ma'am.

THE COURT:  And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  As for each of you, do you wish to give up your right to have the district judge listen to your plea and instead proceed here before me here today?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  That was from Mr. F. Rojas and then Mr. Martinez-Rojas.

In connection with your exercise of that right, I have a form here that indicates that you've consented

Transcriptions Plus II, Inc.

**125**

9

Proceedings

to me, a magistrate judge, to hear your plea.  So I am holding up the copy of the form for Mr. Felix Rojas.  For each of you, was this form translated for you from English to Spanish?

DEFENDANT F. ROJAS:  Yes, your Honor.

THE COURT:  All right.

DEFENDANT MARTINEZ-ROJAS:  Yes, your Honor.

THE COURT:  So I am not sure I made it clear. Each of the defendants, you actually don't need to use the microphones when you're answering in Spanish.  It's the interpreter who needs to be able to be closer to the microphone.

All right.  So for each of you, do you understand what this form says?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  And then Mr. Martinez-Rojas, do you understand?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Did you review this form with your attorney?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  And are each of you in agreement with what it says on your respective forms?  So first Mr. Rojas?

Transcriptions Plus II, Inc.

**126**

10

Proceedings

DEFENDANT F. ROJAS:  Yes, yes.

THE COURT:  And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  So I am holding up the copy that's Mr. Felix Rojas' form and pointing to the first signature on the page.

Is that your signature, Mr. Rojas?  Can you see it?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  All right.  Ms. Newman below that, is that your signature?

MS. NEWMAN:  Yes, it is.

THE COURT:  For the government, is that Ms. Lee or Ms. Merkl, I am not sure.

MS. MERKL:  It's my signature, your Honor.

THE COURT:  All right.  And then for Mr. Martinez-Rojas, pointing to this signature here on the page, is that your signature?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And then Mr. Wallenstein, is that your signature below?

DEFENDANT MARTINEZ-ROJAS:  It is, your Honor.

THE COURT:  And then, Ms. Merkl, below that, is that your signature?

MS. MERKL:  It is.  Thank you very much, your

Transcriptions Plus II, Inc.

**127**

11
Proceedings

Honor.

THE COURT: All right. For each of the defendants, did you give your consent to proceed here before me today voluntarily and of your own free will? Mr. Rojas?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes, yes.

THE COURT: All right. So that was answer from each defendant.

And has anyone made any threats or promises to you to get you to proceed before me here today?

DEFENDANT F. ROJAS: No.

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: All right. Each of the defendants said no.

All right. Additionally, for Mr. Martinez-Rojas, there's an additional form with regard to this case and this is the form that says you consent to transfer of the case, United States of America v. Severiano Martinez-Rojas for a plea and sentence. This is the case that was in the Northern District or is in the Northern District of Georgia in the Atlanta Division.

So I am holding up my copy of the form. Have you seen this form?

DEFENDANT MARTINEZ-ROJAS: Yes.

12
Proceedings

THE COURT: And was it translated for you from English to Spanish?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And do you understand this form?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And did you have a sufficient opportunity to review it with your attorney?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. I am going to point to the first signature. Is that your signature?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Then Mr. Wallenstein, the third signature, is that yours?

MR. WALLENSTEIN: It is, your Honor, and the second signature on the witness line is that of Jose Carlos Venato (ph.), who is a certified court interpreter. He translated this document to Mr. Martinez-Rojas at MDC and he signed it at that time and we reviewed it together.

THE COURT: Okay. All right. There's a signature for the Assistant United States Attorney from Georgia and then I am going to hold this up for the government. So is that Ms. Rhode, the Acting U.S. Attorney's signature?

MS. MERKL: It is, your Honor.

Transcriptions Plus II, Inc.

**129**

13

Proceedings

THE COURT:  Okay.  All right.  So we're going to proceed with this case with regard to the plea and sentence here in this Court.

So for each of the defendants, as we go along today, I am going to ask you a number of questions in order to assure myself and in turn, the district judge, that your plea is in fact a valid plea.

So as I said earlier, if you don't understand any of my questions, you can ask your attorney or you can let me know directly and I will try to clarify what I have said.

So for each of the defendants, do you understand that you have the right to be represented by an attorney at trial and at every other stage of the criminal proceedings including this one?

Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And each of you, do you understand that if you cannot afford an attorney, the Court would appoint an attorney for you?

Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  And Mr. Martinez-Rojas?

14
Proceedings

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Ms. Newman, are you appointed counsel?

MS. NEWMAN: Yes, I am.

THE COURT: And Mr. Wallenstein, are you appointed counsel?

MR. WALLENSTEIN: Yes, ma'am, I am.

THE COURT: All right. For each of the defendants, if at any time you would like to speak with your respective attorney -- so, Mr. Rojas, it's Ms. Newman or Mr. Martinez-Rojas, Mr. Wallenstein, please let me know and I will let you do so.

Do you understand?

DEFENDANT F. ROJAS: Yes. Yes.

THE COURT: And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. I am going to remind you that earlier in today's proceeding, Ms. Quinlan administered an oath to you. And in that oath you swore to tell the truth. So that means that if you answer any of my questions falsely, those answers may later be used against you in a separate prosecution by the U.S. government for the crimes of perjury or of making a false statement.

Do you understand that? Mr. Rojas?

Proceedings

DEFENDANT F. ROJAS:  Yes.

THE COURT:  And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  So now we're at a stage where I'm going to ask you some background information. What I am going to do is go through the questions first with Mr. Felix Rojas and  then I am going to ask Mr. Martinez-Rojas the same questions.

So, Mr. Felix Rojas, for the record, what is your full name?

DEFENDANT F. ROJAS:  Felix Rojas.

THE COURT:  And how old are you?

DEFENDANT F. ROJAS:  47.

THE COURT:  And what's the highest level of education that you have achieved?

DEFENDANT F. ROJAS:  Secondary school.

THE COURT:  All right.  Is that high school?

DEFENDANT F. ROJAS: Yes.

THE COURT:  And how old were you when you finished school?

DEFENDANT F. ROJAS:  Fifteen.

THE COURT:  And where did you finish school?

DEFENDANT F. ROJAS:  In San Miguel Tenancingo Tlaxcala, Mexico.

THE COURT:  Okay.  And what was the name of the

16
Proceedings

school?

DEFENDANT F. ROJAS: Benito Juarez.

THE COURT: All right. And since you were fifteen, have you had any formal education?

DEFENDANT F. ROJAS: No.

THE COURT: All right. Are you presently or have you recently been under the care of a doctor?

DEFENDANT F. ROJAS: No.

THE COURT: Are you presently or have you recently been under the care of any mental health professional such as a psychologist, psychiatrist, social worker?

DEFENDANT F. ROJAS: No.

THE COURT: Have you ever been hospitalized or treated for any mental illness?

DEFENDANT F. ROJAS: None.

THE COURT: Have you ever been hospitalized or treated for any addiction to drugs or alcohol?

DEFENDANT F. ROJAS: No, no.

THE COURT: In the past 24 hours, have you consumed any alcohol?

DEFENDANT F. ROJAS: No.

THE COURT: In the past 24 hours, have you consumed any narcotic drugs?

DEFENDANT F. ROJAS: No.

17

Proceedings

DEFENDANT F. ROJAS:  No.

THE COURT:  In the past 24 hours, have you taken any medications?

DEFENDANT F. ROJAS:  No.

THE COURT:  Is your mind clear as you sit here today?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Do you understand these proceedings?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  All right.  I am going to now ask the same questions for Mr. Martinez Rojas.

For the record, what's your full name?

DEFENDANT MARTINEZ-ROJAS:  Severiano Martinez-Rojas.

THE COURT:  And how old are you?

DEFENDANT F. ROJAS:  52.

THE COURT:  What's the highest level of education that you've completed?

DEFENDANT MARTINEZ-ROJAS:  Elementary school.

THE COURT:  And how hold were you when you finished school?

DEFENDANT MARTINEZ-ROJAS:  Thirteen.

THE COURT:  And where did you go to school?

DEFENDANT MARTINEZ-ROJAS:  In San Miguel

Transcriptions Plus II, Inc.

**134**

18
Proceedings

Tenancingo Tlaxcala.

THE COURT: And that's in Mexico?

DEFENDANT MARTINEZ-ROJAS: Mexico, yes.

THE COURT: And what was the name of the school?

DEFENDANT MARTINEZ-ROJAS: Escuela Benito Juarez (ph.).

THE COURT: Okay. And since you were thirteen, have you had any formal education?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: All right. Are you presently or have you recently been under the care of a doctor?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: Are you presently or have you recently been under the care of any mental health professional, such as a psychiatrist, psychologist or social worker?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: Have you ever been hospitalized or treated for a mental illness?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: Have you ever been hospitalized or treated for an addiction to drugs or alcohol?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: In the past 24 hours, have you

Transcriptions Plus II, Inc.

**135**

19
Proceedings

consumed any alcohol?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: In the past 24 hours, have you consumed any narcotic drugs?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: And in the past 24 hours, have you consumed any medications?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: Is your mind clear as you sit here today?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And do you understand these proceedings?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. I am going ask your lawyers a few questions.

So with regard to Ms. Newman, Mr. Martinez-Rojas, have you discussed this matter with your client?

MS. NEWMAN: Yes, I have.

THE COURT: All right. Do you speak Spanish or have you had the assistance of an interpreter?

MS. NEWMAN: Had the assistance of an interpreter.

THE COURT: And have you had any difficulty communicating with your client?

Transcriptions Plus II, Inc.

**136**

20
Proceedings

MS. NEWMAN: No.

THE COURT: In your opinion, is Mr. Rojas capable of understanding these proceedings?

MS. NEWMAN: Yes.

THE COURT: And in your opinion, does he understand the rights he'll be waiving if he decides to go ahead with his guilty plea?

MS. NEWMAN: Yes.

THE COURT: And do you have any doubt as to his competence to plead at this time?

MS. NEWMAN: No, I do not.

THE COURT: Did you discussed with him the possible sentence and consequences of his guilty plea?

MS. NEWMAN: Yes, I have.

THE COURT: Did you discuss with him the operation of sentencing guidelines?

MS. NEWMAN: Yes, I have.

THE COURT: All right. And did you discuss with him the minimum terms of imprisonment?

MS. NEWMAN: Yes.

THE COURT: Okay. All right.

And Mr. Wallenstein, with regard to your client, Mr. Martinez-Rojas, I am going to ask you the same questions. Have you discussed this matter with your client?

21

Proceedings

MR. WALLENSTEIN: Yes, I have.

THE COURT: Do you speak Spanish or have you had the assistance of an interpreter?

MR. WALLENSTEIN: I had the assistance of a certified interpreter on each occasion when we met.

THE COURT: All right. And have you had any difficulty communicating with your client?

MR. WALLENSTEIN: No.

THE COURT: In your opinion, is Mr. Martinez-Rojas capable of understanding the nature of these proceedings?

MR. WALLENSTEIN: Absolutely.

THE COURT: In your opinion, does he understand the rights he will be waiving if he decides to go ahead with his guilty plea?

MR. WALLENSTEIN: He does and I have explained them to him thoroughly.

THE COURT: And in your opinion -- well, do you have any doubt as to his competence to plead at this time?

MR. WALLENSTEIN: No.

THE COURT: And I am going to ask you, although I believe you touched on this answer anyway, have you explained to him the possible sentencing consequences of a guilty plea?

22

Proceedings

MR. WALLENSTEIN: Yes, I have.

THE COURT: Have you discussed with him the operation of the sentencing guidelines?

MR. WALLENSTEIN: Yes, I have.

THE COURT: Have you discussed with him the mandatory minimum sentence that the Court must impose?

MR. WALLENSTEIN: I have.

THE COURT: All right. Coming back to each of the defendants, I am going to ask you some other questions.

So each of you, have you had a sufficient opportunity to discuss your case with your attorney? So for Mr. Rojas?

DEFENDANT F. ROJAS: Yes.

THE COURT: And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And have you had in each of the opportunities when you spoke with your attorney, have you had the assistance of a Spanish language interpreter?

Mr. Rojas?

DEFENDANT F. ROJAS: Yes.

THE COURT: Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Have you had any difficulty communicating with your attorneys?

23
Proceedings

DEFENDANT F. ROJAS: No.

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: Each of you, are you fully satisfied with the representation and advice given to you in this case by your attorney?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Okay. And also, Mr. Martinez-Rojas, are you satisfied with the legal representation and advice given to you in your case from Georgia?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. For each of the defendants, have you received a copy of the indictment in this case? I am just going to hold up my copy.

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: This is the thick document that describes the charges. All right.

And additionally, for Mr. Martinez-Rojas, have you received a copy of the first superseding indictment from the case in the Northern District of Georgia?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. For each of the defendants, were the various indictments -- so for Mr. Rojas, the superseding indictment in New York and for Mr.

Transcriptions Plus II, Inc.

24
Proceedings

Martinez-Rojas, the superseding indictment in New York, as well as the superseding indictment in Georgia, been translated for you from English to Spanish?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Have you each of you consulted with your respective attorneys about the indictments?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And has each of you discussed with your attorney the particular charges to which it's proposed you're going to plead guilty?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Counsel, do either of you want me to read the indictment?

MS. NEWMAN: No, your Honor.

MR. WALLENSTEIN: No, Judge and just so the record is clear, I had both the New York and Georgia indictments translated into Spanish and provided Mr. Martinez-Rojas with a copy and we discussed both indictments.

THE COURT: All right.

MS. NEWMAN: And for the record, the indictment

25

Proceedings

-- the superseding indictment was translated in my presence word for word by a Spanish interpreter.

THE COURT: Okay. All right. So for each of the defendants, do you understand the indictment in the New York case?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. And then for Martinez-Rojas, do you understand the indictment in the Georgia case?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. At this point, I am going to provide you with some information about how this criminal case would move forward if you decided not to go ahead with your guilty plea and discuss some information related to your proposed plea.

So for each of you, the first and most important thing you should understand is that you do not have to plead guilty, even if you are guilty. Under the American legal system, the government or the prosecution has the burden of proving the guilt of a defendant beyond a reasonable doubt. If the government cannot or does not meet its burden proof at trial, the jury in the trial has the duty to find the defendant not guilty even if the defendant is guilty.

Transcriptions Plus II, Inc.

**142**

26

Proceedings

Do you understand that, Mr. Rojas?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes, I understand.

THE COURT:  So for you, even if you are guilty, you have a choice.  It's up to you to decide what to do in your respective cases.  You can withdraw your previously entered plea of not guilty and plead guilty as I've been told you wish to do or you can choose to go to trial simply by persisting in your plea of not guilty and make the government meet its burden of proving your guilt beyond a reasonable doubt.

Do you understand that right?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  So each of the defendants said yes.

So you should know that as sometimes happened in American courtrooms, including in this courthouse, that a jury at trial has returned a verdict of not guilty even though everyone in the courtroom believed the defendant to be guilty.

What the jury was saying in that instance, was not that the defendant wasn't guilty but rather that the government or the prosecution had failed to meet its

27
Proceedings

burden of proving the defendant's guilt beyond a reasonable doubt.

Do you understand that?

DEFENDANT F. ROJAS: Yes, I understand.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. So for you, you have a choice. You can say to the government, prove your case against me. Meet your burden of proving my guilt beyond a reasonable doubt and you can exercise that right by saying not guilty when I ask how you plead.

If you continue in your plea not guilty, under the Constitution and the laws of the United States of America, you are entitled to a speedy and public trial by jury with the assistance of a lawyer on the charges contained in the indictment that have been filed with the Court.

Do you understand, Mr. Rojas?

DEFENDANT F. ROJAS: Yes, I understand.

DEFENDANT MARTINEZ-ROJAS: Yes, I understand.

THE COURT: At trial, you would be presumed innocent. You would have not to prove your innocence at trial. Were you to go to trial in your case, it would be the United States government's burden to overcome the presumption of innocence and prove you guilty by competent evidence and beyond a reasonable doubt.

28

Proceedings

And if the government failed to meet this burden of proof, the jury would have the obligation to find you not guilty.

Do you understand, Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  If you decide to go ahead with your guilty plea, you'll be giving up your right to have the government satisfy its burden of proving you guilty beyond a reasonable doubt.  Instead, you will be admitting your guilt.

Do you understand that?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  All right.  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  In the course of a trial, the witnesses for the government would have to come to court and testify in your presence.  Each of your lawyers would have the right to cross-examine the witnesses for the government, to object to the evidence offered by the government and to offer witnesses and other evidence on your behalf and to subpoena or to compel witnesses to come to court and testify in your presence.

Do you understand?

29

Proceedings

DEFENDANT F. ROJAS: Yes, I understand.

DEFENDANT MARTINEZ-ROJAS: Yes, I do.

THE COURT: All right. Each of the defendants said they understood. If you decide to go ahead with your guilty plea and you do, and I recommend that the district judge accept your plea and that's what Judge Korman does, you're giving up the rights that I've just discussed.

You're giving up your right to confront the witness who might testify against you. You're giving up your right to offer evidence on your own behalf. You're giving up your right to have witnesses come to court or to compel witnesses to come to court and to testify. You're giving up your right to raise any defenses that you may have.

Do you understand, Mr. Rojas?

DEFENDANT F. ROJAS: Yes, I understand.

THE COURT: Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS: Yes, I understand. Yes.

THE COURT: Were there to be a trial in your case, you would have the right to testify on your own behalf if you choose to do so but you could not be required to testify at trial. Under the Constitution and laws of the United States, a defendant in a criminal case

Transcriptions Plus II, Inc.

**146**

30

Proceedings

cannot be forced to take the witness stand at his trial and say anything that could be used against him to show that he is guilty of the crime or crimes with which he is charged.

So, if you decided not to testify at your trial, the judge would instruct the jury that the jurors could not hold that fact against you.  This is called your right against self-incrimination.

Do you understand it, Mr. Rojas?

DEFENDANT F. ROJAS:  Yes, I understand.

DEFENDANT MARTINEZ-ROJAS:  I understand.

THE COURT:  All right.  If you plead guilty, I'm going to have to ask you questions about what you did in order to satisfy myself and in turn the district judge that you are, in fact, guilty of the charges to which you are pleading guilty.

As part of that process, you are going to have to answer my questions truthfully, subject to the oath that you took earlier and acknowledge your guilt.

Do you understand?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  It is not going to be enough for you simply to say that you're guilty.  You're going to have to tell me what it is that you did such that you are

Transcriptions Plus II, Inc.

**147**

31

Proceedings

in fact guilty of the charges to which you're pleading guilty.

Does each of you understand, Mr. Rojas, Mr. Martinez-Rojas then?

DEFENDANT F. ROJAS:  Yes, I do.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  If you plead guilty and I recommend that the district judge accept your plea and that's what Judge Korman does, you will be giving up your constitutional right to a trial and to all the other rights that I have just discussed.  There will not be a further trial of any kind in your case.  If Judge Korman accepts your plea, he will simply enter a judgment of guilty on the basis of that plea.

Do you understand that, Mr. Rojas?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  If after you are sentenced, you or your attorney thinks the Court has not properly followed the law in sentencing you, you can usually appeal your sentence to a higher court.  But by pleading guilty however, you will not except under very limited circumstances, be able to challenge your judgment of conviction by appeal or by a collateral attack.

Transcriptions Plus II, Inc.

32

Proceedings

Do you understand?

DEFENDANT F. ROJAS:  Yes, I understand.

DEFENDANT MARTINEZ-ROJAS:  Yes, I understand.

THE COURT:  All right.  We're going to go over your plea agreement in a few minutes but I want to draw your attention to a limitation on your right to appeal. So this is a little bit different from what the usual right is because of your plea agreement.

So for Mr. Rojas, in Government's Exhibit 4, which is your plea agreement, in paragraph 4 on page 6, there's a provision which I am going to read which says, "The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 United States Code Section 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 300 months or below."

All right.  So do you understand what I just read?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Did you go over it with your attorney?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Are you in agreement with that statement?

DEFENDANT F. ROJAS:  Yes, I am in agreement.

33

Proceedings

THE COURT:  All right.  And do you understand that it's a limitation on your appellate rights and other rights to attack your sentence and your conviction?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  All right.  For Mr. Martinez-Rojas, you have a similar provision in your plea agreement. Your plea agreement is Government's Exhibit 5.  In paragraph 4 on page 8, it provides as follows:

"The defendant agrees not to file an appeal or otherwise challenge by petition pursuant to 28 United States Code Section 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 327 months or below."

Do you understand what I just read?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Did you go over that provision with your attorney?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Are you in agreement with it?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Okay.  So for each of the defendants, are you willing to give up your right to a trial and the other rights that I've just discussed?  Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

Transcriptions Plus II, Inc.

**150**

34

Proceedings

THE COURT: And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS: Yes, yes.

THE COURT: All right. So just for the record, we're changing the Spanish interpreter. So can you just state your name, so it's clear?

THE INTERPRETER: I'm James Santoria.

THE COURT: Okay. All right. So now we're going to talk about the particulars of your plea agreement. So for Mr. Rojas again, your plea agreement is marked as Exhibit 4 and Mr. Martinez-Rojas, yours is marked as Government's Exhibit 5.

For each of you on the last page of the document, in the middle of the page it says, "I have read the entire agreement and discussed it with my attorney. I understand all of its terms and I am entering into it knowingly and voluntarily."

So first for Mr. Rojas, was your plea agreement translated for you from English to Spanish?

DEFENDANT F. ROJAS: Yes.

THE COURT: Okay. Is that statement that I have just read, which I will read again for the record, "I have read the entire agreement and discussed it with my attorney. I understand all of its terms and I am entering into it knowingly and voluntarily," is that a correct statement?

Transcriptions Plus II, Inc.

**151**

Proceedings

35

DEFENDANT F. ROJAS:  Yes.

THE COURT:  All right.  I am going to show you some signatures.  I'm holding up the original copy, Mr. Rojas.  I'm pointing right below the signature I just read.

Is that your signature?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  And then Ms. Newman, right below that, is that your signature?

MS. NEWMAN:  Yes, it is and just for the record so it's clear, Ms. Carmen Espinal (ph.) who is appointed paralegal and Spanish speaking, did translate the plea agreement in my presence approximately two weeks ago. And I was present for that.  We answered all his questions at that time.

THE COURT:  All right.  And what was translated the same copy of the plea agreement as the one we have today?

MS. NEWMAN:  Yes, yes, yes.

THE COURT:  Okay.  All right.  And then we have both of you here, so Ms. Lee for the government, first is that your signature?

MS. LEE:  Yes, your Honor.

THE COURT:  And Ms. Merkl, her supervisor, is that your signature?

Transcriptions Plus II, Inc.

**152**

36

Proceedings

MS. MERKL:  Yes, Judge.

THE COURT:  Okay.  All right.  I am going to show you, Mr. Rojas, page 8.  I'm holding up this copy. There was a handwritten amendment to paragraph 6 to the second full sentence.  The second full sentence now reads, "The defendant represents that he will disclose all of his assets to the United States on the financial statement within thirty days entitled, "United States Department of Justice Financial Statement, hereinafter the 'financial statement'," a copy of which," it says, "is attached hereto as Exhibit A."

Do you need to change that last will be attached?

MS. MERKL:  Yes, it will be attached.

THE COURT:  All right.  Here.  I'm going to just correct it.  All right.  Can you just show that to everybody?  So can you initial that change to it now says "will be," and then just confirm on the record for the government -- I'm not sure which government attorney is initialing it, was that Ms. Lee?

MS. LEE:  Yes, your Honor.

THE COURT:  All right.

MS. LEE:  I did.

THE COURT:  All right.  So Ms. Newman, can you confirm the initials that are there now are yours and

37
Proceedings

also initial that will be change? And then have your client initial as well and confirm on the record that he's initialed that.

MS. NEWMAN: Yes. Yes, your Honor, we have -- my client initialed in my presence the two changes.

THE COURT: Okay.

MS. NEWMAN: One that was originally made and the second change as the Court has pointed out and that we've now made on the record.

THE COURT: And you've initialed it as well?

MS. NEWMAN: Yes, we have.

THE COURT: All right. And were you able to review that change with the assistance of a Spanish-language interpreter?

MS. NEWMAN: Yes, I was.

THE COURT: Okay. All right. So, Mr. Martinez-Rojas, we're just going to go over together the initials and signing of your plea agreement which is Government's Exhibit 5.

So similarly, as I said, your agreement says, "I have read the entire agreement and discussed it with my attorney. I understand all of its terms and I am entering into it knowingly and voluntarily."

Was this plea agreement translated for you from English to Spanish?

38
Proceedings

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And is that statement that I just read a correct statement?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. And right below that statement is a signature. I'm holding up my copy which is the original. Is that your signature?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And then Mr. Wallenstein over here, is that your signature?

MR. WALLENSTEIN: It is, your Honor and for the record not only did I discuss that with Mr. Martinez-Rojas, with the assistance of a Spanish interpreter but I had the agreement translated into Spanish and provided him with a copy written in Spanish.

THE COURT: And then is that -- the work that you just referred to, was that done by J. Carlos Venant (ph.)?

MR. WALLENSTEIN: Yes.

THE COURT: Okay. And then for the government, Ms. Lee, up at the top, is that your signature?

MS. LEE: Yes, your Honor.

THE COURT: And your supervisor, Ms. Merkl, is that your signature?

MS. MERKL: Yes, Judge.

Transcriptions Plus II, Inc.

**155**

39

Proceedings

THE COURT: All right. So on page 11, paragraph 6, there was a handwritten change, Mr. Martinez-Rojas, to the plea agreement. So the relevant sentence in paragraph 6 which is the second sentence now says, "The defendant represents that he will disclose all of his assets within thirty days to the United States on the financial statement entitled, "Department of Justice Financial Statement, hereinafter the 'financial statement,' a copy of which will be attached hereto as Exhibit A."

Do you understand that sentence?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Did you go over it with your lawyer?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And are you in agreement with that sentence?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Here, I am going to ask Ms. Quinlan to just have the parties initial the change where the will be and confirm on the record for the government and for the defendant, that those initials are in fact the respective initials. So Mr. Wallenstein, if you could initial and just let me know that you have initialed that sentence.

40

Proceedings

So, Mr. Wallenstein, you initialed it, is that right?

MR. WALLENSTEIN:  I did, your Honor and my client is about to.

THE COURT:  Okay.

MR. WALLENSTEIN:  And, Judge, my client have both initialed all of the changes in this document.

THE COURT:  Okay.  Thanks.  Have the government, just show it then.  So Ms. Lee, you're initialing it, is that right, the change?

MS. LEE:  Yes, your Honor, I am.

THE COURT:  Okay.  All right.  We're going to go over this in a little bit more detail now.  Just for each counsel, Ms. Newman and Mr. Wallenstein, were all formal offers -- plea offers by the government conveyed to your respective client?

MS. NEWMAN:  Yes, for Mr. Rojas.

MR. WALLENSTEIN:  Yes, your Honor.  I conveyed all the offers to Mr. Martinez-Rojas and discussed them with him.

THE COURT:  Okay.  All right.  So for each of the defendants, have you read the plea agreement?  So, for Mr. Rojas, did you read the plea agreement in Spanish or it was read to you in Spanish, I think?

DEFENDANT F. ROJAS:  Yes.

Transcriptions Plus II, Inc.

**157**

41
Proceedings

THE COURT: All right. So let me ask -- make sure that's clear. So, Mr. Felix Rojas, is it correct that the plea agreement was read to you in Spanish?

DEFENDANT F. ROJAS: Yes.

THE COURT: And then Mr. Wallenstein, you had a written copy provided to your client or it was read to him in Spanish, which one?

MR. WALLENSTEIN: Both.

THE COURT: Okay. Both. So, Mr. Martinez-Rojas, did you read a copy of your plea agreement in Spanish?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And was the plea agreement read to you in Spanish, as well?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. So for each of the defendants, in reviewing the plea agreement, did you have the assistance of a Spanish-language interpreter? Mr. Rojas?

DEFENDANT F. ROJAS: Yes.

THE COURT: And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And for each defendant, did you review the plea agreement with your attorney? Mr. Rojas?

DEFENDANT F. ROJAS: Yes.

Transcriptions Plus II, Inc.

42
Proceedings

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  And for each of you when you were reviewing the agreement, did you have the assistance -- sorry, reviewing it with your attorney, did you have the assistance of a Spanish-language interpreter?  So, Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  For each of you, do you understand all of the terms of your respective plea agreements?  Mr. Rojas?

DEFENDANT F. ROJAS:  Yes, yes.

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes, yes.

THE COURT:  For each of the defendants, does your respective plea agreement -- so for Mr. Felix Rojas, Government's Exhibit 4, for Mr. Martinez-Rojas, Government's Exhibit 5, does it accurately represent the entire understanding or agreement that you have with the government?  Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

Transcriptions Plus II, Inc.

43
Proceedings

THE COURT:  All right.  For each of you, has anyone made any promise or assurance to you that's not included in the plea agreement in order to get you to agree to this plea agreement?

DEFENDANT F. ROJAS:  No.

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  No.

THE COURT:  All right.  Has anyone threatened you in any way to persuade you to accept the plea agreement?

DEFENDANT F. ROJAS:  No.

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  No.

THE COURT:  Okay.  All right.  For defense counsel, let me just make sure.  Has each of you read and reviewed with your client the written plea agreement that is before the Court as to your respective client?

MS. NEWMAN:  Yes.

MR. WALLENSTEIN:  Yes, your Honor, I have.

THE COURT:  Okay.  And each of you had the assistance of a Spanish-language interpreter when you were discussing the plea agreement with your client, right?

MS. NEWMAN:  Yes, that's correct.

MR. WALLENSTEIN:  Yes, your Honor.

44
Proceedings

THE COURT:  All right.  And for each of you, as to your respective client's plea agreement, does it reflect your understanding of the entire agreement that your client has entered into with the government?

MS. NEWMAN:  Yes, for Mr. Rojas.

MR. WALLENSTEIN:  And for Mr. Martinez-Rojas, it does, your Honor.

THE COURT:  Okay.  For the defendants, do you understand that if you fail to fully comply with your agreement with the government, the government will be released from its obligations but you will not be released from your guilty plea.

Do you understand that?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Each of the defendants said yes.  All right.

So now I am going to explain the sentencing scheme applicable in  your case.  I'm going to first go over Mr. Felix Rojas' applicable sentencing scheme but Mr. Martinez-Rojas, I would appreciate if you would listen because some of the information is going to relate to your case as well.

So for Mr. Felix Rojas, this is what I am going to go over as outlined in your plea agreement which is

Case 19-2664, Document 172, 05/04/2020, 2831111, Page164 of 237

Case 1:15-cr-00348-ERK   Document 92   Filed 05/30/17   Page 45 of 95 PageID #: 627

45
Proceedings

Government's Exhibit 4 which proposed is that you're going to plead guilty to Count 1 and Count 17 of the superseding indictment in the case in New York.  It charges you with violations of particular statutes. Those are 18 United States Code Section 1962(c) and 1591(a) and as part of your guilty plea, you are going to admit to racketeering -- as racketeering acts, your participation in the sex trafficking of Jane Doe number 6, which is alleged as Racketeering Act 8(a) and Count 17 of the indictment, as well as sex trafficking of Jane Doe, which is alleged as  Racketeering Act 10(a) and Count 21.

All right.  Do you understand that?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  All right.  So those counts carry the following statutory penalties; a maximum term of imprisonment of life.  This is -- I'm sorry, let me start that again.

Count 1 carries a maximum term of imprisonment of life.  It carries a minimum term of imprisonment of no time in prison.  It carries a maximum supervised release term of five years.  That supervised release term would follow any term of imprisonment.

If a condition of release were violated, you may be sentenced for up to five years without credit for

Transcriptions Plus II, Inc.

**162**

46

Proceedings

pre-release imprisonment or time previously served on post-release supervision.

Do you understand that?

DEFENDANT F. ROJAS: Yes, I understand.

THE COURT: All right. Supervised release would mean that there may be many restrictions placed on your liberty. Those restrictions may include but are not limited to travel limitations, requirements that you report regularly to a probation officer, a prohibition on carrying a gun or other weapons and the like.

Do you understand that supervised release?

DEFENDANT F. ROJAS: Yes, I understand.

THE COURT: All right. Additional possible sentencing consequences for Count 1 include the maximum fine would be the greater of $250,000 or twice the gross gain or twice the gross loss.

Do you understand that?

DEFENDANT F. ROJAS: Yes, I understand.

THE COURT: Restitution is mandatory in your case. It will be in the full amount of each victim's losses as determined by the judge.

Do you understand that?

DEFENDANT F. ROJAS: Yes, I understand.

THE COURT: All right. There's a $100 special assessment that you have to be charged.

Transcriptions Plus II, Inc.

47

Proceedings

Do you understand that?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Other sentencing consequences include removal from the United States.  This is described in paragraph 8.  So I am going to go over that.

All right.  Let me just ask, was this defendant extradited or were they in the United States?

MS. MERKL:  These two defendants were both extradited, your Honor.

THE COURT:  Okay.  All right.  So I am going to explain to you a provision that's in the plea agreement -- really just go over what's in the plea agreement, which relates to your immigration status in the United States.

What paragraph 8 explains is that pleading guilty may have consequences for any immigration status that you might have in the United States if you're not a citizen of the United States.  Under federal law, a broad range of crimes are what are called removable offenses including the ones to which it's proposed that you're going to plead guilty.

In fact, because you're going to plead guilty to racketeering involving sex trafficking and interstate prostitution, your removal from the United States is presumptively mandatory but immigration consequences are

Transcriptions Plus II, Inc.

48

Proceedings

decided in a separate proceeding.  So nobody here can tell you exactly what the immigration consequences of a guilty plea would be.

But what I would like to know is is it correct that you would like to go ahead with your guilty plea regardless of any immigration consequences that guilty plea may entail including possibly the automatic removal from the United States.

Is that correct, Mr. Rojas?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Okay.  Additional possible sentencing consequences includes sex offender registration pursuant to a federal act called, Sex Offender Registration Notification Act, 42 United States Code Section 16901, et seq., meaning the sections following on.

That's described in paragraph 11 of your agreement with the government.  Do you understand paragraph 11?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Did you review it with your attorney?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  All right.  And are the statements made in paragraph 11 correct?

Transcriptions Plus II, Inc.

**165**

49
Proceedings

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Additionally, the possible sentencing consequences include criminal forfeiture. That's described in paragraph 6 and 7 of your plea agreement which is Government's Exhibit 4.

Have you read or was paragraph 6 and paragraph 7 read to you in Spanish?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Do you understand paragraph 6 and 7?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Did you have a sufficient opportunity to review paragraph 6 and 7 with your attorney?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Are you in agreement with paragraph 6 and 7?

DEFENDANT F. ROJAS:  yes.

THE COURT:  All right.  Now we're going to talk about the possible sentencing consequences of Count 17. The maximum term of imprisonment is life.  The minimum term of imprisonment is fifteen years.

Do you understand those provisions?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Do you understand that the judge

50

Proceedings

has to sentence you to a minimum term of imprisonment of fifteen years?

DEFENDANT F. ROJAS:  Yes, I understand that.

THE COURT:  All right.  Additional possible sentencing consequences include a minimum supervised release term of five years with a maximum supervised release term of life which would follow any term of imprisonment.  If a condition of release is violated, you may be sentenced for up to life without credit for pre-release imprisonment or time previously served on post-release supervision.

Do you understand that provision?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  If you commit any criminal offense under particular laws which are outlined in your plea agreement which are Chapter 109(a), 110, or 117 or Title 18 of the United States Code Section 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, you shall be sentenced to not less than five years and up to the maximum term of imprisonment for the offense which was set forth in paragraph 1(a) which was life.

Do you understand that provision?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Additionally, the maximum fine is

Transcriptions Plus II, Inc.

**167**

51
Proceedings

the greater of $250,000 or twice the gross gain or twice the gross loss.

Do you understand that?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Restitution is mandatory in the full amount of each victim's losses as determined by the Court.

Do you understand that?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  You have to be charged $100 special assessment.

Do you understand that?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Similar to the previous count, penalties include removal from the United States as described in paragraph 8, sex offender registration pursuant to the Sex Offender Registration Notification Act, which is described in paragraph 11 and criminal forfeiture, which is set forth below in paragraphs 6 and 7.

So we went over earlier paragraphs 6, 7, 8, and 11.  Do you understand all of those provisions?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  All right.  Also, the agreement and the sentencing scheme provide the sentence imposed on

52

Proceedings

each count may run consecutively.  So not at the same time but one after the other.

Do you understand that?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  Okay.  So, Mr. Martinez-Rojas, I am going to go over the same parts of your plea agreement which has been marked as Government's Exhibit 5.

In your case, what's proposed is that you are going to plead guilty to Counts 1 and 19 of the New York case, which has a number 15-cr-348.  We're going to talk about it as the EDNY or Eastern District of New York indictment that charges you with violations of 18 United States Code Sections 1962(s) and 1591(a) and during your guilty plea, you're going to admit as racketeering acts, your participation in the sex trafficking of Jane Doe 1, as alleged in the Racketeering Acts 3(a), 3(b) and Count 7 and 8 of the indictment, sex trafficking of a minor, Jane Doe 3, as alleged in Racketeering Act 5(a) and Count 11, the sex trafficking of Jane Doe 6, as alleged in Act 8(a) and Count 17, sex trafficking of Jane Doe 7, as alleged in Racketeering Act 9(a) and Count 19 and sex trafficking of Jane Doe 9, as alleged in Racketeering Act 11(a) and Count 23.

Do you understand all of that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

53

Proceedings

THE COURT:  You're also going to plead guilty to Count 1 of the Georgia case.  The Georgia case is known by the number 13-cr-128 and it's referred to as the NDGA or Northern District of Georgia indictment.  It charges you with violations 18 United States Code Section 1591(a) and at your guilty plea, you're going to admit to your participation in sex trafficking of an individual identified as "MSJ" as alleged in Count 3 and sex trafficking of an individual as "SAM" as alleged in Count 5.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Okay. So with regard to the indictment in the Eastern District of New York or the EDNY indictment, Count 1, these are the following -- the following is the statutory -- possible statutory penalties.  All right.

So for Count 1, the maximum term of imprisonment is life.  The minimum term of imprisonment is zero years.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  The maximum supervised release term is five years.  It would follow any term of imprisonment. If a condition of supervised release were violated, you

Transcriptions Plus II, Inc.

**170**

54

Proceedings

may be sentenced for up to five years and you would not receive credit for pre-release imprisonment or time previously served on post-release supervision.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And as I said to your colleague, Mr. Rojas, if you're subject to supervised release or when you're subject to supervised release, there may be many restrictions placed on your liberty including limitations on travel, limitations on your right to carry any weapon and the requirement that you report to probation on a regular basis, as well as other possible limitations.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  The maximum fine under Count 1 is the greater of 250,000 dollars or twice the gross gain or twice the gross loss.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Restitution is mandatory in the full amount of each victim's losses as decided by the Court and you must be charged $100 special assessment.

Do you understand those provisions?

55
Proceedings

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Other penalties include removal from the United States as described in paragraph 8. Did you hear what I said to Mr. Rojas about what removal means?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Do you understand it?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Did you review paragraph 8 in your plea agreement which is Government's Exhibit 5?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And it was translated for you from English to Spanish, correct?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Did you have a sufficient opportunity to review paragraph 8 with your attorney?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Are you in agreement with paragraph 8?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And is it correct that despite the serious immigration consequences, including your possible removal or automatic removal from the United States, which is in fact presumptively mandatory, that you would still like to go ahead with your guilty plea regardless

56
Proceedings

of these immigration consequences?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Other possible penalties include sex offender registration pursuant to the Sex Offender Registration Notification Act, 42 United States Code Section 16901, et seq., meaning following on, which is described in paragraph 11.

Did you read paragraph 11 in the Spanish translation of your plea agreement?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Do you understand paragraph 11?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Are you in -- well, I am sorry, did you review paragraph 11 with your attorney?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And are you in agreement with paragraph 11?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Another possible sentencing consequence is criminal forfeiture which is described in paragraph 6 and 7 of your plea agreement.

Did you read them in Spanish, paragraph 6 and 7?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Do you understand them?

Transcriptions Plus II, Inc.

**173**

57

Proceedings

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Are the statements in paragraph 6 and 7 correct?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And is it correct you went over paragraph 6 and 7 with your attorney?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And is it correct that you're in agreement with paragraph 6 and 7?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  I am going to go over possible sentencing consequences of Count 19 of the Eastern District of New York indictment.  The maximum term of imprisonment is life.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  The minimum term of imprisonment is fifteen years.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  So you understand the judge has to sentence you to at least fifteen years in jail or in prison.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

Transcriptions Plus II, Inc.

**174**

58
Proceedings

THE COURT: All right. Similar to the previous count, there's a minimum supervised release term. In this count it's five years and the maximum supervised release term is life.

So I am not sure I said that clearly. The minimum supervised release term is five years. The maximum supervised release term is life. It would follow any term of imprisonment. If a condition of released were violated, you may be sentenced for up to life without credit for pre-release imprisonment or time previously served on post-release supervision.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. If you commit any offense under particular federal laws which are Chapter 109(a), 110 or 177, or Title 18 of the United States Code Sections 1201 or 1591, for which imprisonment for a term longer than one year can be imposed, you shall be sentenced to not less than five years and up to the maximum term of imprisonment for the offense which is described in paragraph 1(a) and which is life.

Do you understand those provisions?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Similarly, this count carries a maximum fine of the greater of $250,000 or

Transcriptions Plus II, Inc.

**175**

59
Proceedings

twice the gross gain or twice the gross loss, as well as a restitution provision in which restitution is mandatory in the full amount of each victim's loss as determined by the Court.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  You have to be charged $100 special assessment.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Other penalties include removal from the United States as set forth in paragraph 8.  I've already asked you about paragraph 8 but is it correct that you understand paragraph 8?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And is it correct that even though paragraph 8 describes that your removal from the United States is presumptively mandatory, if you go ahead with this guilty plea, that you still wish to go ahead with the plea despite those serious immigration consequences? Is that correct?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Other possible sentencing consequences include sex offender registration pursuant to the Sex Offender Registration Notification

Transcriptions Plus II, Inc.

**176**

60
Proceedings

Act, 42 United States Code Section 16901, et seq. as described in paragraph 11.

Is it correct as you said earlier that you have reviewed paragraph 11 of your plea agreement?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  And is it correct that you're in agreement with what it says in paragraph 11?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  And lastly, it's an additional possible sentencing consequence is criminal forfeiture which is described in paragraph 6 and 7 of your plea agreement which is Government's Exhibit 5.

Is it correct that you understand paragraphs 6 and 7?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Okay.  And are you in agreement with the statements in paragraphs 6 and 7?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  So before we start talking about the Georgia indictment, let me just ask globally with regard to your plea agreement, Mr. Martinez-Rojas, do you understand all of the possible sentencing consequences that I've gone over, Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

61
Proceedings

THE COURT: Okay. And did you have a sufficient opportunity to review them with your attorney?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And do you understand that Count 19 provides for a minimum term of imprisonment of fifteen years?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Now we're going to talk about Count One of the Northern District of Georgia indictment. For that count, it provides for a maximum term of imprisonment of life.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: It also provides for a minimum term of imprisonment of fifteen years.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: It provides for a minimum supervised release term of five years, a maximum supervised release term of life. The supervised release would follow any term of imprisonment. If a condition of release were violated, you may be sentenced for up to life without credit for pre-release imprisonment or time previously served on post-release supervision.

And if you commit any criminal offense under

Transcriptions Plus II, Inc.

**178**

62

Proceedings

particular federal laws, which are Chapter 109(a), 110, 117, or 18 United States Code Section 1201 or 1591, for which a term longer than one year of imprisonment can be imposed, you shall be sentenced to not less than five years and up to the maximum term of imprisonment for the offense as described in paragraph 1(a) which is life.

Do you understand those provisions?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  The maximum fine is the greater of $250,000 or twice the gross gain or twice the gross loss.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Restitution is mandatory in the full amount of each victim's losses as determined by the Court and you have to be charged $100 special assessment.

Do you understand those provisions?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  As with the other counts, additional possible sentencing consequences include your removal from the United States as described in paragraph 8.  I've asked you this before I want to make sure you understand it in connection with the Georgia indictment.

The offenses to which you are pleading guilty mean that your removal from the United States is

Transcriptions Plus II, Inc.

**179**

Proceedings

63

presumptively mandatory.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Despite the serious immigration consequences including your presumptive removal from the United States.

Do you still want to go ahead with your guilty plea?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Other sentencing consequences include the sex offender registration pursuant to the Sex Offender Registration Notification Act which is described in paragraph 11 of your plea agreement.

Do you understand paragraph 11?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And are you in agreement with it?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And criminal forfeiture as set forth in paragraphs 6 and 7.

Do you understand paragraphs 6 and 7?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: And are you in agreement with those paragraphs?

DEFENDANT MARTINEZ-ROJAS: Yes.

64

Proceedings

THE COURT: All right. This plea agreement --
let me say that differently, sorry.

The sentence imposed on each count may run
consecutively which means one sentence after another, not
at the same time. Do you understand that?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Okay. All right. Let me just make
sure you understand the Northern District of Georgia
indictment, Count 1, if you decide to plead guilty to
that, it includes a minimum term of imprisonment of 15
years.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Okay. All right. I am going to --
All right. Let me just take a one minute break,
everybody. If you want to -- if the marshals are okay,
just stretch for a minute. Do we have water there,
Krista?

(Off the record.)

THE COURT: -- earlier, the district judge,
Judge Korman is going to be the sentencing judge. The
district judge or the sentencing judge does not have
complete discretion to impose a sentence outside of the
statutory minimum and maximum sentences set forth in the
statute.

65

Proceedings

Each of the defendants, do you understand that, Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  So each of the defendants said yes.  Right?  That was the translation? Actually, why don't -- for the interpreter, can we just move the microphone closer to you?  Yes, thanks.

All right.  In the sentencing process, as a first step, the judge must consider what are called the advisory sentencing guidelines which have been issued by the United States Sentencing Commission to determine what's a reasonable sentence in a criminal case.

As a second step, the judge must consider whether there are factors present that would allow the sentencing judge to depart from the advisory sentencing guidelines either upwardly or downwardly.

Additionally, the judge has to review the factors that are set forth in a particular federal statute which is 18 United States Code Section 3553(a). The judge compares those factors against all of the facts and circumstances of your particular case and it might be that the judge decides to impose a non-guideline sentence.

Transcriptions Plus II, Inc.

**182**

66

Proceedings

But the practical bottom line for you is until the date of sentencing, when the judge reviews the materials from today's proceeding, reviews a presentence report that will be prepared about you and hears from you, your lawyer and the government, you cannot know with certainty what the sentencing guidelines will be for your case or whether there will be grounds for the judge to depart from them. Or whether the judge will impose a non-guideline sentence.

Do you understand that?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. Each of you understand that.

THE COURT: And even though I am talking about the sentencing guidelines which we're going over and how the judge has some discretion, for each of you, it's proposed that you're going to plead guilty to counts that include a minimum term of imprisonment of fifteen years.

Do you understand that?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. So despite the uncertainty as to exactly what the guidelines will be when you get to your sentencing date, I am going to ask

Transcriptions Plus II, Inc.

**183**

67
Proceedings

the attorneys, first the government and then you're respective attorneys to give their best estimate as to what the sentencing guidelines are likely to say.

You should note that these estimates are based on the facts available to the lawyers at this time.  So this is their best estimate but they could be wrong.

Do you understand?  This is just their best estimate.

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Let's do Mr. Rojas first.

For the government, do you want to --

MS. MERKL:  So starting with Mr. Felix Rojas, your Honor, the government's estimate as set forth in the plea agreement is that the guidelines will be approximately 324 to 405 months, assuming that the defendant falls within criminal history category one.

I would note that that estimate is based on the global disposition of the case, which the government does anticipate is going to happen.  We have all the defendants in this case scheduled to plead by Thursday of this week.

So taking into consideration the two level reduction for a global disposition, the overall adjusted

Transcriptions Plus II, Inc.

**184**

68

Proceedings

offense level that we estimate at this time is 324 to 405 months.

THE COURT:  Okay.  So just so the record is clear, paragraph 10 asks that or requires rather that all of the defendants plead before April 19th but given everyone's schedule, including the Court's, that Thursday is actually the 20th.  Is that going to be an issue?

MS. MERKL:  No, your Honor.

THE COURT:  Okay.  All right.

So, Ms. Newman, with regard to the sentencing guidelines as they apply to your client, what's your estimate?

MS. NEWMAN:  Thank you, your Honor.  We disagree with many of the enhancements that are contained in the government's estimation and as a result, our estimation is much lower.  However, for these proceedings, so that my client is fully aware, that these could come to fruition, that the probation department and the Court could find the government's estimation correct. Rather than go through the various groupings, we simply say that we -- I have advised my client of the government's estimations, carefully reviewed with him the guidelines, our disagreements, the arguments we would make on his behalf with respect to the various enhancements.

Transcriptions Plus II, Inc.

**185**

69
Proceedings

And so he is aware of where we are going and whether it will succeed or not and that it is up to the Court ultimately to calculate the guidelines accurately.

THE COURT:  All right.  Mr. Rojas, did you understand what the government said with regard to the estimate they have for the sentencing guidelines?

DEFENDANT F. ROJAS:  Yes.  Yes, I understood.

THE COURT:  All right.  And do you understand that your attorney is offering a different view of what the guidelines may be in your case?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  And do you understand that any disagreement as between the attorneys will not be decided until the judge, Judge Korman, makes a decision as to what the guidelines are for your case and decides what your sentence is going to be.

Do you understand that?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  All right.  And I know I keep going back to this but it's a very important point.  Despite the fact that we're talking about the guidelines, do you understand that there's a mandatory minimum sentence of 15 years?

DEFENDANT F. ROJAS:  Yes,  I understand.

THE COURT:  All right.  Let's go over Mr.

Transcriptions Plus II, Inc.

**186**

70
Proceedings

Martinez-Rojas, with regard to the sentencing guidelines. So for the government, these are outlined in his plea agreement, correct?

MS. MERKL:  Correct, your Honor.  The government's current estimate of the guidelines is set forth in pages 5, 6 and 7 of the plea agreement for Mr. Severiano Martinez-Rojas and based on the totality of the facts as we understand them right now, we estimate a total adjusted offense level of 38, which carries a range of imprisonment of 235 to 293 months, assuming that the defendant falls within criminal history category one.

As with Mr. Rojas, Mr. Martinez-Rojas' estimate is based on a two level reduction for the global disposition and as I noted previously, we do expect that to come to fruition because all of the defendants are currently scheduled to plead guilty by this Thursday.

THE COURT:  All right.  And just so the record is clear, I believe this agreement also includes the April 19th date, correct?

MS. MERKL:  Correct.

THE COURT:  All right.  And as things are scheduled now, these pleas will be completed by the 20th. Is that going to be an issue?

MS. MERKL:  No, your Honor.

THE COURT:  Okay.  All right.  Mr. Wallenstein,

Transcriptions Plus II, Inc.

**187**

71

Proceedings

your estimate with regard to the sentencing guidelines as they apply to Mr. Martinez-Rojas?

MR. WALLENSTEIN:  Well, your Honor, as Ms. Newman said, we disagree with a number of the enhancements.  However, we do recognize that the government's estimate is what it is and I certainly acknowledge that we have agreed in the plea agreement that that is the government's estimate and there is, of course, an appellate waiver which more than encompasses the government's estimate of the guidelines and my client also recognizes that there are mandatory minimum terms here.

THE COURT:  Okay.  Just to note for the record, we changed Spanish interpreters again.  Can you just state your name?

THE INTERPRETER:  Rosa Olivera.

THE COURT:  All right.  Welcome back.

All right.  So, Mr. Martinez-Rojas, did you understand what the government's attorney said with regard to the estimate they have for the sentencing guidelines?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  And do you understand what your attorney said which is in sum, that he had some disagreements with the government's position.

Transcriptions Plus II, Inc.

**188**

72
Proceedings

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  And do you understand that until the date of sentencing, when the judge has reviewed all of these materials and heard from everyone, you can't know what the sentencing guidelines will be for your case or what your sentence will be?

DEFENDANT MARTINEZ-ROJAS:  Yes, I understand.

THE COURT:  All right.  And despite that uncertainty, do you want to go ahead with your proposed guilty plea?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And as I said to your co-defendant, Mr. Rojas, is that we're talking about the discretion that the judge has with regard to the sentencing guidelines and the sentencing process two of the counts to which it's proposed that you're going to plead guilty, Count 19 of the Eastern District of New York indictment and Count 1 of the Northern District of Georgia indictment, each contains a minimum term of imprisonment of 15 years.

Do you understand that?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And it's also possible that the sentence imposed may run consecutively.

Do you understand that?

Transcriptions Plus II, Inc.

**189**

73

Proceedings

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  So for each of the defendants, do you understand that if the government's estimates or your attorney's estimates are wrong, you will not be permitted to withdraw your plea of guilty because of those errors?  All right.  Mr. --

DEFENDANT F. ROJAS:  Yes, of course.

DEFENDANT MARTINEZ-ROJAS:  Yes, I understand.

THE COURT:  Okay.  And that's the same actually that's -- these questions now are for each of the defendants.  So, Mr. Rojas, do you also understand that even if the lawyers estimates are wrong, you would not be permitted to withdraw your plea of guilty on that basis?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  All right.  For each of the defendants, do you understand that your ultimate sentence could turn out to be different from any estimate -- any of these attorneys, the government, or your respective attorneys have given you?  All right.  Mr. Rojas, do you understand?

DEFENDANT F. ROJAS:  Yes, I understand.

THE COURT:  And Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  So it could turn out that because of other statutory sentencing factors, Judge Korman

Transcriptions Plus II, Inc.

**190**

74

Proceedings

decides to impose a sentence even higher than the one called for by the advisory sentencing guidelines. If that turns out to be the case, you would not be permitted to withdraw your guilty plea simply because no one could tell you in advance what your sentence should be.

Do you understand that?

DEFENDANT F. ROJAS: Yes, I understand.

DEFENDANT MARTINEZ-ROJAS: Yes, I understand.

THE COURT: All right. So for each of you, we've gone over your respective plea agreements in some detail and focused and discussed some paragraphs in more detail than others but I am going to ask you about the entire agreement. Does each of you fully understand your respective plea agreement with the government?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. And did each of you have an adequate opportunity to review the plea agreement with your attorney?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. And for each of you, those agreements were translated into Spanish, correct?

DEFENDANT F. ROJAS: Yes.

DEFENDANT MARTINEZ-ROJAS: Yes.

Transcriptions Plus II, Inc.

**191**

75

Proceedings

THE COURT:  All right.  And so for each of you, do you wish to go ahead with the plea agreement that you have with the government?  Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  All right.  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  So for each of you, I am going to tell you a small point about your rights, if you have these rights in the United States at all. What's being proposed is that you're pleading guilty to a felony or felonies and if your plea is accepted and you're adjudged guilty of those felonies, that adjudication could result in the deprivation of certain civil rights.

Some of those civil rights are only available to citizens which is my understanding, that you're not citizens of the United States but I want you to understand to the extent you do have certain rights in the United States, being adjudicated guilty of a felony may result in a limitation on those rights.

Do you understand?

DEFENDANT F. ROJAS:  Yes, I understand.

DEFENDANT MARTINEZ-ROJAS:  Yes, I understand.

THE COURT:  All right.  So I have gone over many of the possible consequences to you if your plea of

Transcriptions Plus II, Inc.

**192**

76
Proceedings

guilty is accepted.

Does each of you understand the possible consequences that I have gone over?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  And have you reviewed all of these possible consequences with your respective attorneys?  Mr. Rojas?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Mr. Martinez-Rojas?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  And did you have a sufficient opportunity to consult with your attorney about them?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  I am going to switch my questions to the government's attorneys.  It's up to you if you want to tell me about your answers to the questions as to each case or together.  So is the government -- let me ask it a little differently.

The elements of each of the claimed -- or charges to which the defendants are proposed to plead guilty are set forth in the submission that you have

77

Proceedings

statutes and essential elements.

MS. LEE: Yes, your Honor.

THE COURT: Okay. And for each defendant is the government prepared to prove at trial all of the elements of each of the counts against the defendant?

MS. MERKL: Yes, your Honor.

THE COURT: All right. I am going to ask you what is the evidence the government would offer at trial? Do you want to answer that together, as least on the EDNY indictment or do you want to do it separately?

MS. LEE: I could answer it together including the Georgia indictment.

THE COURT: Georgia, okay.

MS. LEE: And I just note actually for the record that while we've been sitting here, the Georgia case was officially transferred on ECF.

THE COURT: Okay.

MS. LEE: And it now has an EDNY docket number, and that's 17-cr-208.

And with respect to all of the charges set forth in the plea agreement, the government would prove at trial through witness testimony, including the victims that are set forth in the indictment, and border crossing records, wire transfer records, wiretap evidence, as well as other documentary evidence, that in or about and

Transcriptions Plus II, Inc.

**194**

78

Proceedings

between December 2004 and November 2015, in Queens, New York, the Rendon-Reyes trafficking organization was a criminal organization that operated in Queens, Atlant, Jefferson, Alabama, Mexico and other locations throughout the United States and that members and associates of the Rendon-Reyes trafficking organization were engaged in various forms of criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring, and money laundering. That the enterprise trafficked women from Mexico into the United States and throughout the country, for the purpose of prostitution for their financial gain.

And then each of these defendants conducted or participated in the conduct of this organization. With respect to Mr. Martinez-Rojas, he engaged in the sex trafficking of Jane Does 1, 3, 6, 7, 9, as well as the victim in the Georgia indictment, FBF. Those individuals through fraud, force and coercion were brought into the United States for the purposes of prostitution, as well as the victims, MSJ, and SAM, which are also set forth in the Georgia indictment.

With respect to Mr. Felix Rojas, as Racketeering Acts and also as set forth in the counts including the substantive Count 17 that he is pleading guilty to, he through force, fraud and coercion, caused

79

Proceedings

both the Jane Does 6, and 9 to be brought from Mexico

into the United States for the purpose of the

prostitution.

THE COURT:  Okay.

MS. LEE:  Oh, sorry, 6 and 8.

THE COURT:  6 and 8, right.  So, 6 is in

Racketeering Act 8(a), Count 17 and 8 is in Racketeering

Act 10(a) and Count 21, is that correct?

MS. MERKL:  That's correct.  Thank you.

THE COURT:  All right.  So Ms. Newman, with

regard to Mr. Rojas, do you agree the government would be

able to prove his defense -- sorry, the government be

able to prove his guilt at trial based on the evidence

just described by the government?

MS. NEWMAN:  Yes, based on the evidence that

was provided to us in discovery.  Yes.

THE COURT:  So that's the same as generally

what the government just described?

MS. NEWMAN:  Yes.

THE COURT:  Okay.  Do you know of any reason

why Mr. Rojas should not plead guilty?

MS. NEWMAN:  No, I do not.

THE COURT:  Are you aware of any viable legal

defense to the charges?

MS. NEWMAN:  No, I do not.

Transcriptions Plus II, Inc.

**196**

80
Proceedings

THE COURT:  Okay.  All right.  In your opinion, is this proposed plea in your client's best interest?

MS. NEWMAN:  Yes, it is.

THE COURT:  Okay.  All right.  Mr. Wallenstein, with regard to Mr. Martinez-Rojas, do you agree the government would be able to prove his guilt at trial based on the evidence described by the government?

MR. WALLENSTEIN:  Yes, your Honor.  Based on Ms. Lee's description today and based upon the discovery that I have received and reviewed and reviewed with my client.

THE COURT:  Okay. And do you know of any reason why Mr. Martinez-Rojas should not plead guilty?

MR. WALLENSTEIN:  No, your Honor.

THE COURT:  Are you aware of any viable legal defense to the charges?

MR. WALLENSTEIN:  No, your Honor.

THE COURT:  And in your opinion, is this plea in your client's best interest?

MR. WALLENSTEIN:  Yes, it is.

THE COURT:  All right.  So for each of the defendants, as I said earlier, I am going to ask you how you plea and it's up to you to let me know if you want to plead guilty or not guilty but if you plead guilty, I am going to ask you what it is that you did such that you

Transcriptions Plus II, Inc.

**197**

81

Proceedings

are, in fact, guilty of the charges to which you're pleading guilty.

All right.  So for each of the defendants, do you need an opportunity to speak with your attorney at this time?

DEFENDANT F. ROJAS:  No.

DEFENDANT MARTINEZ-ROJAS:  No.

THE COURT:  All right.  So for each of the defendants, are you ready to plead?

DEFENDANT F. ROJAS:  Yes.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  We're going to start with Mr. Felix Rojas.  So with regard to Count 1 of the indictment, how do you plead, guilty or not guilty?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  No, you have to pick.  It's either guilty or not guilty, which do you pick?

DEFENDANT F. ROJAS:  Guilty.

THE COURT:  All right.  So is it correct you plead guilty to Count 1 of the indictment?

DEFENDANT F. ROJAS:  Yes.

THE COURT:  All right.  With regard to Count 17 of the superseding indictment, how do you plead, guilty or not guilty?

DEFENDANT F. ROJAS:  Guilty.

Transcriptions Plus II, Inc.

**198**

82

Proceedings

THE COURT: All right. So as I said, you're going to have to tell me what it is that you did such that you are, in fact, guilty of those two counts.

DEFENDANT F. ROJAS: Between 2008 and 2012, I was a party to a business, a family business in Mexico which brought women through the border with Mexico to the United States with the purpose of making them prostitutes -- for the purpose of prostituting them. The business made money making off of the prostitution of the women in the United States because they paid a percentage of the monies they earned -- the money they earned in their illegal activity.

The women who worked for us worked as prostitutes in the United States, including Queens in New York. I helped in surreptitiously bringing Jane Doe 6 and 8 through the border between the two countries for the purpose of prostituting them.

In order to convince these women to work as prostitutes in the United States, myself and other people made them false promises. I helped to manage, to supervise prostitution in the United States and I received part of the monies that were earned through prostitution.

I knew that it was illegal to help transport the women -- to transport the alien women to the United

83
Proceedings

States and I knew that prostitution was illegal in the United States.

THE COURT: All right. When you said the "family business," that's the Rendon-Reyes family?

DEFENDANT F. ROJAS: Yes.

THE COURT: All right. Ms. Newman, is there anything else you would like your client to add to that allocution?

MS. NEWMAN: No, your Honor.

THE COURT: For the government, was that a satisfactory allocution?

MS. MERKL: Yes, your Honor.

THE COURT: All right. Let me ask you a few questions, Mr. Rojas.

Are you pleading guilty to Count 1 and Count 17 of the supervised release voluntarily and of your own free will?

DEFENDANT F. ROJAS: Yes.

THE COURT: Has anyone threatened or forced you to plead guilty?

DEFENDANT F. ROJAS: No.

THE COURT: Other than the promises that are contained in the written agreement, which is marked as Court Exhibit 4 that you entered into with the government, has anyone made any other promises to you to

84

Proceedings

induce you to plead guilty?

DEFENDANT F. ROJAS: No.

THE COURT: Has anyone made any promises to you as to what your final sentence will be?

DEFENDANT F. ROJAS: No.

THE COURT: Are you pleading guilty of your own free will because you are, in fact, guilty of Count 1 and Count 17 of the superseding indictment?

DEFENDANT F. ROJAS: Yes.

THE COURT: Okay. All right. Mr. Martinez-Rojas, are you ready to plead?

DEFENDANT F. ROJAS: Yes.

THE COURT: All right. First with regard to Count 1 of the Eastern District of New York indictment, how do you plead guilty or not guilty?

DEFENDANT MARTINEZ-ROJAS: I am guilty.

THE COURT: Okay. With regard to Count 19 of the Eastern District of New York indictment, how do you plead, guilty or not guilty?

DEFENDANT MARTINEZ-ROJAS: Guilty.

THE COURT: All right. And with regard to Count 1 of the charge in the indictment from the Northern District of Georgia which was known as case number 13-cr-128 and now has an Eastern District of New York number, 17-cr-208, how do you plead, guilty or not guilty?

Transcriptions Plus II, Inc.

85
Proceedings

DEFENDANT MARTINEZ-ROJAS: Guilty.

THE COURT: All right. So as I said earlier, I am going to ask you what it is that you did such that you are, in fact, guilty of Counts 1 and 19 of the Eastern District of New York indictment and Count 1 of the Northern District of Georgia indictment.

DEFENDANT MARTINEZ-ROJAS: Between December of 2004 and November of 2015, along with other members of my family, I participated in bringing a girl and women from Mexico to the United States.

Once in the United States, Georgia, New York and other places, these girls worked as prostitutes. My co-defendants and I benefitted from their activities because we took the money that the women earned through prostitution.

As part of the family business, the business with my family, and I participated in the prostitution of women, T-H-E J-A-N-E D-O-E 1, 3 --

THE COURT: I'm sorry, say it one more time?

DEFENDANT MARTINEZ-ROJAS: -- 6 and 7.

THE COURT: Can you say those names -- hang on. Hold on.

DEFENDANT MARTINEZ-ROJAS: -- and 9 in New York.

THE COURT: Sorry, say the identifying names

Transcriptions Plus II, Inc.

86
Proceedings

again?

MR. WALLENSTEIN: It was Jane Doe and numbers, Judge.

THE COURT: I just want the record to be clear. I couldn't understand it.

MS. MERKL: He spelled it out, your Honor.

DEFENDANT MARTINEZ-ROJAS: As part of the family business and I participated in the trafficking of women in Jane D-O-E, 3 -- I mean, 1, 3, 6, 7, and 9 in New York.

THE COURT: Okay. Thank you. Continue.

DEFENDANT MARTINEZ-ROJAS: In Georgia, I participated in the trafficking of M-S-G -- J, and S-M-A.

THE COURT: S-A-M or S-M-A?

MR. WALLENSTEIN: S-A.

DEFENDANT MARTINEZ-ROJAS: S-M-A.

MR. WALLENSTEIN: No.

THE COURT: Do you want to take a look at the indictment?

DEFENDANT MARTINEZ-ROJAS: S-A-M.

THE COURT: Okay. Continue.

DEFENDANT MARTINEZ-ROJAS: I was able to do this because I made false promises in order to get them to become prostitutes.

THE COURT: All right. And again, the family

Transcriptions Plus II, Inc.

**203**

87

Proceedings

enterprise is the Rendon-Reyes family, is that correct?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Mr. Wallenstein, would you like your client to add anything else to the record with regard to his allocution?

MR. WALLENSTEIN:  No, your Honor, I believe that's sufficient.

THE COURT:  All right.  For the government, is that a sufficient allocution?

MS. MERKL:  Your Honor, I believe that one victim was not included and that's the subject of Count 1 of the Georgia indictment which is FBF.

THE COURT:  Hang on one second.  The plea agreement?

MS. MERKL:  Your Honor, the plea agreement states that he plans to plead guilty to Count 1 and admit his participation in the trafficking of the others who he is not pleading guilty to.

THE COURT:  Okay.

MS. MERKL:  So to the extent that we failed to include FBF specifically by her initials in that recitation does not -- that's not the end all, be all of what he is pleading guilty to.  He's supposed to be pleading guilty to Count 1 which is the trafficking of FBF.

88
Proceedings

THE COURT:  Okay.

MS. MERKL:  And she is specified on page 6 of the plea agreement by initials.

THE COURT:  The middle of the page?

MS. MERKL:  Correct.

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  All right.  Mr. Wallenstein, any issue?

MR. WALLENSTEIN:  No, your Honor.  I think it's my error when I wrote out the allocution --

THE COURT:  Okay.

MR. WALLENSTEIN:  I eliminated that accidentally.  So I have no problem with the amendment and not since my client just admitted it, we have everything we need.

THE COURT:  Okay.  Let me just confirm that. Okay.  So was one -- this is for Mr. Martinez-Rojas, was one of the women trafficked a woman noted in Count 1 of the Georgia indictment as FBF?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  And also you mentioned Jane Doe 3, was she a minor?

DEFENDANT MARTINEZ-ROJAS:  Yes.

THE COURT:  Okay.  All right. Anything else for the government or was that a sufficient allocution?

89
Proceedings

MS. MERKL: That's sufficient. Thank you, your Honor.

THE COURT: All right. Let me ask you a few questions, Mr. Martinez-Rojas. Are you pleading guilty voluntarily and of your own free will to Counts 1 and 19 of the Eastern District of New York indictment and Count 1 of the Northern District of Georgia indictment?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: Has anyone threatened or forced you to plead guilty?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: Other than the promises contained in the written agreement which is Government's Exhibit 5 that you have entered into with the government, has anyone made any other promises to you to induce you to plead guilty?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: Has anyone made any promise to you as to what your final sentence will be?

DEFENDANT MARTINEZ-ROJAS: No.

THE COURT: Are you pleading guilty of your own free will because you are, in fact, guilty?

DEFENDANT MARTINEZ-ROJAS: Yes.

THE COURT: All right. I am not sure if I asked this question for Mr. Rojas. Has anyone made any

90

Proceedings

promise to you as to what your final sentence will be?

DEFENDANT F. ROJAS:  No.

THE COURT:  Okay.  So as to each of the defendants, I am going to make the recommendation.  So with regard to Mr. Felix Rojas, based on the information given to me, I find that Mr. Felix Rojas is fully competent, that he is capable of entering an informed plea.  That he is acting voluntarily, that he is aware of the nature of the charges against him, that he understands his rights, that he understands the consequences of his plea and that there's a factual basis for the plea supported by an independent basis in fact as to each of the essential elements of the offenses for Count 1 and Count 17 of the superseding indictment in the New York case.

So, I therefore recommend that the district judge, Judge Korman, accept Mr. Felix Rojas' plea of guilty to Counts 1 and Counts 17 of the indictment.

So with regard to Mr. Martinez-Rojas, based again on the information given to me, I find that Mr. Martinez-Rojas is fully competent, that he is capable of entering an informed plea.  That he is acting voluntarily, that Mr. Martinez-Rojas is aware of the nature of the charges against him, that he understands his rights, that he understands the consequences of his

91

Proceedings

guilty plea and that there's a factual basis for the plea supported by an independent basis in fact as to each of the essential elements of the offenses.

So, I therefore recommend that the district judge, Judge Korman, accept Mr. Martinez-Rojas' plea of guilty to Counts 1 and Counts 19 of the Eastern District of New York indictment, as well as to Count 1 of the Northern District of Georgia indictment.

All right.  So we don't have a sentencing date yet but as I mentioned, a presentence report will be prepared as to each defendant.  So let me ask, Ms. Newman, would you like to be part of that interview process with probation?

MS. NEWMAN:  Yes, I would thank you.

THE COURT:  All right.  We'll let probation know.

And then Mr. Wallenstein, with regard to your client would you like to be part of that process?

MR. WALLENSTEIN:  I will absolutely be there.

THE COURT:  All right.  So we'll let probation know that.

I assume your clients are going to continue in custody, is that correct?

MS. NEWMAN:  That is correct.

THE COURT:  Are there any medical issues that

92

Proceedings

need attention?

MS. NEWMAN:  Not that I know of, no.  And I've asked him each time I have met with him, so no.

THE COURT:  All right.  So for Mr. Martinez-Rojas, any medical issues?

MR. WALLENSTEIN:  No, your Honor.

THE COURT:  All right.  I'm going to return to the government, Government's Exhibits 4 and 5 which are the original plea agreements.

Anything else that we need on the record here?

MR. WALLENSTEIN:  Judge, just one thing, since I expect it will be several months until we actually get to sentencing, would you authorize us to obtain the transcript of today's proceedings?

THE COURT:  Yes.

MR. WALLENSTEIN:  I know it has to be done through e-voucher but I think we need your authorization first.

THE COURT:  We order it.  It will be on the docket, yes.

THE CLERK:  ECF.

THE COURT:  Yes.

MR. WALLENSTEIN:  I understand that but we can't get it off the docket until several months down the road.  We can order it through e-voucher initially once

93

Proceedings

it's ordered, but we need the Court's authorization.

THE COURT:  I don't usually get those requests. Do you usually make it to the magistrate judge or do you do it to the district judge?

MR. WALLENSTEIN:  I make it to anybody who has got the power to get me the transcript.

THE COURT:  Yes.

MR. WALLENSTEIN:  If you want, I'll write to Judge --

THE COURT:  No, no, you need the transcript. So we're going to order it.  Once it's available, then you can --

MR. WALLENSTEIN:  And then I think it's --

THE COURT:  -- get a copy.

MR. WALLENSTEIN:  -- not a problem.  Once the Court orders it, I think they'll automatically get us copies anyway.

THE COURT:  Okay.  We'll order it right after this.

Other issues?

MR. WALLENSTEIN:  That's it.

THE COURT:  No.  All right.  I am just going to -- for the government, we have the rest of them -- the others lined up, as you mentioned?

MS. MERKL:  Yes, on Thursday, your Honor.  I

94

Proceedings

believe we have a defendant at 1 o'clock, 2 o'clock and 3 o'clock.

THE COURT:  All right.  I would ask if you consider whether any of those could happen at the same time.  You don't need to give me an answer now but obviously no matter how hard I try, it still takes a long time to go through with the translator and the size of this case.

So if any of those folks can be done at the same time, if it can be, if you can let my deputy know, then obviously the marshals in terms of the production. If it can't we'll just, you know, go through it.

MS. MERKL:  We'll look at that, Judge, and also determine whether defense counsel's schedules permit that.

THE COURT:  Okay.

MS. MERKL:  Thank you.

THE COURT:  All right.  Thanks everyone.  Take care.

MR. WALLENSTEIN:  Thanks, Judge.

(Matter concluded)

-o0o-

Transcriptions Plus II, Inc.

**211**

95

**C E R T I F I C A T E**


I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.


I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.


IN WITNESS WHEREOF, I hereunto set my hand this **29th** day of **May**, 2017.

Linda Ferrara
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.

TM:ML
F. # 2012R01664

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

SEVERIANO MARTINEZ-ROJAS,
   also known as "Negro," "Gato,"
   and "Arturo,"
               Defendant.

- - - - - - - - - - - - - - - - - X

PLEA AGREEMENT

15 CR 348 (S-1)(ERK)



     Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and SEVERIANO MARTINEZ-ROJAS (the "defendant") agree to the following:

     1.    The defendant will plead guilty to (1) Counts One and Nineteen of the case No. 15-CR-348 (ERK) (the "EDNY Indictment"), charging violations of 18 U.S.C. §§ 1962(c) and 1591(a) and, at his guilty plea, admit as racketeering acts his participation in sex trafficking of Jane Doe #1 (as alleged in Racketeering Acts 3(a) and 3(b) and Counts Seven and Eight), sex trafficking of minor Jane Doe #3 (as alleged in Racketeering Act 5(a) and Count Eleven), sex trafficking of Jane Doe #6 (as alleged in Racketeering Act 8(a) and Count Seventeen), sex trafficking of Jane Doe #7 (as alleged in Racketeering Act 9(a) and Count Nineteen) and sex trafficking of Jane Doe #9 (as alleged in Racketeering Act 11(a) and Count Twenty-Three); and (2) Count One of the case No. 13-CR-128 (AT) (the "NDGA Indictment"), charging violations of 18 U.S.C. § 1591(a) and, at his guilty plea, admit his

**213**

participation in sex trafficking of MSJ (as alleged in Count Three) and sex trafficking of

SAM (as alleged in Count Five). These counts carry the following statutory penalties:

EDNY Indictment:  Count One

    a.    Maximum term of imprisonment: life
(18 U.S.C. § 1963(a)).

    b.    Minimum term of imprisonment: 0 years
(18 U.S.C. § 1963(a)).

    c.    Maximum supervised release term: 5 years, to follow any term
of imprisonment; if a condition of release is violated, the
defendant may be sentenced to up to 5 years without credit for
pre-release imprisonment or time previously served on post-
release supervision
(18 U.S.C. § 3583(b) and (e)).

    d.    Maximum fine:  greater of $250,000, or twice the gross gain or
twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(5) and (e)).

    e.    Restitution:  mandatory in the full amount of each victim's
losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

    f.    $100 special assessment
(18 U.S.C. § 3013).

    g.    Other penalties: removal, as set forth below in paragraph 8; sex
offender registration pursuant to the Sex Offender Registration
and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth
below in paragraph 11; criminal forfeiture, as set forth below in
paragraphs 6 to 7.

EDNY Indictment:  Count Nineteen

    a.    Maximum term of imprisonment: life
(18 U.S.C. § 1591(b)(1)).

    b.    Minimum term of imprisonment: 15 years
(18 U.S.C. § 1591(b)(1)).

2

**214**

c.    Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to life without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a)
(18 U.S.C. § 3583(b), (e) and (k)).

d.    Maximum fine: greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(5) and (e)).

e.    Restitution: mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 1593, 3663A and 3664).

f.    $100 special assessment
(18 U.S.C. § 3013).

g.    Other penalties: removal, as set forth below in paragraph 8; sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth below in paragraph 11; criminal forfeiture, as set forth below in paragraphs 6 to 7.

NDGA Indictment: Count One

a.    Maximum term of imprisonment: life
(18 U.S.C. § 1591(b)(1)).

b.    Minimum term of imprisonment: 15 years
(18 U.S.C. § 1591(b)(1)).

c.    Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to life without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense

3

**215**

> under Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a)
> (18 U.S.C. § 3583(b), (e) and (k)).

    d.    Maximum fine: greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(5) and (e)).

    e.    Restitution: mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 1593, 3663A and 3664).

    f.    $100 special assessment
(18 U.S.C. § 3013).

    g.    Other penalties: removal, as set forth below in paragraph 8; sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth below in paragraph 11; criminal forfeiture, as set forth below in paragraphs 6 to 7.

The sentence imposed on each count may run consecutively. However, because the conduct underlying the NDGA Indictment is relevant to the other offenses of conviction, and results in an increase in the applicable adjusted offense level (see § 5G1.3), as estimated below, the government agrees not to advocate for the sentences on each count of conviction to run consecutively.

    2.    The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the

4

**216**

Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 41, which is predicated on the following Guidelines calculation:

Sex Trafficking of Jane Doe #1 (Counts 1 and 2, Racketeering Acts 3(a) and 3(b); Counts 7 and 8) (EDNY Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1)) | 34 |
| Plus: Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Adjusted Offense Level | 36 |

Sex Trafficking of Minor Jane Doe #3 (Counts 1 and 2, Racketeering Act 5(a); Count 11) (EDNY Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.3(a)(1)) | 34 |
| Plus: Participant Unduly Influenced Minor (§ 2G1.3(b)(2)(B)) | +2 |
| Plus: Offense Involved Commercial Sex Act (§ 2G1.3(b)(4)(A)) | +2 |
| Adjusted Offense Level | 38 |

Sex Trafficking of Jane Doe #6 (Counts 1 and 2, Racketeering Act 8(a); Count 17) (EDNY Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1)) | 34 |
| Plus: Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Adjusted Offense Level | 36 |

**217**

Sex Trafficking of Jane Doe #7 (Counts 1 and 2, Racketeering Act 9(a); Count 19) (EDNY Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1)) | 34 |
| Plus:  Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Plus:  Aggravating Role (§ 3B1.1(c)) | +2 |
| Adjusted Offense Level | 38 |

Sex Trafficking of Jane Doe #9 (Counts 1 and 2, Racketeering Act 11(a); Count 23) (EDNY Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1)) | 34 |
| Plus:  Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Plus:  Obstruction of Justice (§ 3C1.1) | +2 |
| Adjusted Offense Level | 38 |

Sex Trafficking of FBF (Count 1) (NDGA Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1)) | 34 |
| Plus:  Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Plus:  Aggravating Role (§ 3B1.1(c)) | +2 |
| Adjusted Offense Level | 38 |

Sex Trafficking of MSJ (Count 3) (NDGA Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1)) | 34 |
| Plus:  Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Adjusted Offense Level | 36 |

Sex Trafficking of SAM (Counts 5) (NDGA Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1)) | 34 |
| Plus:  Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Adjusted Offense Level | 36 |

Alien Smuggling and Transportation (Counts 1 and 2, Racketeering Acts 1, 3(e) and 9(c); Counts 4 and 20) (EDNY Indictment)

| | |
|---|---|
| Base Offense Level (§ 2L1.1(a)(3)) | 12 |
| Plus:  Transporting 6 to 24 Aliens (§ 2L1.1(b)(2)(A)) | +3 |
| Adjusted Offense Level | 15 |

Money Laundering Conspiracy (Counts 1 and 2, Racketeering Act 13(a); Count 28) (EDNY Indictment)

| | |
|---|---|
| Base Offense Level (§§ 2S1.1(a)(1), 2G1.1(a)(1))) | 34 |

Multiple Count Analysis (§§ 3D1.1, 3D1.2, 3D1.3, 3D1.4)

| | | | Level | Units |
|---|---|---|---|---|
| | Highest Adjusted Offense Level: | | | 38 |
| Group 1: | Jane Doe #1 | | 36 | 1 |
| Group 2: | Jane Doe #3 | | 38 | 1 |
| Group 3: | Jane Doe #6 | | 36 | 1 |
| Group 4: | Jane Doe #7 | | 38 | 1 |
| Group 5: | Jane Doe #9 | | 38 | 1 |
| Group 6: | FBF | | 38 | 1 |
| Group 7: | MSJ | | 36 | 1 |
| Group 8: | SAM | | 36 | 1 |
| Group 9: | Alien Smuggling | | 15 | 0 |
| Group 10: | Money Laundering | | 34 | 1 |
| Plus: | More than 5 Levels (§ 3D1.4) | | | +5 |
| Less: | Global Disposition (§ 5K2.0) | | | -2 |
| Total: | | | | 41 |

7

**219**

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 39 and a range of imprisonment 262 - 327 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before April 19, 2017, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 38. This level carries a range of imprisonment of 235 - 293 months, assuming that the defendant falls within Criminal History Category I.

3. The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

4. The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 327 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this

8

agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 8 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

5.   The Office agrees that:

a.   no further criminal charges will be brought against the defendant for (1) racketeering related to the Rendon-Reyes Trafficking Organization in or about and between December 2004 and November 2015; (2) racketeering conspiracy related to the Rendon-Reyes Trafficking Organization in or about and between December 2004 and November 2015; (3) sex trafficking conspiracy in or about and between January 2009 and June 2014; (4) alien smuggling conspiracy in or about and between December 2004 and November 2015; (5) interstate prostitution conspiracy in or about and between December 2004 and June 2014; (6) conspiracy to transport minors for prostitution in or about and between March 2006 and July 2008; (7) sex trafficking of Jane Doe #1 in or about and between December 2004 and December 2006; (8) sex trafficking of Jane Doe #1 in or about and between May 2008 and May 2009; (9) sex trafficking of minor Jane Doe #3 in or about and between March 2006 and October 2006; (10) transportation of a minor, Jane Doe #3, for prostitution in or about and between March 2006 and October 2006; (11) sex trafficking of Jane Doe #6 in or about and

9

**221**

between November 2007 and February 2010; (12) sex trafficking of Jane Doe #7 in or about and between November 2007 and December 2008; (13) alien smuggling of Jane Doe #7 in or about and between November 2007 and January 2008; (14) sex trafficking of Jane Doe #9 in or about and between April 2010 and June 2014; (15) obstruction of justice in or about and between May 2013 and June 2014; (16) money laundering conspiracy in or about and between May 2005 and June 2014; (17) distribution of proceeds of a prostitution business in or about and between May 2005 and June 2014; (18) sex trafficking of FBF in or about and between February 2006 and November 2007; (19) alien smuggling of FBF in or about and between February 2006 and November 2007; (20) sex trafficking of MSJ in or about and between March 2007 and March 2008; (21) alien smuggling of MSJ in or about and between March 2007 and April 2008; (22) sex trafficking of SAM in or about and between March 2007 and May 2008; and (23) alien smuggling of SAM in or about and between March 2007 and May 2008, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the indictments and any underlying indictments with prejudice;

and, based upon information now known to the Office, it will

      b.      make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(b).

10

**222**

6.     The defendant represents that he no longer owns or has any interest in any monies or properties that are subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1962 and 1591, as alleged in the above-referenced indictment and the Forfeiture Allegation therein.  The defendant represents that he ~~has~~ _will_ ~~disclosed~~ all of his assets to the United States on the financial statement ~~dated~~ _within 30 days_ _____ entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement"), a copy of which ~~is~~ _will be._ attached hereto as Exhibit A.  The defendant agrees that a failure to disclose assets on the Financial Statement and to inform the government in writing of any material changes up until the time of sentencing constitutes a failure to cooperate with the government, and constitutes a material breach of this agreement.  Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.  If the government discovers that the defendant owns or holds an interest in any property that the defendant had an obligation to disclose, but failed to do so before sentencing, the defendant agrees to the summary forfeiture of such property or interest.

7.     Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States pursuant to 18 U.S.C. §§ 1963(a), 1963(m) and 1594(d), and 21 U.S.C. § 853(p) as: any interest the defendant has acquired or maintained in violation of 18 U.S.C. § 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendant had established, operated, controlled, conducted, or participated in the conduct of,

11

**223**

.

in violation of 18 U.S.C. § 1962, and any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; and/or any property constituting or derived from proceeds obtained directly or indirectly as a result of his violation, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 18 U.S.C. § 1591, and/or as substitute assets. The defendant agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, the defendant knowingly and voluntarily waives his right if any, to a jury trial on the forfeiture of said assets, and waives all constitutional, legal, and equitable defense to the forfeiture of said assets, including but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the Eighth Amendment of the Constitution (including a claim of excessive fines), the statute of limitations, or venue. The defendant agrees that the forfeiture of said assets is not to be considered a payment of a fine, penalty, restitution loss amount, or a payment on any income taxes that may be due, and shall survive bankruptcy.

8. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to racketeering involving sex trafficking and interstate prostitution, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless

12

**224**

affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

9.    This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

10.    This agreement is conditioned upon the following: (a) the defendants listed below (the "covered defendants") entering guilty pleas, pursuant to formal plea offers, on or before April 19, 2017, and (b) acceptance of those pleas by a United States District Court Judge at the time of the plea allocution. The covered defendants are:

i.    Jovan Rendon-Reyes;
ii.    Saul Rendon-Reyes;
iii.    Guillermina Rendon-Reyes;
iv.    Francisco Rendon-Reyes;
v.    Jose Rendon-Garcia;
vi.    Felix Rojas;
vii.    Odilon Martinez-Rojas; and
viii.    Severiano Martinez-Rojas.

If fewer than all of the covered defendants satisfy conditions 10(a) and 10(b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial. The Office may also elect not to recommend a reduction under the Guidelines for a global disposition. No covered defendant will have the right to withdraw his/her guilty plea in any of those circumstances.

13

**225**

11. The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

12. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement

14

supersedes all prior promises, agreements or conditions between the parties. To become

effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
     April 18    , 2017

                                    BRIDGET M. ROHDE
                                    Acting United States Attorney
                                    Eastern District of New York

              By:    _____

                                      Margaret Lee
                                    Assistant United States Attorney

                                    Approved by:

                                    _____
                                    Taryn A. Merkl
                                    Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its
terms and am entering into it knowingly and voluntarily.

_____
SEVERIANO MARTINEZ-ROJAS
Defendant

Approved by:

_____
John Wallenstein, Esq.
Counsel to Defendant

Translated by:

_____
J. CARLOS URGANT

15

**227**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X

**UNITED STATES OF AMERICA,**

        -against-                                **15 CR 348 (ERK)**
                                            **17 CR 208 (ERK)**

**SEVERIANO MARTINEZ-ROJAS,**
                         **Defendant.**

-----------------------------------------------------------X

**DEFENDANT'S SENTENCING MEMORANDUM**

**JOHN S. WALLENSTEIN, ESQ.**
**Attorney for Defendant**
**1100 Franklin Avenue**
**Garden City, New York 11530**
**(516) 742-5600**
**Fax: (516) 742-5040**

1

**228**

Email:JSWallensteinEsq@outlook.com

On behalf of Severiano Martinez-Rojas, we respectfully submit this sentencing memorandum to address the key question before the Court: what sentence will be sufficient, but not greater than necessary, to meet the goals of the Sentencing Reform Act? For the reasons demonstrated herein, we respectfully submit that the answer to the question is the mandatory minimum sentence of 15 years.

Mr. Martinez-Rojas entered a guilty plea to the charges in Counts 1 and 19 of Superseding Information S-1, charging him with Racketeering, 18 U.S.C. § 1962(c), and Sex Trafficking (Jane Doe #7), 18 U.S.C. § 1591(a)(1) and (a)(2), and Sex Trafficking 18 U.S.C. § 1591(a) under Indictment # 17 CR 208, which originated in the Northern District of Georgia and was transferred to this District pursuant to Rule 20, F.R.Cr.P.   All charges arose from a lengthy sex trafficking enterprise, involving Mr. Martinez-Rojas, his brother Odilon Martinez-Rojas, and several other family members. Mr. Martinez-Rojas pleaded guilty pursuant to a plea agreement.

## THE SENTENCING GUIDELINES

The PSR has calculated the Sentencing Guidelines, which tracks the calculation in the plea agreement. However, at the time of the plea before United States Magistrate Judge Vera Scanlon, the defendant reserved the right to challenge the Guideline calculation set forth in the plea agreement, and the plea agreement itself does not contain a stipulation to the calculations.

The Guidelines Range computation is complex, involving as it does multiple counts of sex trafficking, racketeering, and money laundering. Mr. Martinez-Rojas has pleaded guilty to two separate (but related) indictments involving both the Eastern District and the Northern District of Georgia.  There is an overlap between the two indictments, in that the charges are similar and based upon the same family involvement in sex trafficking, with at least one victim being involved in both indictments. Thus, while Mr. Martinez-Rojas will be sentenced on each of the two indictments, we respectfully submit that these charges all have their origin in a single scheme, and the sentences should be imposed to run concurrently with each other.

Each of the sex trafficking charges contains additional adjustments, and the one which stands out is the so-called "vulnerable victim" adjustment  *U.S.S.G. § 3A1.1(b)(1)*. The defendant objects to the inclusion of that adjustment, and (in the interest of judicial economy and brevity) adopts herein the reasoning set forth in the detailed sentencing memoranda submitted by Donna Newman, Esq., attorney for co-defendant Felix Rojas, *see ECF # 112*, as well as the arguments advanced by Len Kamdang, Esq., attorney for Francisco Rendon-Reyes, *see ECF # 107,* and Richard Rosenberg, Esq., attorney for  Odilon Martinez-Rojas, *see ECF # 110.* The memoranda referred to contain appropriate citations to controlling and/or persuasive case law, and we urge the Court to apply those arguments to the instant defendant as well.

Both the Government's estimate from the plea agreement and the PSR calculation contain a two level enhancement for obstruction of justice, related to the sex trafficking of Jane Doe #9. The claimed conduct is that Martinez-Rojas threatened her after another defendant's arrest, lest she go to the police. Mr. Martinez-Rojas vehemently denies any such threats, and in the absence of proof (as

3

**230**

opposed to mere allegation) we respectfully submit that the Court should not apply such an enhancement.

With respect to Count 1 of the NDGA Indictment, the sex trafficking of FBF, the Government calculation, as contained in the plea agreement, includes an aggravating role adjustment, thus adding two levels. This enhancement is unexplained and unwarranted; Martinez-Rojas' role in the entire offense, and the individual parts thereof, was no worse nor better than any of his co-defendants, and the PSR (¶ 111) supports that. Thus, the Court should not add a role adjustment to any count.

The Guideline calculation, adjusted for the removal of the enhancements as aforesaid, is then as follows:

Sex Trafficking of Jane Doe # 1 (Counts 1 & 2, Racketeering Acts3(a) and 3(b); Counts 7 & 8 (EDNY Indictment)

|  |  |
|---|---|
| Base Offense Level | 34 |

Sex Trafficking of Minor Jane Doe # 3 (Counts 1 & 2, Racketeering Act 5(a); Count 11 (EDNY Indictment)

|  |  |
|---|---|
| Base Offense Level | 34 |
| Participant unduly influenced minor | +2 |
| Adjusted Offense Level | 36 |

Sex Trafficking of Jane Doe # 6 (Counts 1 & 2, Racketeering Act 8(a); Count 17 (EDNY Indictment)

|  |  |
|---|---|
| Base Offense Level | 34 |

Sex Trafficking of Jane Doe # 7 (Counts 1 & 2, Racketeering Act 9(a); Count 19 (EDNY Indictment)

|  |  |
|---|---|
| Base Offense Level | 34 |

Sex Trafficking of Jane Doe # 9 (Counts 1 & 2, Racketeering Act 11(a); Count 23 (EDNY Indictment)

|  | |
|---|---|
| Base Offense Level | 34 |

Sex Trafficking of FBF (Count 1) (NDGA Indictment)

|  | |
|---|---|
| Base Offense Level | 34 |

Sex Trafficking of MSJ (Count 3) (NDGA Indictment)

|  | |
|---|---|
| Base Offense Level | 34 |

Sex Trafficking of SAM (Count 5) (NDGA Indictment)

|  | |
|---|---|
| Base Offense Level | 34 |

Alien Smuggling and Transportation (Counts 1 & 2, Racketeering Acts 1, 3(e) & 9©; Counts 4 & 20 (EDNY Indictment)

|  | |
|---|---|
| Base Offense Level | 12 |
| Transport 6 to 24 aliens | +3 |
| Adjusted Offense level | 15 |

Money Laundering Conspiracy (Counts 1 & 2, Racketeering Act 13(a); Count 28(EDNY Indictment)

|  | |
|---|---|
| Base Offense Level | 34 |

**MULTIPLE COUNT ANALYSIS**

Highest Adjusted Offense level                    36

|  |  | LEVEL | UNITS |
|---|---|---|---|
| Group 1: | Jane Doe # 1 | 34 | 1 |
| Group 2: | Jane Doe # 3 | 36 | 1 |
| Group 3: | Jane Doe # 6 | 34 | 1 |
| Group 4: | Jane Doe # 7 | 34 | 1 |
| Group 5: | Jane Doe # 9 | 34 | 1 |
| Group 6: | FBF | 34 | 1 |
| Group 7: | MSJ | 34 | 1 |

5

**232**

| | | | | |
|---|---|---|---|---|
| Group 8: | SAM | 34 | 1 | |
| Group 9: | Alien Smuggling | 15 | 0 | |
| Group 10: | Money laundering | 34 | 1 | |

| | |
|---|---|
| Plus:  More than 5 levels | +5 |
| Less:  Global Disposition | -2 |
| TOTAL: | 39 |
| LESS:          Acceptance of Responsibility | -3 |
| TOTAL OFFENSE LEVEL: | 36 |

Given that the defendant is in Criminal History Category I, the Guideline Range of imprisonment is 188-235 months.

## SENTENCING FACTORS

18 U.S.C. §3553(a) spells out the factors which Congress has mandated this Court to consider in arriving at its sentencing decision. In any sex trafficking case, and particularly one which involves multiple victims, the tendency is to sentence as harshly as possible, because punishment is viewed as the overarching criterion. The Probation Officer even suggests (PSR ¶ 197) that an upward departure (from the PSR calculated range of 292 to 365 months) is warranted, because of the claimed inadequacy of the Advisory Sentencing Guidelines. However, a sentence even close to that range would be far greater than necessary to achieve the sentencing goals set by Congress, and would thus run afoul of the parsimony clause of 3553(a). Rather, considering Severiano's life, and especially the culture of prostitution and sex trafficking which exists in his hometown of Tenancingo,

Mexico[1], and in which he was raised, the Court should give far more credence and weight to his personal characteristics. Severiano grew up literally "dirt poor", often going without sufficient food. He described his childhood as "sad" (PSR ¶ 153). He had no formal education after age 13, and lacked the means to earn a sufficient living. He left home at that age, hoping to earn a living in Mexico City; one can only imagine the stress an adolescent faced, being virtually alone in a large city after having been raised in a small town.  This does not excuse what he has done, but understanding the pressures on a young man in the atmosphere and culture of what has been called "the heart of Mexico's sex-slave trade"[2]    helps one to understand what developed later in life. Severiano has a wife and two adult children in Mexico, and the family is very supportive of him.

Severiano knows he has committed very serious crimes. He has admitted his guilt and described his actions in his plea allocution. He will serve at least 15 years in federal custody. As an undocumented alien he will be ineligible for early release to halfway house. His time inside will be harsh, because (again as a result of his immigration status) he will not be able to participate in many of the programs which the Bureau of Prisons provides as a means of rehabilitation. He will simply be warehoused until he is released, sometime in the year 2031.

He is almost 54 years old, with nothing of consequence to show for his life thus far. He will be in his late sixties when released, and will certainly be deported to Mexico. By then, his health will have deteriorated, and he will be an uneducated, unskilled convicted felon. What then happens to him?

---

[1] The culture of sex trafficking in Tenancingo is well documented, and has been put before Your Honor in the submissions of Ms. Newman and Mr. Rosenberg. See ECF # 112.1; ECF # 110. I hereby adopt those arguments and urge the Court to consider them in crafting Severiano's sentence.

[2] *The Guardian*, April 5, 2015

7

**234**

235

A sentence of fifteen years, required by law, is harsh in itself, considering Severiano's situation. If the Court were to sentence him as Probation alludes to (an upward departure from 365 months!) he will not survive. Anything approaching such a sentence is a lifetime of incarceration, far more than necessary.

## **CONCLUSION**

Taking into consideration all of the factors of 18 U.S.C.§ 3553(a), and applying those factors to the defendant's unique circumstances, it is respectfully submitted that a sentence of 180 months, the mandatory minimum, will be sufficient, but not greater than necessary, to serve the ends of justice and the goals of sentencing.

DATED:     GARDEN CITY, NEW YORK
                   December 5, 2018

Respectfully submitted,

John S. Wallenstein
Digitally signed by John S. Wallenstein
Date: 2018.12.05 16:25:39 -05'00'

JOHN S. WALLENSTEIN

8

**235**