# No. 19-2664 (L)

## 19-3148 (con), 19-3161 (con), 19-3167 (con)

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

———————————

UNITED STATES,
*Appellee,*

v.

Saul RENDON-REYES, Guillermina RENDON-REYES, Francisco RENDON-REYES,
Jose RENDON-GARCIA,
*Defendants,*

Felix ROJAS, Odilon MARTINEZ-ROJAS, Severiano MARTINEZ-ROJAS,
Jovan RENDON-REYES,
*Defendant-Appellants.*

———————————————————————————

ON APPEAL FROM A JUDGMENT AND SENTENCE IMPOSED
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
1:15-CR-000348-ERK(7), U.S.D.J. Korman

———————————————————————————

**RECORD APPENDIX VOLUME 1 of 3**
**FOR DEFENDANT-APPELLANT ODILON MARTINEZ-ROJAS**
19-3148 (con)

———————————————————————————

INES MCGILLION
*Attorney for Odilon Martinez-Rojas*
INES MCGILLION LAW OFFICES, PLLC
P.O. Box 212
126 Main Street
Putney, VT 05346
(646) 246-3868
ines@mcgillionlaw.com

RECORD APPENDIX
TABLE OF CONTENTS

**Volume 1**

**E.D.N.Y. docket sheet in 1:15-CR-000348-ERK (all)**...............................**4**

**Superseding Indictment (Doc. 16),**
 **December 16, 2015** .......................................................**53**

**Transcript Change of Plea - Odilon Martinez-Rojas (Doc. 87),**
 **April 6, 2017** ........................................................**105**

 **Gov't Ex. 3 - Plea Agreement** .....................................**156**

**Sentencing Memorandum – Odilon Martinez-Rojas (Doc. 110),**
 **October 15, 2018** ......................................................**169**

Volume 2

Sentencing Memorandum – United States (Doc. 115),
 December 5, 2018 ........................................................4

Sentencing Transcript – Odilon & Severiano Martinez-Rojas (Doc. 207),
 January 4, 2019 ........................................................129

Letter Requesting Conference Regarding Whether Felix Rojas' Counsel
Should be Relieved for Restitution Briefing (Doc. 126),
 January 24, 2019 ........................................................217

Pro Se Notice of Appeal, Odilon Martinez-Rojas (Doc. 192),
 January 24, 2019 ........................................................219

Letter Requesting Conference Regarding Whether Odilon Martinez's
Counsel Should be Relieved for Restitution Briefing (Doc. 127),
 January 25, 2019 ........................................................221

Government's Letters on SBI sentencing enhancement (Docs 135 & 136)
 January 31, 2019 & February 1, 2019 ...................................222, 227

Transcript – Hearing re Representation and Restitution (Doc. 140)
February 6, 2019 ...........................................................................230

Attorney Rosenberg's Application to Withdraw and Substitute Counsel
(Doc. 138),
February 7, 2019 ...........................................................................252

Government's Letter Responding to Defendant Objection
to Restitution (Doc. 151),
May 10, 2019 ...............................................................................255

Volume 3

Transcript – Evidentiary Restitution Hearing (Doc. 204)
July 24, 2019 ...................................................................................4

Government Letter re Court Restitution Findings (Doc. 166),
July 31, 2019 .................................................................................22

Notice of Court's Proposed Restitution Order (Doc. 167),
August 9, 2019 ..............................................................................27

Transcript –Restitution Proceeding Odilon Martinez-Rojas (Doc. 216)
September 10, 2019 ........................................................................29

Judgment – Odilon Martinez-Rojas (Doc. 186),
September 26, 2019 ........................................................................33

Notice of Appeal – Odilon Martinez-Rojas (Doc. 199),
October 1, 2019 .............................................................................39

◆◆◆

Case 19-2664, Document 203, 06/19/2020, 2866711, Page4 of 192

Query    Reports    Utilities    Help    Log Out

# U.S. District Court
## Eastern District of New York (Brooklyn)
## CRIMINAL DOCKET FOR CASE #: 1:15-cr-00348-ERK All Defendants

Case title: USA v. Rendon-Reyes et al                    Date Filed: 07/16/2015

Assigned to: Judge Edward R. Korman
Referred to: Magistrate Judge Vera M.
Scanlon

### Defendant (1)

**Jovan Rendon-Reyes**                represented by    **Richard B. Lind**
*TERMINATED: 09/26/2019*                                Richard B. Lind, Esq.
*also known as*                                          880 Third Avenue
Jovani                                                   13th Flr.
*TERMINATED: 09/26/2019*                                New York, NY 10022
                                                        212-888-7725
                                                        Fax: 212-371-2961
                                                        Email: rlindesq@aol.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*
                                                        *Designation: CJA Appointment*

### Pending Counts

RACKETEERING - PROSTITUTION
(1s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(14s)

### Disposition

Imprisonment: Two-Hundred Forty
(240) Months. Supervised Release:
Five Years with special conditions
imposed. Special Assessment: $200.
Restitution: $237,300.00

Imprisonment: Two-Hundred Forty
(240) Months. Supervised Release:
Five Years with special conditions
imposed. Special Assessment: $200.
Restitution: $237,300.00

### Highest Offense Level (Opening)

Felony

### Terminated Counts                                   ### Disposition

Case 19-2664, Document 212, 06/19/2020, 2866711, Page5 of 192

INTERSTATE COMMERCE
(1-2)

RACKETEERING CONSPIRACY
(2s)

Dismissed on Governments motion.

CONSPIRACY TO COMMIT SEX
TRAFFICKING OF CHILDREN BY
FORCE, FRAUD, OR COERCION
(3)

CONSPIRACY TO COMMIT SEX
TRAFFICKING OF CHILDREN BY
FORCE, FRAUD, OR COERCION
(3s)

Dismissed on Governments motion.

BRINGING IN AND HARBORING
ALIENS
(4)

BRINGING IN AND HARBORING
ALIENS
(4s)

Dismissed on Governments motion.

COERCION OR ENTICEMENT OF
FEMALE
(5)

INTERSTATE PROSTITUTION
CONSPIRACY
(5s)

Dismissed on Governments motion.

COERCION OR ENTICEMENT OF
MINOR FEMALE
(6)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(6s)

Dismissed on Governments motion.

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(7)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(7s)

Dismissed on Governments motion.

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(12)

Dismissed on Governments motion.

COERCION OR ENTICEMENT OF
MINOR FEMALE
(13)

Dismissed on Governments motion.

Case 19-2664, Document 203, 06/19/2020, 2866711, Page6 of 192

|  |  |
|---|---|
| BRINGING IN AND HARBORING ALIENS (14) | |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (15) | |
| COERCION OR ENTICEMENT OF MINOR FEMALE (15s) | Dismissed on Governments motion. |
| BRINGING IN AND HARBORING ALIENS (16) | |
| BRINGING IN AND HARBORING ALIENS (16s) | Dismissed on Governments motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (17s) | Dismissed on Governments motion. |
| BRINGING IN AND HARBORING ALIENS (18s) | Dismissed on Governments motion. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (26) | Dismissed on Governments motion. |
| RACKETEERING - PROSTITUTION (27) | Dismissed on Governments motion. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (28s) | Dismissed on Governments motion. |
| RACKETEERING - PROSTITUTION (29s) | Dismissed on Governments motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge Edward R. Korman

**Defendant (2)**

RA1: 6

Case 19-2664, Document 103, 06/19/2020, 2866711, Page7 of 192

**Saul Rendon-Reyes**                                   represented by **Lloyd Epstein**
*TERMINATED: 09/26/2019*                                                 Epstein & Weil
*also known as*                                                          225 Broadway
Satanico                                                                 Suite 1203
*TERMINATED: 09/26/2019*                                                 New York, NY 10007
                                                                        212-732-4888
                                                                        Fax: 212-732-6703
                                                                        Email: lepstein@epsteinweil.com
                                                                        *LEAD ATTORNEY*
                                                                        *ATTORNEY TO BE NOTICED*
                                                                        *Designation: CJA Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| INTERSTATE COMMERCE (1-2) | |
| RACKETEERING - PROSTITUTION (1s) | Imprisonment: One-Hundred-Eighty (180). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $200. Restitution: $218,400. |
| RACKETEERING CONSPIRACY (2s) | Dismissed on Government's Motion. |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION (3) | |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION (3s) | Dismissed on Government's Motion. |
| BRINGING IN AND HARBORING ALIENS (4) | |
| BRINGING IN AND HARBORING ALIENS (4s) | Dismissed on Government's Motion. |
| COERCION OR ENTICEMENT OF FEMALE (5) | |
| INTERSTATE PROSTITUTION CONSPIRACY (5s) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (8) | |

Case 19-2664, Document 212, 06/19/2020, 2866711, Page 8 of 192

| | |
|---|---|
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (8s) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (9s) | Imprisonment: One-Hundred-Eighty (180). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $200. Restitution: $218,400. |
| BRINGING IN AND HARBORING ALIENS (10s) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (17) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (19s) | Dismissed on Government's Motion. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (26) | Dismissed on Government's Motion. |
| RACKETEERING - PROSTITUTION (27) | Dismissed on Government's Motion. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (28s) | Dismissed on Government's Motion. |
| RACKETEERING - PROSTITUTION (29s) | Dismissed on Government's Motion. |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| None | |

RA1: 8

Assigned to: Judge Edward R. Korman

**Defendant (3)**

**Guillermina Rendon-Reyes**

represented by **Joel S. Cohen**
Joel S. Cohen, P.C.
35 Worth Street
3rd flloor
New York, NY 10013
212-571-8899
Fax: 212-571-9557
Email: jcesq99@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

INTERSTATE COMMERCE
(1-2)

RACKETEERING - PROSTITUTION
(1s)

RACKETEERING CONSPIRACY
(2s)

CONSPIRACY TO COMMIT SEX
TRAFFICKING OF CHILDREN BY
FORCE, FRAUD, OR COERCION
(3)

CONSPIRACY TO COMMIT SEX
TRAFFICKING OF CHILDREN BY
FORCE, FRAUD, OR COERCION
(3s)

BRINGING IN AND HARBORING
ALIENS
(4)

BRINGING IN AND HARBORING
ALIENS
(4s)

COERCION OR ENTICEMENT OF
FEMALE
(5)

INTERSTATE PROSTITUTION
CONSPIRACY
(5s)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(6)

**Disposition**

**RA1: 9**

Case 19-2064, Document 12, 06/19/2020, 2866711, Page10 of 192

COERCION OR ENTICEMENT OF
MINOR FEMALE
(6s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(9)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(10)

BRINGING IN AND HARBORING
ALIENS
(11)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(11s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(12)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(12s)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(13)

BRINGING IN AND HARBORING
ALIENS
(13s)

BRINGING IN AND HARBORING
ALIENS
(14)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(14s)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(15s)

BRINGING IN AND HARBORING
ALIENS
(16s)

MONEY LAUNDERING -
INTERSTATE COMMERCE

**RA1: 10**

Case 19-2064, Document 126, 06/19/2020, 2866711, Page 11 of 192

(26)

RACKETEERING - PROSTITUTION
(27)

MONEY LAUNDERING -
INTERSTATE COMMERCE
(28s)

RACKETEERING - PROSTITUTION
(29s)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Edward R. Korman

**Defendant (4)**

**Francisco Rendon-Reyes**
*also known as*
Pancho

represented by **James Darrow**
Federal Defenders of New York
One Pierrepont Plaza
16th floor
Brooklyn, NY 11201
718-407-7419
Fax: 718-855-0760
Email: james_darrow@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Len H. Kamdang**
Federal Defenders of New York
One Pierrepont Plaza, 16th Floor
Brooklyn, NY 11201
718-407-7419
Email: len_kamdang@fd.org
*LEAD ATTORNEY*

**RA1: 11**

Case 19-2064, Document 126, 06/19/2020, 2866711, Page 12 of 192

*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or*
*Community Defender Appointment*

**Pending Counts**                     **Disposition**

INTERSTATE COMMERCE
(1-2)

RACKETEERING - PROSTITUTION
(1s)

RACKETEERING CONSPIRACY
(2s)

BRINGING IN AND HARBORING
ALIENS
(4)

BRINGING IN AND HARBORING
ALIENS
(4s)

COERCION OR ENTICEMENT OF
FEMALE
(5)

INTERSTATE PROSTITUTION
CONSPIRACY
(5s)

BRINGING IN AND HARBORING
ALIENS
(10s)

COERCION OR ENTICEMENT OF
FEMALE
(24)

BRINGING IN AND HARBORING
ALIENS
(25)

COERCION OR ENTICEMENT OF
FEMALE
(26s)

BRINGING IN AND HARBORING
ALIENS
(27s)

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                   **Disposition**

Case 19-2064, Document 126, 06/19/2020, 2866711, Page 13 of 192

None

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |

None

---

Assigned to: Judge Edward R. Korman

**Defendant (5)**

| | |
| --- | --- |
| **Jose Rendon-Garcia**<br>*also known as*<br>Gusano | represented by **Gary S. Villanueva**<br>Gary S. Villanueva, Attorney at Law<br>11 Park Place<br>Suite 1601<br>New York, NY 10007<br>212-219-0100<br>Fax: 212-219-3701<br>Email: garyvillanueva@aol.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
| --- | --- |
| INTERSTATE COMMERCE<br>(1-2) | |
| RACKETEERING - PROSTITUTION<br>(1s) | |
| RACKETEERING CONSPIRACY<br>(2s) | |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION<br>(3) | |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION<br>(3s) | |
| BRINGING IN AND HARBORING ALIENS<br>(4) | |
| BRINGING IN AND HARBORING ALIENS<br>(4s) | |

**RA1: 13**

Case 19-2064, Document 212, 06/19/2020, 2866711, Page 14 of 192

COERCION OR ENTICEMENT OF
FEMALE

(5)

INTERSTATE PROSTITUTION
CONSPIRACY

(5s)

COERCION OR ENTICEMENT OF
MINOR FEMALE

(6)

COERCION OR ENTICEMENT OF
MINOR FEMALE

(6s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION

(9)

COERCION OR ENTICEMENT OF
MINOR FEMALE

(10)

BRINGING IN AND HARBORING
ALIENS

(11)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION

(11s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION

(12)

COERCION OR ENTICEMENT OF
MINOR FEMALE

(12s)

COERCION OR ENTICEMENT OF
MINOR FEMALE

(13)

BRINGING IN AND HARBORING
ALIENS

(13s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION

(14s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR

RA1: 14

COERCION
(15)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(15s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(17)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(17s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(19)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(19s)

BRINGING IN AND HARBORING
ALIENS
(20)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(21s)

BRINGING IN AND HARBORING
ALIENS
(22s)

MONEY LAUNDERING -
INTERSTATE COMMERCE
(26)

RACKETEERING - PROSTITUTION
(27)

MONEY LAUNDERING -
INTERSTATE COMMERCE
(28s)

RACKETEERING - PROSTITUTION
(29s)

**Highest Offense Level (Opening)**

Felony

RA1: 15

Case 19-2064, Document 21, 06/19/2020, 2866711, Page16 of 192

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

**Complaints**

None

**Disposition**

---

Assigned to: Judge Edward R. Korman

**Defendant (6)**

**Felix Rojas**
*TERMINATED: 08/16/2019*

represented by **Donna R. Newman**
Law Office of Donna R. Newman
20 Vesey Street
Suite 400
New York, NY 10007
212- 229-1516
Fax: 212-676-7497
Email: donnanewmanlaw@aol.com
*TERMINATED: 03/29/2019*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Sarah Kunstler**
Sarah Kunstler, Esq.
315 Flatbush Avenue #103
Brooklyn, NY 11217
718-783-3682
Fax: 347-402-2014
Email: sarah@kunstlerlaw.net
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**

RACKETEERING - PROSTITUTION
(1s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION

**Disposition**

Three (300) Months Imprisonment.
Five (5)Years Supervised Release.
Special Conditions of Supervision.
$200.00 Special assessment. Restitution
$367,500.00

Three (300) Months Imprisonment.
Five (5)Years Supervised Release.
Special Conditions of Supervision.

**RA1: 16**

Case 19-2064, Document 126, 06/19/2020, 2866711, Page 17 of 192

|  | |
|---|---|
| (17s) | $200.00 Special assessment. Restitution $367,500.00 |

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| INTERSTATE COMMERCE (1-2) | Dismissed Upon Motion of the Government. |
| RACKETEERING CONSPIRACY (2s) | Dismissed Upon Motion of the Government. |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION (3) | Dismissed Upon Motion of the Government. |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION (3s) | Dismissed Upon Motion of the Government. |
| BRINGING IN AND HARBORING ALIENS (4) | Dismissed Upon Motion of the Government. |
| BRINGING IN AND HARBORING ALIENS (4s) | Dismissed Upon Motion of the Government. |
| COERCION OR ENTICEMENT OF FEMALE (5) | Dismissed Upon Motion of the Government. |
| INTERSTATE PROSTITUTION CONSPIRACY (5s) | Dismissed Upon Motion of the Government. |
| COERCION OR ENTICEMENT OF MINOR FEMALE (6) | Dismissed Upon Motion of the Government. |
| COERCION OR ENTICEMENT OF MINOR FEMALE (6s) | Dismissed Upon Motion of the Government. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (9) | Dismissed Upon Motion of the Government. |
| COERCION OR ENTICEMENT OF MINOR FEMALE (10) | Dismissed Upon Motion of the Government. |

RA1: 17

BRINGING IN AND HARBORING
ALIENS
(11)

Dismissed Upon Motion of the
Government.

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(11s)

Dismissed Upon Motion of the
Government.

COERCION OR ENTICEMENT OF
MINOR FEMALE
(12s)

Dismissed Upon Motion of the
Government.

BRINGING IN AND HARBORING
ALIENS
(13s)

Dismissed Upon Motion of the
Government.

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(15)

Dismissed Upon Motion of the
Government.

BRINGING IN AND HARBORING
ALIENS
(16)

Dismissed Upon Motion of the
Government.

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(17)

Dismissed Upon Motion of the
Government.

BRINGING IN AND HARBORING
ALIENS
(18)

Dismissed Upon Motion of the
Government.

BRINGING IN AND HARBORING
ALIENS
(18s)

Dismissed Upon Motion of the
Government.

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(19)

Dismissed Upon Motion of the
Government.

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(19s)

Dismissed Upon Motion of the
Government.

BRINGING IN AND HARBORING
ALIENS
(20)

Dismissed Upon Motion of the
Government.

BRINGING IN AND HARBORING
ALIENS
(20s)

Dismissed Upon Motion of the
Government.

RA1: 18

Case 19-2064, Document 212, 06/19/2020, 2866711, Page19 of 192

| | |
|---|---|
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (21s) | Dismissed Upon Motion of the Government. |
| BRINGING IN AND HARBORING ALIENS (22s) | Dismissed Upon Motion of the Government. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (26) | Dismissed Upon Motion of the Government. |
| RACKETEERING - PROSTITUTION (27) | Dismissed Upon Motion of the Government. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (28s) | Dismissed Upon Motion of the Government. |
| RACKETEERING - PROSTITUTION (29s) | Dismissed Upon Motion of the Government. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

Assigned to: Judge Edward R. Korman

**Defendant (7)**

| | | |
|---|---|---|
| **Odilon Martinez-Rojas**<br>*TERMINATED: 09/26/2019*<br>*also known as*<br>Chino<br>*TERMINATED: 09/26/2019*<br>*also known as*<br>Saul<br>*TERMINATED: 09/26/2019* | represented by | **Richard H. Rosenberg**<br>Richard H. Rosenberg<br>217 Broadway<br>Suite 707<br>New York, NY 10007<br>212-586-3838<br>Fax: 212-962-5037<br>Email: richrosenberg@msn.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>Designation: CJA Appointment |

| **Pending Counts** | **Disposition** |
|---|---|
| RACKETEERING - PROSTITUTION (1s) | Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $200. |

**RA1: 19**

Case 19-2064, Document 121, 06/19/2020, 2866711, Page 20 of 192

| | Restitution: $476,700. |
| --- | --- |

SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION
(23s)

Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $200. Restitution: $476,700.

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| INTERSTATE COMMERCE (1-2) | |
| RACKETEERING CONSPIRACY (2s) | Dismissed on Government's motion. |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION (3) | |
| CONSPIRACY TO COMMIT SEX TRAFFICKING OF CHILDREN BY FORCE, FRAUD, OR COERCION (3s) | Dismissed on Government's motion. |
| BRINGING IN AND HARBORING ALIENS (4) | |
| BRINGING IN AND HARBORING ALIENS (4s) | Dismissed on Government's motion. |
| COERCION OR ENTICEMENT OF FEMALE (5) | |
| INTERSTATE PROSTITUTION CONSPIRACY (5s) | Dismissed on Government's motion. |
| COERCION OR ENTICEMENT OF MINOR FEMALE (6) | |
| COERCION OR ENTICEMENT OF MINOR FEMALE (6s) | Dismissed on Government's motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | Dismissed on Government's motion. |

**RA1: 20**

Case 1:19-2064, Document 2126, 06/19/2020, 2866711, Page 21 of 192

| | |
|---|---|
| (7-8) SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | Dismissed on Government's motion. |
| (7s-9s) BRINGING IN AND HARBORING ALIENS | Dismissed on Government's motion. |
| (10s) SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | Dismissed on Government's motion. |
| (12) COERCION OR ENTICEMENT OF MINOR FEMALE | Dismissed on Government's motion. |
| (13) BRINGING IN AND HARBORING ALIENS | |
| (14) SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | Dismissed on Government's motion. |
| (14s) SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | |
| (15) COERCION OR ENTICEMENT OF MINOR FEMALE | Dismissed on Government's motion. |
| (15s) BRINGING IN AND HARBORING ALIENS | |
| (16) BRINGING IN AND HARBORING ALIENS | Dismissed on Government's motion. |
| (16s) SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | |
| (17) SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | Dismissed on Government's motion. |
| (17s) BRINGING IN AND HARBORING ALIENS | |

**RA1: 21**

Case 19-2064, Document 12, 06/19/2020, 2866711, Page22 of 192

| | |
|---|---|
| (18)<br>BRINGING IN AND HARBORING ALIENS | Dismissed on Government's motion. |
| (18s)<br>SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | Dismissed on Government's motion. |
| (19s)<br>BRINGING IN AND HARBORING ALIENS | Dismissed on Government's motion. |
| (20s)<br>SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION | Dismissed on Government's motion. |
| (21)<br>BRINGING IN AND HARBORING ALIENS | Dismissed on Government's motion. |
| (22)<br>OBSTRUCTION OF JUSTICE | |
| (23)<br>BRINGING IN AND HARBORING ALIENS | Dismissed on Government's motion. |
| (24s)<br>OBSTRUCTION OF JUSTICE | Dismissed on Government's motion. |
| (25s)<br>MONEY LAUNDERING - INTERSTATE COMMERCE | Dismissed on Government's motion. |
| (26)<br>RACKETEERING - PROSTITUTION | Dismissed on Government's motion. |
| (27)<br>MONEY LAUNDERING - INTERSTATE COMMERCE | Dismissed on Government's motion. |
| (28s)<br>RACKETEERING - PROSTITUTION | Dismissed on Government's motion. |
| (29s) | |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

Assigned to: Judge Edward R. Korman

**RA1: 22**

Case 19-2064, Document 212, 06/19/2020, 2866711, Page23 of 192

## Defendant (8)

**Severiano Martinez-Rojas**
*TERMINATED: 09/26/2019*
*also known as*
Negro
*TERMINATED: 09/26/2019*
*also known as*
Gato
*TERMINATED: 09/26/2019*
*also known as*
Arturo
*TERMINATED: 09/26/2019*

represented by **John S. Wallenstein**
John S. Wallenstein, Esq.
1100 Franklin Avenue
Suite 100
Garden City, NY 11530
516-742-5600
Fax: 516-742-5040
Email: jswallensteinesq@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

## Pending Counts

RACKETEERING - PROSTITUTION
(1s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(11s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(19s)

## Disposition

Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $300. Restitution: $658,300.

Dismissed on Government's Motion.

Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $300. Restitution: $658,300.

## Highest Offense Level (Opening)

Felony

## Terminated Counts

INTERSTATE COMMERCE
(1-2)

RACKETEERING CONSPIRACY
(2s)

CONSPIRACY TO COMMIT SEX
TRAFFICKING OF CHILDREN BY
FORCE, FRAUD, OR COERCION
(3)

CONSPIRACY TO COMMIT SEX
TRAFFICKING OF CHILDREN BY
FORCE, FRAUD, OR COERCION

## Disposition

Dismissed on Government's Motion.

Dismissed on Government's Motion.

**RA1: 23**

Case 19-2064, Document 12, 06/19/2020, 2866711, Page 24 of 192

(3s)
BRINGING IN AND HARBORING
ALIENS
(4)

BRINGING IN AND HARBORING
ALIENS
(4s)                                          Dismissed on Government's Motion.

COERCION OR ENTICEMENT OF
FEMALE
(5)

INTERSTATE PROSTITUTION
CONSPIRACY                                    Dismissed on Government's Motion.
(5s)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(6)

COERCION OR ENTICEMENT OF
MINOR FEMALE                                  Dismissed on Government's Motion.
(6s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(7-9)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION                                      Dismissed on Government's Motion.
(7s-9s)

COERCION OR ENTICEMENT OF
MINOR FEMALE
(10)

BRINGING IN AND HARBORING
ALIENS                                        Dismissed on Government's Motion.
(10s)

COERCION OR ENTICEMENT OF
MINOR FEMALE                                  Dismissed on Government's Motion.
(12s)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION                                      Dismissed on Government's Motion.
(15)

SEX TRAFFICKING OF CHILDREN
OR BY FORCE, FRAUD OR
COERCION
(17)

**RA1: 24**

| | |
|---|---|
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (17s) | Dismissed on Government's Motion. |
| BRINGING IN AND HARBORING ALIENS (18) | Dismissed on Government's Motion. |
| BRINGING IN AND HARBORING ALIENS (20s) | Dismissed on Government's Motion. |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (21) | Dismissed on Government's Motion. |
| OBSTRUCTION OF JUSTICE (23) | |
| SEX TRAFFICKING OF CHILDREN OR BY FORCE, FRAUD OR COERCION (23s) | Dismissed on Government's Motion. |
| OBSTRUCTION OF JUSTICE (25s) | Dismissed on Government's Motion. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (26) | Dismissed on Government's Motion. |
| RACKETEERING - PROSTITUTION (27) | Dismissed on Government's Motion. |
| MONEY LAUNDERING - INTERSTATE COMMERCE (28s) | Dismissed on Government's Motion. |
| RACKETEERING - PROSTITUTION (29s) | Dismissed on Government's Motion. |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

| **Plaintiff** | |
|---|---|
| **USA** | represented by **Benjamin J. Hawk** U.S. Department of Justice 950 Pennsylvania Ave Nw |

**RA1: 25**

Case 19-2064, Document 212, 06/19/2020, 2866711, Page 26 of 192

Washington, DC 20530
202-514-8208
Fax: 202-514-8336
Email: benjamin.hawk@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Margaret Elizabeth Lee**
U.S. Attorney's Office, Eastern District
of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6205
Fax: 718-254-6076
Email: margaret.lee@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Taryn A. Merkl**
United States Attorneys Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-6064
Fax: 718-254-6478
Email: taryn.merkl@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/16/2015 | 1 | SEALED INDICTMENT as to Jovan Rendon-Reyes (1) count(s) 1-2, 3, 4, 5, 6, 7, 12, 13, 14, 15, 16, 26, 27, Saul Rendon-Reyes (2) count(s) 1-2, 3, 4, 5, 8, 17, 26, 27, Guillermina Rendon-Reyes (3) count(s) 1-2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 26, 27, Francisco Rendon-Reyes (4) count(s) 1-2, 4, 5, 24, 25, Jose Rendon-Garcia (5) count(s) 1-2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 15, 17, 19, 20, 26, 27, Felix Rojas (6) count(s) 1-2, 3, 4, 5, 6, 9, 10, 11, 15, 16, 17, 18, 19, 20, 26, 27, Odilon Martinez-Rojas (7) count(s) 1-2, 3, 4, 5, 6, 7-8, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 26, 27, Severiano Martinez-Rojas (8) count(s) 1-2, 3, 4, 5, 6, 7-9, 10, 15, 17, 18, 21, 23, 26, 27. (Attachments: # 1 Criminal Information Sheet, # 2 Sealing Cover Sheet) (Piper, Francine) (Entered: 07/17/2015) |
| 11/19/2015 | 3 | Order to Unseal Indictment as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. Ordered by Magistrate Judge James Orenstein on 11/19/2015. (Chee, Alvin) (Entered: 11/20/2015) |

**RA1: 26**

Case 19-2064, Document 121, 06/19/2020, 2866711, Page27 of 192

| 11/19/2015 | 4 | Minute Entry for proceedings held before Magistrate Judge James Orenstein: Arraignment as to Saul Rendon-Reyes (2) Count 1-2,3,4,5,8,17,26,27 held on 11/19/2015. AUSA Margaret Lee and Taryn Merkl; Lloyd Epstein for defendant. Spanish interpreter Maristela Verastegui also present. Defendant enters plea of not guilty to all counts of the indictment. Time excluded from 11/19/15 to 12/23/15. Order of Detention entered. Status Conference set for 12/23/2015 at 3:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #: 3:47-3:52.) (Chee, Alvin) (Entered: 11/20/2015) |
| --- | --- | --- |
| 11/19/2015 | 5 | CJA 20 as to Saul Rendon-Reyes: Appointment of Attorney Lloyd Epstein for Saul Rendon-Reyes. Ordered by Magistrate Judge James Orenstein on 11/19/2015. (Chee, Alvin) (Entered: 11/20/2015) |
| 11/19/2015 | 6 | ORDER TO CONTINUE - Ends of Justice as to Saul Rendon-Reyes: Time excluded from 11/19/15 until 12/23/15. Ordered by Magistrate Judge James Orenstein on 11/19/2015. (Chee, Alvin) (Entered: 11/20/2015) |
| 11/19/2015 | 7 | ORDER OF DETENTION PENDING TRIAL as to Saul Rendon-Reyes. Ordered by Magistrate Judge James Orenstein on 11/19/2015. (Chee, Alvin) (Entered: 11/20/2015) |
| 11/19/2015 | 8 | CJA 23 Financial Affidavit by Saul Rendon-Reyes. (Chee, Alvin) (Entered: 11/20/2015) |
| 11/19/2015 | 9 | Minute Entry for proceedings held before Magistrate Judge James Orenstein: Arraignment as to Francisco Rendon-Reyes (4) Count 1-2,4,5,24,25 held on 11/19/2015. AUSA Margaret Lee and Taryn Merkl; Len Kamdang for defendant. Spanish interpreter Verastegui also present. Defendant enters plea of not guilty to all counts of the indictment. Time excluded from 11/19/15 to 12/23/15. Order of Detention entered. Status Conference set for 12/23/2015 at 3:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #: 3:27-3:52.) (Chee, Alvin) (Entered: 11/20/2015) |
| 11/19/2015 | 10 | ORDER TO CONTINUE - Ends of Justice as to Francisco Rendon-Reyes: Time excluded from 11/19/15 until 12/23/15. Ordered by Magistrate Judge James Orenstein on 11/19/2015. (Chee, Alvin) (Entered: 11/20/2015) |
| 11/19/2015 | 11 | ORDER OF DETENTION PENDING TRIAL as to Francisco Rendon-Reyes. Ordered by Magistrate Judge James Orenstein on 11/19/2015. (Chee, Alvin) (Entered: 11/20/2015) |
| 12/15/2015 | 12 | Minute Entry for proceedings held before Magistrate Judge Robert M. Levy: Arraignment as to Odilon Martinez-Rojas (7) Count 1-2,3,4,5,6,7-8,12,13,14,15,16,17,18,21,22,23,26,27 held on 12/15/2015. AUSA Margaret Lee; Richard Rosenberg for defendant. Defendant enters plea of not guilty to all counts of the indictment. Order of Speedy Trial entered from 12/15/15 to 1/20/16. Order of Detention entered. Status Conference set for 1/20/2016 at 2:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #: 2:43-2:48.) (Chee, Alvin) (Entered: 12/16/2015) |
| 12/15/2015 | 13 | CJA 20 as to Odilon Martinez-Rojas: Appointment of Attorney Richard H. Rosenberg for Odilon Martinez-Rojas. Ordered by Magistrate Judge Robert M. Levy on 12/15/2015. (Chee, Alvin) (Entered: 12/16/2015) |

RA1: 27

Case 19-2064, Document 21, 06/19/2020, 2866711, Page 28 of 192

| | | |
|---|---|---|
| 12/15/2015 | 14 | ORDER TO CONTINUE - Ends of Justice as to Odilon Martinez-Rojas: Time excluded from 12/15/15 until 1/20/16. Ordered by Magistrate Judge Robert M. Levy on 12/15/2015. (Chee, Alvin) (Entered: 12/16/2015) |
| 12/15/2015 | 15 | ORDER OF DETENTION PENDING TRIAL as to Odilon Martinez-Rojas. Ordered by Magistrate Judge Robert M. Levy on 12/15/2015. (Chee, Alvin) (Entered: 12/16/2015) |
| 12/16/2015 | 16 | SUPERSEDING INDICTMENT (S-1) as to Jovan Rendon-Reyes (1) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 14s, 15s, 16s, 17s, 18s, 28s, 29s, Saul Rendon-Reyes (2) count(s) 1s, 2s, 3s, 4s, 5s, 8s-9s, 10s, 19s, 28s, 29s, Guillermina Rendon-Reyes (3) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 11s, 12s, 13s, 14s, 15s, 16s, 28s, 29s, Francisco Rendon-Reyes (4) count(s) 1s, 2s, 4s, 5s, 10s, 26s, 27s, Jose Rendon-Garcia (5) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 11s, 12s, 13s, 14s, 15s, 17s, 19s, 21s, 22s, 28s, 29s, Felix Rojas (6) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 11s, 12s, 13s, 17s, 18s, 19s, 20s, 21s, 22s, 28s, 29s, Odilon Martinez-Rojas (7) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s-9s, 10s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 23s, 24s, 25s, 28s, 29s, Severiano Martinez-Rojas (8) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s-9s, 10s, 11s, 12s, 17s, 19s, 20s, 23s, 25s, 28s, 29s. (Attachments: # 1 Criminal Information Sheet) (Chee, Alvin) (Entered: 12/16/2015) |
| 12/17/2015 | 17 | NOTICE OF ATTORNEY APPEARANCE Benjamin J. Hawk appearing for USA. (Hawk, Benjamin) (Entered: 12/17/2015) |
| 12/17/2015 | 18 | MOTION to Continue *status conference* by Francisco Rendon-Reyes. (Kamdang, Len) (Entered: 12/17/2015) |
| 12/21/2015 | | ORDER granting 18 Motion to Continue as to (2) (4) for ongoing plea negotiations. Ordered by Judge Edward R. Korman on 12/21/2015. (Susi, PaulaMarie) (Entered: 12/21/2015) |
| 01/04/2016 | 19 | First MOTION for Protective Order *Regarding Discovery Material Pertaining to Victims* by USA as to Saul Rendon-Reyes, Francisco Rendon-Reyes, Odilon Martinez-Rojas. (Attachments: # 1 Proposed Order) (Merkl, Taryn) (Entered: 01/04/2016) |
| 01/15/2016 | | Status Conference rescheduled to 1/26/2016 02:30 PM in Courtroom 8A South before Judge Edward R. Korman. Parties to confirm with each other. Ordered by Judge Edward R. Korman on 1/15/2016. (Susi, PaulaMarie) (Entered: 01/15/2016) |
| 01/19/2016 | 20 | MOTION to Exclude *Time Under the Speedy Trial Act from January 20 to January 26, 2016 in the interests of justice* by USA as to Saul Rendon-Reyes, Francisco Rendon-Reyes, Odilon Martinez-Rojas. (Merkl, Taryn) (Entered: 01/19/2016) |
| 01/19/2016 | | ORDER granting 20 Motion to Exclude as to Saul Rendon-Reyes (2), Francisco Rendon-Reyes (4), Odilon Martinez-Rojas (7) from 1/20/2016 to 1/26/2016. Ordered by Judge Edward R. Korman on 1/19/2016. (Susi, PaulaMarie) (Entered: 01/19/2016) |
| 01/21/2016 | 21 | Stipulation and ORDER granting 19 Motion for Protective Order as to Saul Rendon-Reyes (2), Francisco Rendon-Reyes (4), Odilon Martinez-Rojas (7); IT IS HEREBY STIPULATED AND AGREED by and between the undersigned |

RA1: 28

Case 19-2064, Document 2126 06/19/2020 2866711, Page 29 of 192 https://ecf.nyed.uscourts.gov/cgi-bin/DktRpt.pl?96232140898040...

| | | |
|---|---|---|
| | | attorneys and the defendants SAUL RENDON-REYES, FRANCISCO RENDON-REYES and ODILON MARTINEZ-ROJAS, and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d),. Ordered by Judge Edward R. Korman on 1/19/2016. See order for details (Basnight, Jasmine) (Entered: 01/21/2016) |
| 01/26/2016 | 23 | Letter *disclosing the government's initial discovery pursuant to Fed. R. Crim. P. 16* as to Saul Rendon-Reyes, Francisco Rendon-Reyes, Odilon Martinez-Rojas (Merkl, Taryn) (Entered: 01/26/2016) |
| 01/26/2016 | 24 | Minute Entry for proceedings held before Judge Edward R. Korman:Status Conference as to Guillermina Rendon-Reyes, Jose Rendon-Garcia, Severiano Martinez-Rojas held on 1/26/2016. AUSA Taryn Merk; No counsel present for defendant. Speedy Trial start 1/26/2016 Speedy trial start 3/30/2016. Status Conference set for 3/30/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman.) (Court Reporter Rocco/ Hong.) (Basnight, Jasmine) (Entered: 01/27/2016) |
| 01/27/2016 | 25 | Stipulation and ORDER as to Saul Rendon-Reyes, Francisco Rendon-Reyes, Odilon Martinez-Rojas; IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and the defendants SAUL RENDON-REYES, FRANCISCORENDON-REYES and ODILON MARTINEZ-ROJAS, and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that: 1. Any and all discovery material identifying, or tending to identify, in anymanner, any alleged victim of sex trafficking about whom the government will produce discovery (the "Victim Discovery Material") to the defendants and defense counsel in the above-captioned case. See attachment for more details for more details. Ordered by Judge Edward R. Korman on 1/26/2016. (Basnight, Jasmine) (Entered: 01/27/2016) |
| 03/30/2016 | 27 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Saul Rendon-Reyes, Francisco Rendon-Reyes, Odilon Martinez-Rojas held on 3/30/2016. AUSA Taryn Merkl present for Government. Lloyd Epstein present for Saul Rendon-Reyes. Len H. Kamdang present for Francisco Rendon-Reyes. Richard H. Rosenberg present for Odilon Martinez-Rojas. Case referred to Magistrate Judge for Plea. Speey Trial start 03/30/2016. Speedy Trail stop 06/15/2016. Defendant renewed application for mitigation expert, granted. Status Conference set for 6/15/2016 at 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco/ Hong.) (Basnight, Jasmine) (Entered: 04/04/2016) |
| 04/01/2016 | 26 | ORDER FOR CJA COMPENSATION FOR MITIGATION SPECIALIST: IT IS ORDERED, upon the annexed declaration of LLOYD EPSTEIN, Esq., pursuant to the Criminal Justice Act ("CJA"), that counsel may retain Simone Z. Gordon, D.S.W, L.C.S.W., 330 East End Avenue, 5P, New York, NY 10028 as a mitigation specialist to be compensated at the rate of $100 for a maximum of 75 hours. Ordered by Judge Edward R. Korman on 03/30/2016. (Basnight, Jasmine) (Entered: 04/01/2016) |
| 06/15/2016 | 60 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Saul Rendon-Reyes, Francisco Rendon-Reyes, Odilon Martinez-Rojas held on 6/15/2016. A.U.S.A Taryn Merkl, Margaret Lee, and |

**RA1: 29**

| | | |
|---|---|---|
| | | Benjamin Hawk present for Government. Attorney Lloyd Epstein present with Defendant Saul Rendon-Reyes. Attorney Len Kamdang present with Defendant Francisco Rendon-Reyes. Attorney Richard Rosenberg present with Defendant Odilon Martinez-Rojas. Speedy trial start 06/15/2016. Speedy trial stop 07/13/2016. Status Conference set for 7/13/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter ROCC0/HONG.) (Basnight, Jasmine) (Entered: 09/21/2016) |
| 06/23/2016 | 28 | CJA 20 as to Severiano Martinez-Rojas: Appointment of Attorney John S. Wallenstein for Severiano Martinez-Rojas. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 29 | Minute Entryfor proceedings held before Magistrate Judge James Orenstein: Initial Appearance as to Severiano Martinez-Rojas held on 6/23/2016. Arraignment as to Severiano Martinez-Rojas (8) Count 1s,2s,3s,4s,5s,6s,7s-9s,10s,11s,12s,17s,19s,20s,23s,25s,28s,29s held on 6/23/2016. A.U.S.A. Taryn Merkl present for Government. Attorney John Wallenstein present with Defendant. Plea entered by Severiano Martinez-Rojas (8) Count 1-2, 1s, 2s, 3,3s, 4, 4s, 5,5s,6,6s,7-9,7s9s,10,10s,11s,12s,15,17,17s,18,19s,20s,21,23,23s,25s,26,27,28s, 29s by Severiano Martinez-Rojas Not Guilty on counts, All Superseding Counts. Speedy trial start 6/23/2016. Speedy trial stop 7/13/2016. Status Conference set for 7/13/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #3:41 - 3:48.) (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 30 | ORDER OF DETENTION as to Severiano Martinez-Rojas. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 31 | ORDER TO CONTINUE - Ends of Justice as to Severiano Martinez-Rojas Time excluded from 6/23/2016 until 7/13/2016. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 32 | CJA 23 Financial Affidavit by Severiano Martinez-Rojas (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 33 | CJA 20 as to Felix Rojas: Appointment of Attorney Donna R. Newman for Felix Rojas.Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 34 | Minute Entry for proceedings held before Magistrate Judge James Orenstein: Initial Appearance as to Felix Rojas held on 6/23/2016, Arraignment as to Felix Rojas (6) Count 1s, 2s, 3s, 4s,5s, 6s,11s,12s, 13s,17s,18s,19s 20s,21s,22s,28s,29s held on 6/23/2016. A.U.S.A Taryn Merkl present for Government. Attorney Donna Newman present with Defendant. Plea entered by Felix Rojas (6) Count 1-2,1s,2s,3,3s,4,4s,5,5s,6,6s, 9,10,11,11s, 12s,13s,15,16,17,17s,18,18s,19,19s,20,20s,21,22s,26,27,28s,29s Felix Rojas Not Guilty on counts, All Superseding Counts. Speedy trial start 6/23/2016. Speedy trial stop 7/13/2016. Status Conference set for 7/13/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #3:31 -3:39.) (Basnight, Jasmine) (Entered: 06/24/2016) |

**RA1: 30**

| 06/23/2016 | 35 | ORDER OF DETENTION as to Felix Rojas. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 36 | ORDER TO CONTINUE - Ends of Justice as to Felix Rojas Time excluded from 6/23/2016 until 7/13/2016. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 37 | CJA 23 Financial Affidavit by Felix Rojas (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 38 | CJA 20 as to Jose Rendon-Garcia: Appointment of Attorney Gary S. Villanueva for Jose Rendon-Garcia. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 39 | Minute Entry for proceedings held before Magistrate Judge James Orenstein: Initial Appearance as to Jose Rendon-Garcia held on 6/23/2016, Arraignment as to Jose Rendon-Garcia (5) Count 1s,2s,3s,4s, 5s,6s,11s,12s,13s, 14s,15s, 17s,19s,21s,22s,28s,29s held on 6/23/2016. A.U.S.A Taryn Merkl present for Government. Attorney Gary Villanueva present with Defendant. Plea entered by Jose Rendon-Garcia (5) Count 1-2,1s,2s,3,3s, 4,4s,5,5s,6,6s,9,10,11,11s,12,12s,13,13s, 14s,15,15s,17,17s,19,19s,20,21s,22,26,27,28s,29s Not Guilty on counts, All Superseding Counts. Speedy trial start 6/23/2016. Speedy trial stop 7/13/2016. Status Conference set for 7/13/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #3:31 - 3:39.) (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 40 | ORDER OF DETENTION as to Jose Rendon-Garcia. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 41 | ORDER TO CONTINUE - Ends of Justice as to Jose Rendon-Garcia Time excluded from 6/23/2016 until 7/13/2016. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 42 | CJA 23 Financial Affidavit by Jose Rendon-Garcia (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 43 | CJA 20 as to Guillermina Rendon-Reyes: Appointment of Attorney Joel S. Cohen for Guillermina Rendon-Reyes.Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 44 | Minute Entry for proceedings held before Magistrate Judge James Orenstein:Initial Appearance as to Guillermina Rendon-Reyes held on 6/23/2016, Arraignment as to Guillermina Rendon-Reyes (3) Count 1s,2s,3s,4s,5s,6s,11s,12s,13s,14s,15s,16s,28s,29s held on 6/23/2016. A.U.S.A Taryn Merkl present for Government. Attorney Joel Cohen present with Defendant. Plea entered by Guillermina Rendon-Reyes (3) Count 1-2,1s,2s,3,3s,4,4s,5,5s,6,6s,9,10,11,11s,12,12s,13,13s,14,14s,15s,16s,26,27,28s, 29s Not Guilty on counts, All Superseding Counts. Speedy trial start 6/23/2016. Speedy trial stop 7/13/2016. Status Conference set for 7/13/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #3:41 - 3:48.) (Basnight, Jasmine) (Entered: 06/24/2016) |

RA1: 31

| | | |
|---|---|---|
| 06/23/2016 | 45 | ORDER OF DETENTION as to Guillermina Rendon-Reyes. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 46 | ORDER TO CONTINUE - Ends of Justice as to Guillermina Rendon-Reyes Time excluded from 6/23/2016 until 7/13/2016. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 47 | CJA 23 Financial Affidavit by Guillermina Rendon-Reyes (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 48 | CJA 20 as to Jovan Rendon-Reyes: Appointment of Attorney Richard B. Lind for Jovan Rendon-Reyes. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 49 | Minute Entry for proceedings held before Magistrate Judge James Orenstein: Initial Appearance as to Jovan Rendon-Reyes, Arraignment as to Jovan Rendon-Reyes (1) Count 1s,2s,3s,4s,5s,6s,7s,14s,15s,16s,17s,18s,28s,29s held on 6/23/2016. A.U.S.A Taryn Merkl present for Government. Attorney Richard Lind present with the Defendant. Plea entered by Jovan Rendon-Reyes (1) Count 1-2,1s,2s,3,3s, 4,4s,5,5s,6,6s,7,7s,12, 13,14,14s, 15,15s,16, 16s,17s,18s,26,27,28s,29s. Not Guilty on counts, All Superseding Counts. Speedy trial start 6/23/2016. Speedy trial stop 7/13/2016. Status Conference set for 7/13/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Tape #3:31 - 3:39.) (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 50 | ORDER OF DETENTION as to Jovan Rendon-Reyes. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 51 | ORDER TO CONTINUE - Ends of Justice as to Jovan Rendon-Reyes Time excluded from 6/23/2016 until 7/13/2016. Ordered by Magistrate Judge James Orenstein on 6/23/2016. (Basnight, Jasmine) (Entered: 06/24/2016) |
| 06/23/2016 | 52 | CJA 23 Financial Affidavit by Jovan Rendon-Reyes (Basnight, Jasmine) (Entered: 06/24/2016) |
| 07/13/2016 | 57 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 7/13/2016. A.U.S.A Taryn Merkl, Margaret Lee, and Benjamin Hawk present for Government. Attorney Richard Lind present for Defendant Jovan Rendon-Reyes. Attorney Lloyd Epstein present for Defendant Saul Rendon-Reyes. Attorney Joel Cohen present for Defendant Guillermina Rendon-Reyes. Attorney Len Kamdang present for Defendant Francisco Rendon-Reyes. Attorney Gary Villanueva present for Defendant Jose Rendon-Garcia. Attorney Donna Newman present for Defendant Felix Rojas. Attorney Richard Rosenberg present for Defendant Odilon Martinez-Rojas. Attorney John Wallenstein present for Defendant Severiano Martinez-Rojas. Speedy trial start 07/13/2016. Speedy trial stop 09/14/2016. Status Conference set for 9/14/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco/ Hong.) (Basnight, Jasmine) (Entered: 07/21/2016) |

RA1: 32

Case 19-2064, Document 212, 06/19/2020, 2866711, Page 33 of 192

| 07/14/2016 | 53 | Letter *to counsel for Jovan Rendon-Reyes, Guillermina Rendon-Reyes, Felix Rojas, Jose Rendon-Garcia and Severiano Martinez-Rojas disclosing the government's initial discovery in accordance with FRCP 16* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Merkl, Taryn) (Entered: 07/14/2016) |
|---|---|---|
| 07/14/2016 | 54 | Letter *to all defense counsel disclosing additional discovery in accordance with FRCP 16* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Merkl, Taryn) (Entered: 07/14/2016) |
| 07/18/2016 | 56 | STIPULATION AND ORDER: IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and the defendants JOVAN RENDON-REYES, GUILLERMINARENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANOMARTINEZ-ROJAS, and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that: 1. Any and all discovery material identifying, or tending to identify, in any manner, any alleged victim of sex trafficking about whom the government will produce discovery (the "Victim Discovery Material")1 to the defendants and defense counsel in the above-captioned case, and any and all copies, notes, transcripts, documents or other information derived or prepared from such discovery material, may be used by the defendants and defense counsel only for purposes of preparing and def ending the case, including but not limited to trial, any sentencing, any appeal and any collateral attack, involving the charges in the above-captioned case. (See attachment for further details). Ordered by Judge Edward R. Korman on 7/13/2016. (Basnight, Jasmine) (Entered: 07/18/2016) |
| 09/13/2016 | 58 | MOTION to Continue *the Status Conference Scheduled for 9/14/16, to 10/19/16, and to Exclude Time Under the Speedy Trial Act from 9/14/16 through 10/19/16* by USA as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Merkl, Taryn) (Entered: 09/13/2016) |
| 09/14/2016 | | ORDER finding as moot 58 Motion to Continue as to Jovan Rendon-Reyes (1), Saul Rendon-Reyes (2), Guillermina Rendon-Reyes (3), Francisco Rendon-Reyes (4), Jose Rendon-Garcia (5), Felix Rojas (6), Odilon Martinez-Rojas (7), Severiano Martinez-Rojas (8). Ordered by Judge Edward R. Korman on 9/14/2016. (Susi, PaulaMarie) (Entered: 09/14/2016) |
| 09/14/2016 | 59 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 9/14/2016. A.U.S.A Taryn Merkl present for Government. Counsel present for Defendants. Case Designated complex. Speedy trial start 09/14/2016. Speedy trial stop 11/16/2016. Status Conference set for 11/16/2016 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter ROCCO/HONG.) (Basnight, Jasmine) (Entered: 09/21/2016) |

RA1: 33

| | | |
|---|---|---|
| 11/16/2016 | 61 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 11/16/2016. A.U.S.A Taryn Merkl present for Government. All attorneys present for all Defendants. Speedy trial start 11/16/2016. Ongoing complex plea negotiations. Speedy trial stop 01/18/2017. Status Conference set for 1/18/2017 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco.) (Basnight, Jasmine) Modified on 11/4/2019 per ESR's records (Herrera, Isaiah). (Entered: 11/18/2016) |
| 12/19/2016 | 62 | Letter MOTION to Substitute Attorney by Jovan Rendon-Reyes. (Basnight, Jasmine) (Entered: 12/19/2016) |
| 12/20/2016 | 63 | Letter *Withdrawing Request for New Counsel (Document 62)* as to Jovan Rendon-Reyes (Lind, Richard) (Entered: 12/20/2016) |
| 01/18/2017 | 64 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 1/18/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. All attorneys present with all Defendants. Speedy trial start 01/18/2017. Speedy trials top 02/22/2017. Status Conference set for 2/22/2017 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco.) (Basnight, Jasmine) (Entered: 01/19/2017) |
| 02/16/2017 | 66 | Letter MOTION for Discovery , Letter MOTION to Substitute Attorney by Saul Rendon-Reyes. (Basnight, Jasmine) (Entered: 02/17/2017) |
| 02/22/2017 | 67 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 2/22/2017. A.U.S.A Taryn Merkl, Margaret Lee, and Benjamin Hawk present for Government. All attorneys present with all Defendants. Speedy trial start 2/22/2017. Speedy trial stop 3/29/2017. Motions due by 3/29/2017. Conference, trial date will be set. Defendant 2 withdraws request for new counsel. (Court Reporter Rocco/Hong.) (Basnight, Jasmine) (Entered: 03/01/2017) |
| 03/26/2017 | 68 | Letter MOTION to Expedite *Co-Defendant Meeting in USMS detention area* by Severiano Martinez-Rojas as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Attachments: # 1 List of Defendants with USMS register numbers) (Wallenstein, John) (Entered: 03/26/2017) |
| 03/27/2017 | | ORDER granting 68 Motion to for co-deft meeting, in accordance with the guidelines of the USMS. Ordered by Judge Edward R. Korman on 3/27/2017. (Susi, PaulaMarie) (Entered: 03/27/2017) |
| 03/29/2017 | 80 | Minute Entry for proceedings held before Judge Edward R. Korman:Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina |

**RA1: 34**

| | | |
|---|---|---|
| | | Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 03/29/2017. A.U.S.A Taryn Merkl present for Government. All attorneys present for all defendants. Speedy trial start 3/29/2017. Speedy trial stop 4/19/2017. Status Conference set for 4/19/2017 02:00 PM in Courtroom 8A South before Judge Edward R. Korman (Court Reporter Rocco/Hong.) (Basnight, Jasmine) (Entered: 04/24/2017) |
| 03/30/2017 | | NOTICE OF HEARING as to Jovan Rendon-Reyes: A Change of Plea Hearing is set for 4/5/2017 at 12:00 PM in Courtroom 2A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 03/30/2017) |
| 03/30/2017 | 69 | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 3/30/2017. A.U.S.A Taryn Merkl present for Government. All attorneys present for all defendants. Speedy trial start 3/30/3017. Speedy trial stop 4/19/2017. Status Conference set for 4/19/2017 02:00 PM in Courtroom 8A South before Judge Edward R. Korman Jury Selection and Jury Trial set for 7/10/2017 in Courtroom 8A South before Judge Edward R. Korman. (Court Reporter Rocco.) (Basnight, Jasmine) (Entered: 04/03/2017) |
| 03/31/2017 | | NOTICE OF HEARING as to Odilon Martinez-Rojas: A Change of Plea Hearing is set for 4/6/2017 at 12:00 PM in Courtroom 2A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 03/31/2017) |
| 04/04/2017 | | NOTICE OF HEARING as to Francisco Rendon-Reyes: A Change of Plea Hearing is set for 4/5/2017 at 12:00 PM in Courtroom 2A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 04/04/2017) |
| 04/05/2017 | | NOTICE OF HEARING as to Severiano Martinez-Rojas: A Change of Plea Hearing is set for 4/18/2017 at 12:45 PM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 04/05/2017) |
| 04/05/2017 | 70 | ORDER REFERRING CASE to Magistrate Judge Vera M. Scanlon as to Francisco Rendon-Reyes. Ordered by Magistrate Judge Vera M. Scanlon on 4/5/2017. (Basnight, Jasmine) (Entered: 04/05/2017) |
| 04/05/2017 | 71 | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: Allocution, Change of Plea Hearing as to Francisco Rendon-Reyes held on 4/5/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. Attorney Len Kamdang present with Defendant. The Plea entered by Francisco Rendon-Reyes (4) Guilty Count 1s,26s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the pleas was made knowingly and voluntarily and the plea was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #11:42 - 1:00; 1:04-1:18.) (Basnight, Jasmine) (Entered: 04/05/2017) |
| 04/05/2017 | | Case as to Francisco Rendon-Reyes no longer referred to Magistrate Judge Vera M. Scanlon. (Basnight, Jasmine) (Entered: 04/05/2017) |

RA1: 35

| 04/05/2017 | 72 | ORDER REFERRING CASE to Magistrate Judge Vera M. Scanlon as to Jovan Rendon-Reyes. Ordered by Magistrate Judge Vera M. Scanlon on 4/5/2017. (Basnight, Jasmine) (Entered: 04/05/2017) |
| --- | --- | --- |
| 04/05/2017 | 73 | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: Allocution, Change of Plea Hearing as to Jovan Rendon-Reyes held on 4/5/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. Attorney Richard Lind present with Defendant. Plea entered by Jovan Rendon-Reyes (1) Guilty Count 1s,14s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the plea was made knowingly and voluntarily and the pleas was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #11:42 1:00; 1:04 - 1:31.) (Basnight, Jasmine) (Entered: 04/05/2017) |
| 04/06/2017 | | NOTICE OF HEARING as to Felix Rojas: A Change of Plea Hearing is set for 4/18/2017 at 12:45 PM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 04/06/2017) |
| 04/06/2017 | | NOTICE OF HEARING as to Saul Rendon-Reyes: A Change of Plea Hearing is set for 4/20/2017 at 2:00 PM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 04/06/2017) |
| 04/06/2017 | 74 | ORDER REFERRING CASE to Magistrate Judge Vera M. Scanlon as to Odilon Martinez-Rojas. Ordered by Magistrate Judge Vera M. Scanlon on 4/6/2017. (Basnight, Jasmine) (Entered: 04/07/2017) |
| 04/06/2017 | 75 | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: Allocution, Change of Plea Hearing as to Odilon Martinez-Rojas held on 4/6/2017. A.U.S.A Margaret Lee present for Government. Attorney Richard Rosenberg present with Defendant. Plea entered by Odilon Martinez-Rojas (7) Guilty Count 1s,23s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the plea was made knowingly and voluntarily and the plea was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #12:25 - 1:23.) (Basnight, Jasmine) (Entered: 04/07/2017) |
| 04/06/2017 | | Case as to Odilon Martinez-Rojas no longer referred to Magistrate Judge Vera M. Scanlon. (Basnight, Jasmine) (Entered: 04/07/2017) |
| 04/07/2017 | | NOTICE OF HEARING as to Jose Rendon-Garcia: A Change of Plea Hearing is set for 4/20/2017 at 3:00 PM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 04/07/2017) |
| 04/17/2017 | | NOTICE OF HEARING as to Guillermina Rendon-Reyes: A Change of Plea Hearing is set for 4/20/2017 at 1:00 PM in Courtroom 13A South before Magistrate Judge Vera M. Scanlon. (Quinlan, Krista) (Entered: 04/17/2017) |
| 04/18/2017 | 76 | CONSENT TO HAVE A PLEA TAKEN BEFORE US MAGISTRATE JUDGE Vera M. Scanlon by Severiano Martinez-Rojas (Basnight, Jasmine) (Entered: 04/19/2017) |
| 04/18/2017 | 77 | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: Allocution, Change of Plea Hearing as to Severiano Martinez-Rojas held on 4/18/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. |

RA1: 36

| | | |
|---|---|---|
| | | Attorney John Wallenstein present with Defendant. Plea entered by Severiano Martinez-Rojas (8) Guilty Count 1s,19s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the plea was made knowingly and voluntarily and the plea was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #1:27-2:37; 2:38 -3:18.) (Basnight, Jasmine) (Entered: 04/19/2017) |
| 04/18/2017 | 78 | CONSENT TO HAVE PLEA TAKEN BEFORE US MAGISTRATE JUDGE Vera M. Scanlon by Felix Rojas (Basnight, Jasmine) (Entered: 04/19/2017) |
| 04/18/2017 | 79 | Minute Entry for proceedings held before Magistrate Judge Vera M. Scanlon: Allocution, Change of Plea Hearing as to Felix Rojas held on 4/18/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. Attorney Donna Newman present with Defendant, Plea entered by Felix Rojas (6) Guilty Count 1s,17s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the plea was made knowingly and voluntarily and the plea was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #1:27 - 2:37; 2:38-3:18.) (Basnight, Jasmine) (Entered: 04/19/2017) |
| 04/20/2017 | 81 | CONSENT TO HAVE PLEA TAKEN BEFORE US MAGISTARTE JUDGE Vera M. Sacanlon by Jose Rendon-Garcia (Basnight, Jasmine) (Entered: 04/24/2017) |
| 04/20/2017 | 82 | Minute Entry for proceedings held before Judge Edward R. Korman: Allocution, Change of Plea Hearing as to Jose Rendon-Garcia held on 4/20/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. Attorney Gary Villanueva present with Defendant. Plea entered by Jose Rendon-Garcia (5) Guilty Count 1s,11s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the plea was made knowingly and voluntarily and the plea was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #3:40 - 4:52.) (Basnight, Jasmine) (Entered: 04/24/2017) |
| 04/20/2017 | 85 | CONSENT TO HAVE A PLEA TAKEN BEFORE US MAGISTARTE JUDGE Vera M. Scanlon by Saul Rendon-Reyes (Basnight, Jasmine) (Entered: 04/24/2017) |
| 04/20/2017 | 86 | Minute Entry for proceedings held before Judge Edward R. Korman: Allocution, Change of Plea Hearing as to Saul Rendon-Reyes held on 4/20/2017. A.U.S.A Taryn Merkl and Margaret Lee present for Government. Attorney Lloyd Epstein present with Defendant. Plea entered by Saul Rendon-Reyes (2) Guilty Count 1s,9s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the plea was made knowingly and voluntarily and the plea was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #2:32 - 3:35.) (Basnight, Jasmine) (Entered: 04/24/2017) |
| 04/21/2017 | 83 | CONSENT TO HAVE PLEA TAKEN BEFORE US MAGISTARTE JUDGE Vera M. Scanlon by Guillermina Rendon-Reyes (Basnight, Jasmine) (Entered: 04/24/2017) |

RA1: 37

| 04/21/2017 | 84 | Minute Entry for proceedings held before Judge Edward R. Korman: Allocution, Change of Plea Hearing as to Guillermina Rendon-Reyes held on 4/21/2017. A.U.S.A Margaret Lee preset with Government. Attorney Joel Cohen present with Defendant. Plea entered by Guillermina Rendon-Reyes (3) Guilty Count 1s. Pursuant to Federal Rule of Criminal Procedure 11, the Magistrate Judge did administer the allocution. A finding has been made that the plea was made knowingly and voluntarily and the plea was not coerced. The Magistrate Judge recommends that the plea of guilty be accepted. (Tape #1:36 - 3:12.) (Basnight, Jasmine) (Entered: 04/24/2017) |
|---|---|---|
| 05/11/2017 | 87 | TRANSCRIPT of Proceedings as to Odilon Martinez-Rojas held on April 6, 2017, before Judge Scanlon. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/1/2017. Redacted Transcript Deadline set for 6/12/2017. Release of Transcript Restriction set for 8/9/2017. (Hong, Loan) (Entered: 05/11/2017) |
| 05/15/2017 | 88 | TRANSCRIPT of Proceedings as to Jovan Rendon-Reyes, Francisco Rendon-Reyes held on April 5, 2017, before Judge Scanlon. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/5/2017. Redacted Transcript Deadline set for 6/15/2017. Release of Transcript Restriction set for 8/14/2017. (Hong, Loan) (Entered: 05/15/2017) |
| 05/24/2017 | 89 | TRANSCRIPT of Proceedings as to Jose Rendon-Garcia held on April 20, 2017, before Judge Scanlon. Court Transcriber Transcription Plus II. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/14/2017. Redacted Transcript Deadline set for 6/26/2017. Release of Transcript Restriction set for 8/22/2017. (Rocco, Christine) (Entered: 05/24/2017) |
| 05/24/2017 | 90 | TRANSCRIPT of Proceedings as to Saul Rendon-Reyes held on April 20, 2017, before Judge Scanlon. Court Transcriber: Transcription Plus II. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/14/2017. Redacted Transcript Deadline set for 6/26/2017. Release of Transcript Restriction set for |

**RA1: 38**

Case 19-2064, Document 126, 06/19/2020, 2866711, Page 39 of 192

| | | |
|---|---|---|
| | | 8/22/2017. (Rocco, Christine) (Entered: 05/24/2017) |
| 05/24/2017 | 91 | TRANSCRIPT of Proceedings as to Guillermina Rendon-Reyes held on April 21, 2017, before Judge Scanlon. Court Transcriber: Transcription Plus II. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/14/2017. Redacted Transcript Deadline set for 6/26/2017. Release of Transcript Restriction set for 8/22/2017. (Rocco, Christine) (Entered: 05/24/2017) |
| 05/30/2017 | 92 | TRANSCRIPT of Proceedings as to Felix Rojas, Severiano Martinez-Rojas held on April 18, 2017, before Judge Scanlon. Court Reporter/Transcriber Transcriptions Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 6/20/2017. Redacted Transcript Deadline set for 6/30/2017. Release of Transcript Restriction set for 8/28/2017. (Hong, Loan) (Entered: 05/30/2017) |
| 01/22/2018 | 93 | Letter *Requesting Permission To File Interim Voucher* as to Jovan Rendon-Reyes (Lind, Richard) (Entered: 01/22/2018) |
| 01/31/2018 | | ORDER as to Jovan Rendon-Reyes re 93 Letter *** The application is granted. Ordered by Judge Edward R. Korman on 1/31/2018. (Susi, PaulaMarie) (Entered: 01/31/2018) |
| 04/30/2018 | | Sentencing for Jose Rendon Reyes, Odilon Martinez Rojas, Severiano Martinez Rojas rescheduled to 7/11/2018 02:30 PM in Courtroom 8A South before Judge Edward R. Korman. Sentencing submissions due no later than 6/29/2018. Ordered by Judge Edward R. Korman on 4/30/2018. (Susi, PaulaMarie) (Entered: 04/30/2018) |
| 04/30/2018 | | Sentencing for Francisco Rendon-Reyes rescheduled to7/18/2018 12:00 PM in Courtroom 8A South before Judge Edward R. Korman. Sentencing submissions due no later than 7/5/2018. Ordered by Judge Edward R. Korman on 4/30/2018. (Susi, PaulaMarie) (Entered: 04/30/2018) |
| 04/30/2018 | | Sentencing for Guillermina Rendon Reyes rescheduled to 7/18/2018 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. Sentencing submissions due no later than 7/5/2018. Ordered by Judge Edward R. Korman on 4/30/2018. (Susi, PaulaMarie) (Entered: 04/30/2018) |
| 04/30/2018 | | Sentencing for Saul Rendon Reyes rescheduled to 7/18/2018 03:00 PM in Courtroom 8A South before Judge Edward R. Korman. Sentencing submissions due no later than 7/5/2018. Ordered by Judge Edward R. Korman on 4/30/2018. (Susi, PaulaMarie) (Entered: 04/30/2018) |

RA1: 39

| | | |
|---|---|---|
| 04/30/2018 | | Sentencing for Jose Rendon Garcia rescheduled to 7/18/2018 04:00 PM in Courtroom 8A South before Judge Edward R. Korman. Sentencing submissions due no later than 7/5/2018. Ordered by Judge Edward R. Korman on 4/30/2018. (Susi, PaulaMarie) (Entered: 04/30/2018) |
| 04/30/2018 | | Sentencing for Felix Rojas rescheduled to 7/18/2018 at 12:30 PM in Courtroom 8A South before Judge Edward R. Korman. Sentencing submissions due no later than 7/5/2018. Ordered by Judge Edward R. Korman on 4/30/2018. (Susi, PaulaMarie) (Entered: 04/30/2018) |
| 06/25/2018 | 102 | MOTION to Continue Sentencing by Felix Rojas as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Newman, Donna) (Entered: 06/25/2018) |
| 06/27/2018 | | ORDER granting 102 Motion to Continue Sentencing *** The motion is granted as to all defts. The Court is aware all defendants have not consented, indeed counsel for deft 4 has opposed, nonetheless sentencing for all defts will be adjourned to Sept. 12 and 13 (schedule to follow) for the convenience of the those victims who wish to make impact statements. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | | Sentencing for (1) Jovan Rendon-Reyes and (6) Felix Rojas rescheduled to 9/12/2018 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | | Sentencing for (7) Odilon Martinez-Rojas and (8) Severiano Martinez-Rojas rescheduled to 9/12/2018 03:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | | Sentencing for (2) Saul Rendon-Reyes and (4) Francisco Rendon-Garcia rescheduled to 9/13/2018 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | | Sentencing for Guillermina Rendon-Reyes is rescheduled to 9/13/2018 03:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | | Sentencing for (5) Jose Rendon-Reyes rescheduled to 9/13/2018 04:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | | ORDER *** All counsel are advised that sentencing submissions are due no later than close of business Sept. 5, 2018. Ordered by Judge Edward R. Korman on 6/27/2018. (Susi, PaulaMarie) (Entered: 06/27/2018) |
| 06/27/2018 | 103 | Letter *re: PSR translation* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Wallenstein, John) (Entered: 06/27/2018) |

RA1: 40

| 08/09/2018 | 104 | SENTENCING MEMORANDUM by Saul Rendon-Reyes (Attachments: # 1 Exhibit A) (Epstein, Lloyd) (Entered: 08/09/2018) |
|---|---|---|
| 08/17/2018 | 105 | NOTICE OF ATTORNEY APPEARANCE: James Darrow appearing for Francisco Rendon-Reyes (Darrow, James) (Entered: 08/17/2018) |
| 08/20/2018 | 106 | Letter MOTION to Continue Sentencing by Severiano Martinez-Rojas as to Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Wallenstein, John) (Entered: 08/20/2018) |
| 08/21/2018 | | Sentencing for Odilon Martinez-Rojas & Severiano Martinez-Rojas are rescheduled to 10/24/2018 02:30 PM in Courtroom 8A South before Judge Edward R. Korman.. Ordered by Judge Edward R. Korman on 8/21/2018. (Susi, PaulaMarie) (Entered: 08/21/2018) |
| 08/21/2018 | | ORDER granting 106 Motion to Continue Sentencing as to Odilon Martinez-Rojas (7), Severiano Martinez-Rojas (8) Sentencing set for 10/24/2018 02:30 PM in Courtroom 8A South before Judge Edward R. Korman.Ordered by Judge Edward R. Korman on 8/21/2018. (Susi, PaulaMarie) (Entered: 08/21/2018) |
| 08/21/2018 | | Sentencing for (1) Jovan Rendon-Reyes and (6) Felix Rojas rescheduled to 10/24/2018 02:00 PM in Courtroom 8A South before Judge Edward R. Korman.. Ordered by Judge Edward R. Korman on 8/21/2018. (Susi, PaulaMarie) (Entered: 08/21/2018) |
| 08/21/2018 | | Sentencing for (2) Saul Rendon-Reyes and (4) Francisco Rendon-Garcia rescheduled to 10/25/2018 02:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 8/21/2018. (Susi, PaulaMarie) (Entered: 08/21/2018) |
| 08/21/2018 | | Sentencing for Guillermina Rendon-Reyes is rescheduled to 10/25/2018 03:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 8/21/2018. (Susi, PaulaMarie) (Entered: 08/21/2018) |
| 08/21/2018 | | Sentencing for (5) Jose Rendon-Reyes rescheduled to 10/25/2018 04:00 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 8/21/2018. (Susi, PaulaMarie) (Entered: 08/21/2018) |
| 09/04/2018 | 107 | SENTENCING MEMORANDUM by Francisco Rendon-Reyes (Darrow, James) (Entered: 09/04/2018) |
| 10/15/2018 | 110 | SENTENCING MEMORANDUM by Odilon Martinez-Rojas (Attachments: # 1 Exhibit A: Letter, # 2 Exhibit B: Letter, # 3 Exhibit C: Letter, # 4 Exhibit D: Letter, # 5 Exhibit E: Letter) (Rosenberg, Richard) (Entered: 10/15/2018) |
| 10/16/2018 | 111 | Letter MOTION to Continue Sentencing by Severiano Martinez-Rojas as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas. (Wallenstein, John) (Entered: 10/16/2018) |
| 10/17/2018 | | ORDER granting 111 Motion to Continue Sentencing as to Jovan Rendon-Reyes (1), Saul Rendon-Reyes (2), Guillermina Rendon-Reyes (3), Francisco Rendon-Reyes (4), Jose Rendon-Garcia (5), Felix Rojas (6), Odilon Martinez-Rojas (7), Severiano Martinez-Rojas (8) *** The application is granted, sentencing is rescheduled to 12/5/2018 for defts (1,5,6,7,8) and to 12/6/2018 for defts (2,3,4) |

**RA1: 41**

Case 19-2064, Document 212, 06/19/2020, 2866711, Page 42 of 192

| | | |
|---|---|---|
| | | at the same hours previously determined. Sentencing submissions, or additions to those already filed, due no later than 11/15/2018. Ordered by Judge Edward R. Korman on 10/17/2018. (Susi, PaulaMarie) (Entered: 10/17/2018) |
| 10/24/2018 | | ORDER: The sentencing schedule is modified as follows: 12/5 at 2pm: Jovan Rendon-Reyes (1) and Felix Rojas (6); 12/5 at 2:30pm: Odilon Martinez-Rojas (7) and Severiano Martinez-Rojas (8); 12/6 at 2pm: Saul Rendon-Reyes(2) and Francisco Rendon-Reyes (4); 12/6 at 3pm: Guillermina Rendon-Reyes (3); 12/6 at 4pm: Jose Rendon-Garcia (5). Ordered by Judge Edward R. Korman on 10/24/2018. (Susi, PaulaMarie) (Entered: 10/24/2018) |
| 11/26/2018 | | ORDER *** As confirmed by counsel, the sentencing schedule is amended as follows: 12/12 at 2pm: Jovan Rendon-Reyes (1) and Felix Rojas (6); 12/12 at 2:30pm: Odilon Martinez-Rojas (7) and Severiano Martinez-Rojas (8); 12/13 at 2pm: Saul Rendon-Reyes(2) and Francisco Rendon-Reyes (4); 12/13 at 3pm: Guillermina Rendon-Reyes (3); 12/13 at 4pm: Jose Rendon-Garcia (5). Sentencing submissions due 1 week prior. Ordered by Judge Edward R. Korman on 11/26/2018. (Susi, PaulaMarie) (Entered: 11/26/2018) |
| 12/04/2018 | 112 | SENTENCING MEMORANDUM by Felix Rojas (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Newman, Donna) (Entered: 12/04/2018) |
| 12/05/2018 | 113 | SENTENCING MEMORANDUM by Severiano Martinez-Rojas (Wallenstein, John) (Entered: 12/05/2018) |
| 12/05/2018 | 114 | SENTENCING MEMORANDUM by Jovan Rendon-Reyes (Lind, Richard) (Entered: 12/05/2018) |
| 12/05/2018 | 115 | SENTENCING MEMORANDUM by USA as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F) (Lee, Margaret) (Entered: 12/05/2018) |
| 12/11/2018 | 120 | Letter *To Court Attaching Letter From Defendant's Daughter* as to Jovan Rendon-Reyes (Lind, Richard) (Entered: 12/11/2018) |
| 12/12/2018 | 121 | Minute Entry: Sentencing as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 12/12/2018 before Judge Edward R. Korman. Counsel to all parties present. Sentencing adjourned as follows: 1/3/2019 at 2pm: Jovan Rendon-Reyes (1) and Felix Rojas (6); 1/3/2019 at 3:00pm: Odilon Maxtinez-Rojas (7) and Severiano Martinez-Rojas (8); 1/4/2019 at 12:00pm: Saul Rendon-Reyes(2) 1/4/2019 at 2:00pm Francisco Rendon-Reyes (4); 1/4/2019 at 3pm: Guillemiina Rendon-Reyes (3); 1/4/2019 at 4pm: Jose Rendon-Garcia (5) in Courtroom 8A South before Judge Edward R. Korman. Supplemental Submission due 12/21/2018. (FTR Log #ROCCO/HONG.) (Almonte, Giselle) (Entered: 12/17/2018) |
| 12/13/2018 | | For the reasons stated on the record at the Dec. 12, 2018 appearance, sentencing is as follows: 1/3/2019 at 2pm: Jovan Rendon-Reyes (1) and Felix Rojas (6); 1/3/2019 at 3:00pm: Odilon Martinez-Rojas (7) and Severiano Martinez-Rojas |

RA1: 42

Case 19-2064, Document 121, 06/19/2020, 2866711, Page43 of 192

|  |  |  |  |
|---|---|---|---|
|  |  |  | (8); 1/4/2019 at 12:00pm: Saul Rendon-Reyes(2) 1/4/2019 at 2:00pm Francisco Rendon-Reyes (4); 1/4/2019 at 3pm: Guillermina Rendon-Reyes (3); 1/4/2019 at 4pm: Jose Rendon-Garcia (5). Supplemental submission due 12/21/2018. Ordered by Judge Edward R. Korman on 12/13/2018. (Susi, PaulaMarie) (Entered: 12/13/2018) |
| 12/21/2018 | 122 |  | SENTENCING MEMORANDUM SUPPLEMENT by Felix Rojas (Newman, Donna) (Entered: 12/21/2018) |
| 12/26/2018 | 123 |  | Letter *responding to December 21, 2018 supplemental sentencing submission* as to Felix Rojas (Lee, Margaret) (Entered: 12/26/2018) |
| 12/26/2018 | 124 |  | SENTENCING MEMORANDUM SUPPLEMENT by USA as to Felix Rojas (Lee, Margaret) (Entered: 12/26/2018) |
| 12/26/2018 | 125 |  | SENTENCING MEMORANDUM SUPPLEMENT by Severiano Martinez-Rojas (Attachments: # 1 Letter from Severiano Martinez-Rojas, # 2 Certificate, # 3 certificate) (Wallenstein, John) (Entered: 12/26/2018) |
| 01/03/2019 | 175 |  | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing as to Jovan Rendon-Reyes held on 1/3/2019. Case Called. Awaiting arguments and imposition of sentence on deft #6, continued to 1/4/19. (ESR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/03/2019 | 177 |  | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing as to Felix Rojas held on 1/3/2019. Case Called. Arguments heard, Sentencing continued to 1/4/19 @ 11:00 a.m. (FTR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/03/2019 | 180 |  | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing as to Odilon Martinez-Rojas held on 1/3/2019. Case Called. Awaiting arguments and imposition of sentence on deft #6, continued to 1/4/19. (ESR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/03/2019 | 182 |  | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing as to Severiano Martinez-Rojas held on 1/3/2019. Case Called. Awaiting arguments and imposition of sentence on deft #6, continued to 1/4/19. (ESR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/04/2019 |  |  | Minute Entry for proceedings held before Judge Edward R. Korman:Sentencing held on 1/4/2019 for Felix Rojas (6), Count(s) 1-2, 10, 11, 11s, 12s, 13s, 15, 16, 17, 18, 18s, 19, 19s, 20, 20s, 21s, 22s, 26, 27, 28s, 29s, 2s, 3, 3s, 4, 4s, 5, 5s, 6, 6s, 9, Dismissed Upon Motion of the Government.; Count(s)1s and 17s, Three (300) Months Imprisonment. Five (5)Years Supervised Release. Special Conditions of Supervision. $200.00 Special assessment. Restitution $367,500.00; (Marziliano, August) (Entered: 08/16/2019) |
| 01/04/2019 | 176 |  | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing as to Jovan Rendon-Reyes held on 1/4/2019. Case Called. CAG 240 months, 5 years SR conditions, $200 SA. Changes to PSR ordered, Probation to submit revised report. (ESR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |

**RA1: 43**

Case 19-2664, Document 126, 06/19/2020, 2866711, Page44 of 192

| 01/04/2019 | 178 | Minute Entry for proceedings held before Judge Edward R. Korman:Sentencing held on 1/4/2019 for Felix Rojas (6), Count(s) 1-2, 10, 11, 11s, 12s, 13s, 15, 16, 17, 18, 18s, 19, 19s, 20, 20s, 21s, 22s, 26, 27, 28s, 29s, 2s, 3, 3s, 4, 4s, 5, 5s, 6, 6s, 9, Dismissed Upon Motion of the Government.; Count(s) 17s, Three (300) Months Imprisonment. Five (5)Years Supervised Release. Special Conditions of Supervision. $200.00 Special assessment. Restitution $367,500.00; Count(s) 1s, Three (300) Months Imprisonment. Five (5)Years Supervised Release. Special Conditions of Supervision. $200.00 Special assessment. Restitution Reserved. Changes to the PSI Ordered, Probation to submit revised report. (FTR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
|---|---|---|
| 01/04/2019 | 179 | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing held on 1/4/2019 for Saul Rendon-Reyes. Case Called. CAG 180 Months, 5 years Supervised Release conditions, $200 Special Assessment. (FTR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/04/2019 | 181 | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing as to Odilon Martinez-Rojas. Case Called. CAG 293 months, 5 years Supervised release conditions, $200 Special Assessment. Changes to PSR ordered, probation to submit revised report. (FTR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/04/2019 | 183 | Minute Entry for proceedings held before Judge Edward R. Korman: Sentencing held on 1/4/2019 for Severiano Martinez-Rojas. Case Called. CAG 293 months, 5 years Supervised release conditions, $300 Special assessment. Changes to PSR ordered, probation to submit revised report. (ESR Log #Rocco/Hong.) (Herrera, Isaiah) (Entered: 09/27/2019) |
| 01/24/2019 | 126 | MOTION for Hearing *To Determine If New Counsel Should Be Appointed* by Felix Rojas. (Newman, Donna) (Entered: 01/24/2019) |
| 01/24/2019 | | ORDER granting 126 Motion for Hearing as to Felix Rojas (6)( Motion Hearing set for 2/6/2019 04:00 PM in Courtroom 8A South before Judge Edward R. Korman, as well as any other defts similarly situated. Ordered by Judge Edward R. Korman on 1/24/2019. (Susi, PaulaMarie) (Entered: 01/24/2019) |
| 01/24/2019 | 170 | NOTICE OF APPEAL by Felix Rojas re 168 Judgment filed 8/16/19. No fee. Appellant represented by CJA Counsel. Service done electronically. (McGee, Mary Ann) (Entered: 08/22/2019) |
| 01/24/2019 | 192 | NOTICE OF APPEAL by Odilon Martinez-Rojas re 186 Judgment entered 9/27/19. No fee. Although filed as a Pro Se Appeal, the Appellant was represented by CJA Counsel. Service done electronically. (Entered: 09/30/2019) |
| 01/24/2019 | 193 | NOTICE OF APPEAL by Severiano Martinez-Rojas re 190 Judgment entered 9/27/19. No fee. Although this appeal is being filed Pro Se, the Appellant was previously represented by CJA Counsel. Service done electronically. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 01/24/2019 | 194 | NOTICE OF APPEAL by Jovan Rendon-Reyes re 184 Judgment entered 9/27/19. No fee. Although this appeal is being filed Pro Se, the Appellant was previously represented by CJA Counsel. Service done electronically. (McGee, Mary Ann) (Entered: 09/30/2019) |

RA1: 44

| | | |
|---|---|---|
| 01/25/2019 | 127 | Letter *Requesting conference* as to Odilon Martinez-Rojas (Rosenberg, Richard) (Entered: 01/25/2019) |
| 01/29/2019 | 171 | SUBSEQUENT/DUPLICATE NOTICE OF APPEAL by Felix Rojas re 168 Judgment entered 8/16/19. No fee. Service done electronically. Please note that this Notice of Appeal was mistakenly filed by Appellant directly with the USCA on 1/29/19. It was then forwarded to the District Court where it was received 2/1/19. (McGee, Mary Ann) (Entered: 08/22/2019) |
| 01/29/2019 | 195 | SUBSEQUENT/DUPLICATE NOTICE OF APPEAL by Jovan Rendon-Reyes re 184 Judgment entered 9/27/19. No fee for Duplicate Appeal. Service done electronically. Please note that this appeal was mistakenly filed by Appellant directly with the USCA on 1/29/19. It was then mailed to the District Court, where it was received 2/1/19. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 01/29/2019 | 196 | SUBSEQUENT/DUPLICATE NOTICE OF APPEAL by Odilon Martinez-Rojas re 186 Judgment entered 9/27/19. No fee for Duplicate Appeal. Service done electronically. Please note that this Appeal was mistakenly filed by Appellant directly with the USCA on 1/29/19. It was then forwarded to the District Court, where it was received 2/1/19. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 01/29/2019 | 197 | SUBSEQUENT/DUPLICATE NOTICE OF APPEAL by Severiano Martinez-Rojas re 190 Judgment entered 9/27/19. No fee for Duplicate Appeal. Service done electronically. Please note that this Appeal was mistakenly filed by Appellant directly with the USCA on 1/29/19. It was then forwarded to the District Court, where it was received 2/1/19. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 01/31/2019 | 135 | Letter *regarding sentencing enhancement* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Attachments: # 1 Declaration) (Lee, Margaret) (Entered: 01/31/2019) |
| 02/01/2019 | 136 | Letter *providing additional declaration regarding sentencing enhancement* as to Odilon Martinez-Rojas (Attachments: # 1 Declaration) (Lee, Margaret) (Entered: 02/01/2019) |
| 02/06/2019 | 137 | MOTION to Appoint Counsel by Felix Rojas. (Attachments: # 1 Exhibit) (Newman, Donna) (Entered: 02/06/2019) |
| 02/06/2019 | | Minute Entry for proceedings held before Judge Edward R. Korman: Status Conference as to Felix Rojas, Odilon Martinez-Rojas and Severiano Martinez-Rojas held on 2/6/2019. Appearances by AUSA Margaret Lee, Donna Newman for defendants Felix Rojas and Severiano Martinez-Rojas. Richard H. Rosenberg for defendant Odilon Martinez-Rojas. Previously sworn Spanish interpreter Mario Michelena present to interpret proceeding for the defendants. Defense counsel to submit Motion to Withdraw in connection to their respective clients for reasons discussed during the conference. Ordered by Judge Edward R. Korman on 2/6/2019. (Court Reporter Loan Hong) (Valderrama, Freddie) (Entered: 02/21/2019) |

RA1: 45

Case 19-2684, Document 212, 06/19/2020, 2866711, Page46 of 192 CM/ECF Database, LIVE (Revision 12126) https://ecf.nyed.uscourts.gov/cgi-bin/DktRpt.pl?96232140898040...

| 02/07/2019 | 138 | First MOTION to Appoint Counsel by Odilon Martinez-Rojas. (Attachments: # 1 Exhibit A: Letter) (Rosenberg, Richard) (Entered: 02/07/2019) |
|---|---|---|
| 02/07/2019 | 139 | Letter MOTION to Withdraw as Attorney by JOHN S. WALLENSTEIN, ESQ.. by Severiano Martinez-Rojas. (Attachments: # 1 Exhibit) (Wallenstein, John) (Entered: 02/07/2019) |
| 03/12/2019 | 141 | Letter from Odilon Martinez-Rojas requesting copy of Docket Sheet. (Almonte, Giselle) (Entered: 03/19/2019) |
| 03/12/2019 | 142 | Letter from Felix Rojas requesting copy of Docket Sheet. (Almonte, Giselle) (Entered: 03/19/2019) |
| 03/12/2019 | 143 | Letter from Severiano Martinez-Rojas requesting copy of Docket Sheet. (Almonte, Giselle) (Entered: 03/19/2019) |
| 03/13/2019 | 140 | TRANSCRIPT of Proceedings as to Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on February 6, 2019, before Judge Korman. Court Reporter/Transcriber Transcription Plus II, Inc. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/3/2019. Redacted Transcript Deadline set for 4/15/2019. Release of Transcript Restriction set for 6/11/2019. (Hong, Loan) (Entered: 03/13/2019) |
| 03/29/2019 |  | ORDER as to Felix Rojas re 137 MOTION to Appoint Counsel filed by Felix Rojas *** I appoint Sarah Kunstler solely on the issue of restitution. Counsel shall submit a supplemental brief on this issue within thirty days of the date of this order. Ordered by Judge Edward R. Korman on 3/29/2019. (Susi, PaulaMarie) (Entered: 03/29/2019) |
| 03/29/2019 | 145 | CJA 20 Appointment of Sarah Kunstler on behalf of Defendant Felix Rojas. Ordered by Judge Edward R. Korman on 3/29/2019. (Herrera, Isaiah) (Entered: 04/02/2019) |
| 03/29/2019 |  | Attorney update in case as to Felix Rojas. Attorney Donna R. Newman terminated as per 145 . (Herrera, Isaiah) (Entered: 08/28/2019) |
| 03/31/2019 | 144 | NOTICE OF ATTORNEY APPEARANCE: Sarah Kunstler appearing for Felix Rojas (Kunstler, Sarah) (Entered: 03/31/2019) |
| 04/01/2019 | 146 | Letter/ Defendant's Motion To Attach In Docket Sheet The Notice Of Appeals Filed on January 10, 2019 as to Severiano Martinez-Rojas. (Love, Alexis) (Entered: 04/03/2019) |
| 04/08/2019 | 147 | TRANSCRIPT of Proceedings as to Felix Rojas held on January 3, 2019, before Judge Korman. Court Transcriber: Typewrite Word Processing Service, Telephone number 518-581-8973. Email address: transcripts@typewp.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other |

RA1: 46

| | | |
|---|---|---|
| | | Documents". Redaction Request due 4/29/2019. Redacted Transcript Deadline set for 5/9/2019. Release of Transcript Restriction set for 7/8/2019. (Attachments: # 1 word index) (Rocco, Christine) (Entered: 04/08/2019) |
| 04/08/2019 | 148 | TRANSCRIPT of Proceedings as to Felix Rojas held on January 4, 2019, before Judge Korman. Court Transcriber: Typewrite Word Processing Service, Telephone number 518-581-8973. Email address: transcripts@typewp.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 4/29/2019. Redacted Transcript Deadline set for 5/9/2019. Release of Transcript Restriction set for 7/8/2019. (Attachments: # 1 word index) (Rocco, Christine) (Entered: 04/08/2019) |
| 04/26/2019 | 149 | SENTENCING MEMORANDUM by Felix Rojas (Kunstler, Sarah) (Entered: 04/26/2019) |
| 04/30/2019 | | ORDER *** The U.S. Attorney and the Probation Office are directed to respond to 149 Sentencing Memorandum within 10 days of this order. Ordered by Judge Edward R. Korman on 4/30/2019. (Arber, Jacob) (Entered: 04/30/2019) |
| 05/10/2019 | 151 | Letter *responding to the defendant's objection to the restitution calculation* as to Felix Rojas (Lee, Margaret) (Entered: 05/10/2019) |
| 05/10/2019 | 152 | Letter *providing exhibits in connection with the government's May 10, 2019 letter* as to Felix Rojas (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G) (Lee, Margaret) (Entered: 05/10/2019) |
| 05/13/2019 | 153 | MOTION for Leave to File Document *(Reply to Government's Response to Defendant's Memorandum in Opposition of Restitution)* by Felix Rojas. (Kunstler, Sarah) (Entered: 05/13/2019) |
| 05/14/2019 | | ORDER granting 153 Motion for Leave to File as to Felix Rojas (6)Ordered by Judge Edward R. Korman on 5/14/2019. (Susi, PaulaMarie) (Entered: 05/14/2019) |
| 05/20/2019 | 154 | Letter *replying to the government's response to defendant's objection to the restitution calculation* as to Felix Rojas (Kunstler, Sarah) (Entered: 05/20/2019) |
| 06/25/2019 | | In the course of 154 her letter on behalf of Felix Rojas, Ms. Kunstler observes that the declarations of Jane Does #2, 3, 5, and 7, to the extent provided by the U.S. Attorney, do not identify start- and end-dates of the prostitution, rendering it impossible to calculate restitution using the U.S. Attorney's proposed formula. The U.S. Attorney is directed to address this identified deficiency as it relates to the restitution owed to these victims within seven days of this order. Ordered by Judge Edward R. Korman on 6/25/2019. (Arber, Jacob) (Entered: 06/25/2019) |
| 06/27/2019 | | Hearing set for 7/24/2019 03:30 PM in Courtroom 8A South before Judge Edward R. Korman. For Felix Rojas on the imposition of a restitution order. Ordered by Judge Edward R. Korman on 6/27/2019. (Susi, PaulaMarie) (Entered: 06/27/2019) |

RA1: 47

Case 19-2864, Document 21-26, 06/19/2020, 2866711, Page48 of 192

| 06/28/2019 | 155 | Letter *requesting one-week extension to file response* as to Felix Rojas (Lee, Margaret) (Entered: 06/28/2019) |
|---|---|---|
| 06/28/2019 | | ORDER re 155 Letter *** The U.S. Attorney's request for a one-week extension is granted. The response must be filed by July 9, 2019. Ordered by Judge Edward R. Korman on 6/28/2019. (Arber, Jacob) (Entered: 06/28/2019) |
| 07/09/2019 | 156 | Letter *regarding restitution* as to Felix Rojas (Lee, Margaret) (Entered: 07/09/2019) |
| 07/23/2019 | 164 | Letter *Regarding Restitution* as to Felix Rojas (Kunstler, Sarah) (Entered: 07/23/2019) |
| 07/23/2019 | | SCHEDULING ORDER as to Felix Rojas *** Hearing set for 7/24/2019 is rescheduled to 4:30 PM in Courtroom 8A South before Judge Edward R. Korman. Ordered by Judge Edward R. Korman on 7/23/2019. (Arber, Jacob) (Entered: 07/23/2019) |
| 07/24/2019 | 165 | Minute Entry for proceedings held before Judge Edward R. Korman:Evidentiary Hearing as to Felix Rojas held on 7/24/2019, parties present, order regarding issue of restitution entered on the record. Further schedule set. (Court Reporter ESR.) (Susi, PaulaMarie) (Entered: 07/26/2019) |
| 07/25/2019 | | ORDER denying 138 Motion to Appoint Counsel as to Odilon Martinez-Rojas (7); denying 139 Motion to Withdraw as Attorney. as to Severiano Martinez-Rojas (8) *** [DE138] [DE139] Counsels' motions to withdraw are denied. A defendant's indication that he will pursue ineffective assistance claims on appeal does not necessarily create a conflict of interest, particularly if counsel continues to adequately represent the defendant. See United States v. White, 174 F.3d 290, 296 (2d Cir. 1999). Counsel should be capable of continuing to adequately represent their clients on the limited issue of restitution without laboring under any conflict of interest, particularly as they previously indicated--before learning of their clients' intended ineffective assistance claims--that they would adopt the objections made by Felix Rojas as to restitution.Ordered by Judge Edward R. Korman on 7/25/2019. (Susi, PaulaMarie) (Entered: 07/25/2019) |
| 07/31/2019 | 166 | Letter *regarding Court's findings as to restitution* as to Jovan Rendon-Reyes, Saul Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Felix Rojas, Odilon Martinez-Rojas, Severiano Martinez-Rojas (Lee, Margaret) (Entered: 07/31/2019) |
| 08/09/2019 | 167 | NOTICE *** The parties are hereby given notice of a proposed restitution order, outlined in the attached document, ECF No. 167. Counsel is directed to file any objections to this proposed restitution order at least seven days before restitution is formally imposed. An order scheduling imposition of restitution will follow. (Arber, Jacob) (Entered: 08/09/2019) |
| 08/13/2019 | | Hearing/Decision on Imposition of Restitution for Saul Rendon Reyes set for 9/19/2019 02:30 PM in Courtroom 8A South before Judge Edward R. Korman.. Ordered by Judge Edward R. Korman on 8/13/2019. (Susi, PaulaMarie) (Entered: 08/13/2019) |
| 08/14/2019 | | Hearing/Decision on Imposition of Restitution for defts 1,3,4,5,7,8 set for 9/10/2019 02:30 PM in Courtroom 8A South before Judge Edward R. Korman. |

**RA1: 48**

| | | |
|---|---|---|
| | | Ordered by Judge Edward R. Korman on 8/14/2019. (Susi, PaulaMarie) (Entered: 08/14/2019) |
| 08/15/2019 | | PLEASE NOTE NEW TIME: Hearing/Decision on Imposition of Restitution for defts 1,3,4,5,7,8 set for 9/10/2019 **01:30** PM in Courtroom 8A South before Judge Edward R. Korman.. Ordered by Judge Edward R. Korman on 8/15/2019. (Susi, PaulaMarie) (Entered: 08/15/2019) |
| 08/16/2019 | 168 | JUDGMENT as to Felix Rojas (6), Count(s) 1-2, 10, 11, 11s, 12s, 13s, 15, 16, 17, 18, 18s, 19, 19s, 20, 20s, 21s, 22s, 26, 27, 28s, 29s, 2s, 3, 3s, 4, 4s, 5, 5s, 6, 6s, 9, Dismissed Upon Motion of the Government.; Count(s)1s and 17s, Three (300) Months Imprisonment. Five (5)Years Supervised Release. Special Conditions of Supervision. $200.00 Special assessment. Restitution $367,500.00.. Ordered by Judge Edward R. Korman on 8/15/2019. (Marziliano, August) (Entered: 08/16/2019) |
| 08/22/2019 | | Electronic Index to Record on Appeal as to Felix Rojas sent to US Court of Appeals 170 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 08/22/2019) |
| 08/22/2019 | | First Supplemental Electronic Index to Record on Appeal as to Felix Rojas sent to US Court of Appeals 171 Subsequent/Duplicate Notice of Appeal - Final Judgment. (McGee, Mary Ann) (Entered: 08/22/2019) |
| 09/13/2019 | 172 | Letter from Felix Rojas to Judge Korman dated 9/5/19 in re: Notice of Appeal. (Herrera, Isaiah) (Entered: 09/16/2019) |
| 09/13/2019 | 173 | Letter from Odilon Martinez-Rojas to Judge Korman dated 9/5/19 in re: Notice of Appeal. (Herrera, Isaiah) (Entered: 09/16/2019) |
| 09/16/2019 | | ORDER as to Felix Rojas re 172 Letter *** Appellate counsel is directed to advise his client as to the status of the appeal. Copy emailed to counsel and mailed to defendant. Ordered by Judge Edward R. Korman on 9/16/2019. (Susi, PaulaMarie) (Entered: 09/16/2019) |
| 09/16/2019 | 174 | Letter from Severiano Martinez-Rojas dated 9/5/19 in re: Notice of Appeal. (Herrera, Isaiah) (Entered: 09/17/2019) |
| 09/26/2019 | 184 | JUDGMENT as to Jovan Rendon-Reyes (1), Count(s) 12, 13, 15s, 16s, 17s, 18s, 26, 27, 28s, 29s, 2s, 3s, 4s, 5s, 6s, 7s, Dismissed on Governments motion.; Count(s) 14s, Imprisonment: Two-Hundred Forty (240) Months. Supervised Release: Five Years with special conditions imposed. Special Assessment: $200. Restitution: $237,300.00; Count(s) 1s, Imprisonment: Two-Hundred Forty (240) Months. Supervised Release: Five Years with special conditions imposed. Special Assessment: $200. Restitution: $237,300.00. Ordered by Judge Edward R. Korman on 9/26/2019. (Herrera, Isaiah) (Entered: 09/27/2019) |
| 09/26/2019 | 186 | JUDGMENT as to Odilon Martinez-Rojas (7), Count(s) 10s, 12, 13, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 21, 22, 24s, 25s, 26, 27, 28s, 29s, 2s, 3s, 4s, 5s, 6s, 7-8, 7s-9s, Dismissed on Government's motion.; Count(s) 1s, Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $200. Restitution: $476,700.; Count(s) |

RA1: 49

Case 19-2864, Document 21-2, 06/19/2020, 2866711, Page50 of 192

| | | |
|---|---|---|
| | | 23s, Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $200. Restitution: $476,700. Ordered by Judge Edward R. Korman on 9/26/2019. (Herrera, Isaiah) (Entered: 09/27/2019) |
| 09/26/2019 | 188 | JUDGMENT as to Saul Rendon-Reyes (2), Count(s) 10s, 17, 19s, 26, 27, 28s, 29s, 2s, 3s, 4s, 5s, 8s, Dismissed on Government's Motion.; Count(s) 1s, Imprisonment: One-Hundred-Eighty (180). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $200. Restitution: $218,400.; Count(s) 9s, Imprisonment: One-Hundred-Eighty (180). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $200. Restitution: $218,400. Ordered by Judge Edward R. Korman on 9/26/2019. (Herrera, Isaiah) (Entered: 09/27/2019) |
| 09/26/2019 | 190 | JUDGMENT as to Severiano Martinez-Rojas (8), Count(s) 10s, 11s, 12s, 15, 17s, 18, 20s, 21, 23s, 25s, 26, 27, 28s, 29s, 2s, 3s, 4s, 5s, 6s, 7s-9s, Dismissed on Government's Motion.; Count(s) 19s, Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $300. Restitution: $658,300.; Count(s) 1s, Imprisonment: Two-Hundred-Ninety-Three (293). Supervised Release: Five (5) years with special conditions imposed. Special Assessment: $300. Restitution: $658,300. Ordered by Judge Edward R. Korman on 9/26/2019. (Herrera, Isaiah) (Entered: 09/27/2019) |
| 09/30/2019 | | Electronic Index to Record on Appeal as to Odilon Martinez-Rojas sent to US Court of Appeals 192 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 09/30/2019 | | Electronic Index to Record on Appeal as to Severiano Martinez-Rojas sent to US Court of Appeals 193 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 09/30/2019 | | Electronic Index to Record on Appeal as to Jovan Rendon-Reyes sent to US Court of Appeals 194 Notice of Appeal - Final Judgment Documents are available via Pacer. For docket entries without a hyperlink or for documents under seal, contact the court and we'll arrange for the document(s) to be made available to you. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 09/30/2019 | | First Supplemental Electronic Index to Record on Appeal as to Jovan Rendon-Reyes sent to US Court of Appeals 195 Subsequent/Duplicate Notice of Appeal - Final Judgment. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 09/30/2019 | | First Supplemental Electronic Index to Record on Appeal as to Odilon Martinez-Rojas sent to US Court of Appeals 196 Subsequent/Duplicate Notice of Appeal - Final Judgment. (McGee, Mary Ann) (Entered: 09/30/2019) |
| 09/30/2019 | | First Supplemental Electronic Index to Record on Appeal as to Severiano Martinez-Rojas sent to US Court of Appeals 197 Subsequent/Duplicate Notice of Appeal - Final Judgment. (McGee, Mary Ann) (Entered: 09/30/2019) |

**RA1: 50**

| 09/30/2019 | 198 | DUPLICATE NOTICE OF APPEAL from 184 Judgment entered 9/27/19 by Attorney for Jovan Rendon-Reyes. No fee. Appellant represented by CJA Counsel. Service done electronically. (Lind, Richard) Modified on 10/1/2019 to reflect Duplicate Appeal, fee status and service (McGee, Mary Ann). (Entered: 09/30/2019) |
|---|---|---|
| 10/01/2019 | | Second Supplemental Electronic Index to Record on Appeal as to Jovan Rendon-Reyes sent to US Court of Appeals 198 DUPLICATE Notice of Appeal - Final Judgment, (McGee, Mary Ann) (Entered: 10/01/2019) |
| 10/01/2019 | 199 | DUPLICATE NOTICE OF APPEAL by Odilon Martinez-Rojas (Rosenberg, Richard) Modified on 10/17/2019 to reflect duplicate. (McGee, Mary Ann). (Entered: 10/01/2019) |
| 10/01/2019 | 200 | DUPLICATE NOTICE OF APPEAL by Attorney for Severiano Martinez-Rojas re 190 Judgment entered 9/27/19. No fee. Appellant represented by CJA Attorney and there is no fee for a Duplicate Appeal. Service done electronically. Appeal Record due by 10/11/2019. (Wallenstein, John) Modified on 10/1/2019 to reflect Duplicate Appeal, fee status and service. (McGee, Mary Ann). (Entered: 10/01/2019) |
| 10/01/2019 | | Second Supplemental Electronic Index to Record on Appeal as to Severiano Martinez-Rojas sent to US Court of Appeals 200 DUPLICATE Notice of Appeal - Final Judgment. (McGee, Mary Ann) (Entered: 10/01/2019) |
| 10/11/2019 | 201 | NOTICE OF APPEAL by Francisco Rendon-Reyes (Darrow, James) (Entered: 10/11/2019) |
| 10/17/2019 | | Second Supplemental Electronic Index to Record on Appeal as to Odilon Martinez-Rojas sent to US Court of Appeals 199 Duplicate Notice of Appeal - Final Judgment (McGee, Mary Ann) (Entered: 10/17/2019) |
| 10/22/2019 | 202 | TRANSCRIPT of Proceedings as to Francisco Rendon-Reyes held on September 10, 2019, before Judge Korman. Court Transcriber: Transcription Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 11/12/2019. Redacted Transcript Deadline set for 11/22/2019. Release of Transcript Restriction set for 1/20/2020. (Rocco, Christine) (Entered: 10/22/2019) |
| 10/22/2019 | 203 | TRANSCRIPT of Proceedings as to Francisco Rendon-Reyes held on January 15, 2019, before Judge Korman. Court Transcriber: Transcription Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 11/12/2019. Redacted Transcript Deadline set for 11/22/2019. Release of Transcript Restriction set for 1/20/2020. (Rocco, Christine) (Entered: 10/22/2019) |

RA1: 51

Case 19-2064, Document 212, 06/19/2020, 2866711, Page52 of 192

| 10/23/2019 | 204 | TRANSCRIPT of Proceedings as to Felix Rojas held on July 24, 2019, before Judge Korman. Court Transcriber: Transcription Plus II, Inc.. Email address: laferrara44@gmail.com. Transcript may be viewed at the court public terminal or purchased through the Court Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER.File redaction request using event "Redaction Request - Transcript" located under "Other Filings - Other Documents". Redaction Request due 11/13/2019. Redacted Transcript Deadline set for 11/25/2019. Release of Transcript Restriction set for 1/21/2020. (Rocco, Christine) (Entered: 10/23/2019) |
|---|---|---|
| 10/29/2019 | | Minute Entry for proceedings held before Judge Edward R. Korman:Status Conference for the Imposition of Restitution as to Jovan Rendon-Reyes, Guillermina Rendon-Reyes, Francisco Rendon-Reyes, Jose Rendon-Garcia, Odilon Martinez-Rojas, Severiano Martinez-Rojas held on 10/29/2019. AUSA Margaret Lee. Atty1 Richard Lind, atty3 Joel Cohen, atty4 James Darrow, atty5 Gary Villanueva, atty7 Richard Rosenberg, atty8 John Wallenstein. Int. Mario Michelena. Imposition of Restitution for deft1 = $237,300; deft3 $50,400; deft4 $157,500; deft5 $308,700; deft7 $476,700; deft8 $658,300 (at 10% monthy net after release from custody). (Court Reporter ESR.) (Susi, PaulaMarie) (Entered: 10/29/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/15/2019 10:58:50 | | | |
| **PACER Login:** | inesmcgillion | **Client Code:** | Martinez-Rojas CJA2C |
| **Description:** | Docket Report | **Search Criteria:** | 1:15-cr-00348-ERK |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Exempt CJA |

**RA1: 52**

TM:ML/BH
F.#2012R01664

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 16 2015 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

   - against -

JOVAN RENDON-REYES,
    also known as "Jovani,"
SAUL RENDON-REYES,
    also known as "Satanico,"
GUILLERMINA RENDON-REYES,
FRANCISCO RENDON-REYES,
    also known as "Pancho,"
JOSE RENDON-GARCIA,
    also known as "Gusano,"
FELIX ROJAS,
ODILON MARTINEZ-ROJAS,
    also known as "Chino" and "Saul," and
SEVERIANO MARTINEZ-ROJAS,
    also known as "Negro," "Gato" and
    "Arturo,"

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. <u>15-348 (S-1) (ERK)</u>
(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv),
 1324(a)(1)(A)(v)(I),
 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i),
 1324(a)(1)(B)(ii), 1324(b); T. 18, U.S.C.,
 §§ 371, 981(a)(1)(C), 982(a)(1),
 982(a)(6), 1591(a)(1), 1591(a)(2),
 1591(b)(1), 1591(b)(2), 1591(d), 1594(c),
 1594(d), 1952(a)(1)(A), 1952(b)(1),
 1956(h), 1962(c), 1962(d), 1963, 1963(a),
 1963(m), 2422(a), 2423(a), 2423(e),
 2428, 2 and 3551 <u>et</u> <u>seq.</u>; T. 21,
 U.S.C., § 853(p); T. 28, U.S.C.,
 § 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

At all times relevant to this Indictment, unless otherwise indicated:

<u>The Enterprise</u>

    1.    The defendants JOVAN RENDON-REYES, also known as "Jovani,"

SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES,

1

**RA1: 53**

FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," were members and associates of the "Rendon-Reyes Trafficking Organization," a criminal organization that operated in Queens, New York; Atlanta, Georgia; and Jemison, Alabama, among other locations. Members and associates of the Rendon-Reyes Trafficking Organization engaged in various forms of criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring and money laundering.

2.  The Rendon-Reyes Trafficking Organization, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The Rendon-Reyes Trafficking Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>The Purposes of the Enterprise</u>

3.  The purposes of the enterprise included the following:

a.  Enriching the members and associates of the enterprise through criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring and money laundering.

b.  Promoting and enhancing the enterprise and the activities of its members and associates.

2

**RA1: 54**

c.       Preserving and protecting the enterprise through the use of intimidation, threats of violence and acts of violence, including assaults and beatings to keep victims in fear.

d.       Concealing the enterprise and the activities of its members and associates from law enforcement through criminal activity, including but not limited to money laundering, witness tampering and attempted witness tampering of individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

<u>Means and Methods of the Enterprise</u>

4.       Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.       Members and associates of the enterprise used force, threats of force, fraud and coercion to cause young women and minor girls from Mexico and Latin America to engage in prostitution in the United States.

b.       Members and associates of the enterprise arranged to smuggle young women and minor girls into the United States, transport them to Queens, New York; Atlanta, Georgia; Jemison, Alabama, and elsewhere, and harbor them at various locations.

c.       Members and associates of the enterprise operated brothels and arranged to transport, and did transport, young women and girls to prostitute at such brothels and other locations, in various states, including but not limited to New York, Connecticut, Georgia, Alabama, Louisiana and Mississippi.

3

**RA1: 55**

d.      Members and associates of the enterprise engaged in conduct designed to prevent detection of their identities, their illegal activities and the location of proceeds of those activities.   Those activities included money laundering, witness tampering and attempted witness tampering of individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

<u>COUNT ONE</u>
(Racketeering)

5.      The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

6.      In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York, the Northern District of Georgia, the Middle District of Alabama, the District of Arizona, the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, being persons employed by and associated with the Rendon-Reyes Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Rendon-Reyes Trafficking Organization through a pattern of

4

**RA1: 56**

racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

<div align="center">

RACKETEERING ACT ONE
(Alien Smuggling Conspiracy)

</div>

7.      In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire: (a) to encourage and induce one or more aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry, and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered, and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered, and remained in the United States in violation of law, to conceal, harbor, and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States

<div align="center">

5

</div>

<div align="center">

**RA1: 57**

</div>

Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

### RACKETEERING ACT TWO
(Conspiracy to Transport Minors)

8.      In or about and between March 2006 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire to transport one or more individuals who had not attained the age of 18 years in interstate and foreign commerce, with intent that such individuals engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).

### RACKETEERING ACT THREE
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #1)

9.      The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Three:

A.      <u>Sex Trafficking (2004 to 2006)</u>

10.      In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce,

6

**RA1: 58**

and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

        B.      Sex Trafficking (2008 to 2009)

11.     In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants SAUL RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

        C.      Interstate Prostitution (2004 to 2006)

12.     In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign

7

**RA1: 59**

commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

### D. Interstate Prostitution (2008 to 2009)

13. In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants SAUL RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

### E. Alien Smuggling

14. In or about and between December 2004 and February 2005, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #1, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

**RA1: 60**

## RACKETEERING ACT FOUR
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #2)

15. The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Four:

A.     Sex Trafficking

16. In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES and FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

17. In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, SAUL RENDON-REYES, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #2, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

**RA1: 61**

C.    Alien Smuggling

18.    In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES and FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

<div align="center">

RACKETEERING ACT FIVE
(Sex Trafficking of a Minor/Transportation of a Minor/Interstate Prostitution/
Alien Smuggling – Jane Doe #3)

</div>

19.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Five:

A.    Sex Trafficking of a Minor

20.    In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force,

<div align="center">

10

</div>

<div align="center">

**RA1: 62**

</div>

fraud and coercion would be used to cause Jane Doe #3 to engage in one or more commercial sex acts, and (2) Jane Doe #3 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.      Transportation of a Minor

21.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #3, in interstate and foreign commerce, with intent that Jane Doe #3 engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2.

C.      Interstate Prostitution

22.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #3, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

11

**RA1: 63**

D.    Alien Smuggling

23.    In or about and between March 2006 and July 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #3, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT SIX
(Sex Trafficking/Alien Smuggling – Jane Doe #4)

24.    The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Six:

A.    Sex Trafficking

25.    In or about and between March 2007 and May 2008, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud

12

**RA1: 64**

and coercion would be used to cause Jane Doe #4 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.    Alien Smuggling

26.    In or about and between March 2007 and November 2007, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #4, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

<div align="center">

RACKETEERING ACT SEVEN
(Sex Trafficking of a Minor/Transportation of a Minor/Interstate Prostitution/
Alien Smuggling – Jane Doe #5)

</div>

27.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Seven:

A.    Sex Trafficking of a Minor

28.    In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, an individual whose identity is known to the Grand

<div align="center">

13

</div>

<div align="center">

**RA1: 65**

</div>

Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, and (2) Jane Doe #5 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Transportation of a Minor

29.     In or about and between June 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #5, in interstate and foreign commerce, with intent that Jane Doe #5 engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2.

C.     Interstate Prostitution

30.     In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #5, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

14

**RA1: 66**

D.     Alien Smuggling

31.     In or about and between June 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT EIGHT
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #6)

32.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Eight:

A.     Sex Trafficking

33.     In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #6, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts,

15

**RA1: 67**

knowing that force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

        B.     <u>Interstate Prostitution</u>

34. In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, JOSE RENDON-GARCIA, FRANCISCO RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #6, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

        C.     <u>Alien Smuggling</u>

35. In or about and between December 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

**RA1: 68**

## RACKETEERING ACT NINE
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #7)

36.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Nine:

A.     Sex Trafficking

37.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama and elsewhere, the defendants SAUL RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #7, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #7 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

38.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama and elsewhere, the defendants SAUL RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #7, to travel in interstate

17

**RA1: 69**

and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.    Alien Smuggling

39.    In or about and between November 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #7, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT TEN
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #8)

40.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Ten:

A.    Sex Trafficking

41.    In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #8, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving

18

**RA1: 70**

anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #8 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

### B. Interstate Prostitution

42. In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #8, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

### C. Alien Smuggling

43. In or about and between April 2009 and June 2010, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #8, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

19

**RA1: 71**

RACKETEERING ACT ELEVEN
(Sex Trafficking/Interstate Prostitution/Alien Smuggling/
Obstruction of Justice – Jane Doe #9)

44.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Eleven:

A.     Sex Trafficking

45.     In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #9, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #9 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

46.     In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #9, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

20

**RA1: 72**

C.    Alien Smuggling

47.    In or about and between April 2010 and November 2010, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #9, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

D.    Obstruction of Justice

48.    In or about and between May 2013 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally obstruct, attempt to obstruct and in any way interfere with and prevent the enforcement of Title 18, United States Code, Section 1591, in violation of Title 18, United States Code, Sections 1591(d) and 2.

RACKETEERING ACT TWELVE
(Interstate Prostitution/Alien Smuggling – Jane Doe #10)

49.    The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Twelve:

21

**RA1: 73**

A.    Interstate Prostitution

50.    In or about and between August 2007 and October 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #10, an individual whose identity is known to the Grand Jury, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

B.    Alien Smuggling

51.    In or about and between August 2007 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #10, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT THIRTEEN
(Money Laundering Conspiracy/Distribution of Proceeds of a Prostitution Business)

52.    The defendants named below committed the following acts, either of which alone constitutes Racketeering Act Thirteen:

22

RA1: 74

A. Money Laundering Conspiracy

53. In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking and sex trafficking of one or more minors, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, in violation of Title 18, United States Code, Section 1956(h).

B. Distribution of Proceeds of a Prostitution Business

54. In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON

23

**RA1: 75**

MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity, in violation of Title 18 United States Code, Sections 1952(a)(1)(A), 1952(b)(1) and 2.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Racketeering Conspiracy)

55.     The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

56.     In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York, the Northern District of Georgia, the Middle District of Alabama, the District of Arizona, the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others,

24

**RA1: 76**

being persons employed by and associated with the Rendon-Reyes Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

57.     The pattern of racketeering activity through which the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, agreed to conduct the affairs of the enterprise consisted of the acts set forth in paragraphs 7 through 54 of Count One of this Indictment, as Racketeering Acts One through Thirteen, which are realleged and incorporated as if fully set forth herein.   Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Sex Trafficking Conspiracy)

58.     In or about and between January 2009 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as

25

**RA1: 77**

"Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that (1) means of force, threats of force, fraud, coercion and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, and (2) such persons had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by force, fraud, coercion and a combination such means, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT FOUR
(Alien Smuggling Conspiracy)

59.　In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire: (a) to encourage and

26

**RA1: 78**

induce one or more aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to conceal, harbor, and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

(Title 8, United States Code, Section 1324(a)(1)(A)(v)(I); Title 18, United States Code, Section 3551 et seq.)

## COUNT FIVE
(Interstate Prostitution Conspiracy)

60.     In or about and between December 2004 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as

27

**RA1: 79**

"Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to persuade, induce, entice and coerce one or more individuals to travel in interstate and foreign commerce to engage in prostitution, contrary to Title 18, United States Code, Section 2422(a).

61. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, committed and caused to be committed, among others, the following overt acts:

OVERT ACTS

a. In or about and between September 2005 and October 2005, the defendant ODILON MARTINEZ-ROJAS directed Jane Doe #1 to travel to cities outside of Georgia, including Queens, New York, to engage in prostitution.

b. In or about and between January 2006 and April 2006, the defendant SAUL RENDON-REYES, together with others, transported, and arranged to transport, Jane Doe #2 from Mexico to Queens, New York, to engage in prostitution.

c. In or about and between June 2006 and August 2006, the defendant JOSE RENDON-GARCIA transported, and arranged to transport, Jane Doe #3 from Georgia to Alabama to engage in prostitution at a location controlled by SEVERIANO MARTINEZ-ROJAS.

**RA1: 80**

d.    In or about August 2007, the defendant FRANCISCO RENDON-REYES transported, and arranged to transport, Jane Doe #10 from Mexico to Queens, New York, to engage in prostitution.

e.    In or about January 2008, the defendant GUILLERMINA RENDON-REYES transported, and arranged to transport, Jane Doe #5 from Georgia to Queens, New York, to engage in prostitution.

f.    In or about and between April 2008 and May 2008, the defendant JOVAN RENDON-REYES directed Jane Doe #5 to travel from Queens, New York, to Georgia to engage in prostitution.

g.    In or about August 2008, the defendant FELIX ROJAS transported, and arranged to transport, Jane Doe #6 from Georgia to Queens, New York, to engage in prostitution.

h.    In or about February 2009, the defendant ODILON MARTINEZ-ROJAS directed Jane Doe #1 to travel from Georgia to Alabama to engage in prostitution at a location controlled by SAUL RENDON-REYES.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

## COUNT SIX
(Conspiracy to Transport Minors)

62.    In or about and between March 2006 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS,

29

**RA1: 81**

ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO

MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did

knowingly and intentionally conspire to transport one or more individuals who had not

attained the age of 18 years in interstate and foreign commerce, with intent that such

individuals engage in prostitution, contrary to Title 18, United States Code, Section 2423(a).

(Title 18, United States Code, Sections 2423(e) and 3551 et seq.)

<u>COUNT SEVEN</u>
(Sex Trafficking – Jane Doe #1 (2004 – 2006))

63.    In or about and between December 2004 and December 2006, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOVAN RENDON-REYES, also known as "Jovani," ODILON

MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO

MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did

knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means

a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did

benefit, financially and by receiving anything of value, from participation in a venture which

engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe

#1 to engage in one or more commercial sex acts, which offense was effected by means of

force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2

and 3551 et seq.)

30

**RA1: 82**

## COUNT EIGHT
(Sex Trafficking – Jane Doe #1 (2008 – 2009))

64.     In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants SAUL RENDON-REYES, also known as "Satanico," ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT NINE
(Sex Trafficking – Jane Doe #2)

65.     In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SAUL RENDON-REYES, also known as "Satanico," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe

31

**RA1: 83**

#2 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

COUNT TEN
(Alien Smuggling -- Jane Doe #2)

66.     In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES, also known as "Satanico," and FRANCISCO RENDON-REYES, also known as "Pancho," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT ELEVEN
(Sex Trafficking of a Minor -- Jane Doe #3)

67.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice,

32

**RA1: 84**

harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #3, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #3 to engage in one or more commercial sex acts, and (2) Jane Doe #3 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

## COUNT TWELVE
(Transportation of a Minor – Jane Doe #3)

68.     In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #3, in interstate and foreign commerce, with intent that Jane Doe #3 engage in prostitution.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

## COUNT THIRTEEN
(Alien Smuggling – Jane Doe #3)

69.     In or about and between March 2006 and July 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the

33

**RA1: 85**

defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #3, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT FOURTEEN
(Sex Trafficking of a Minor – Jane Doe #5)

70.    In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, and (2) Jane Doe #5 had not attained the age of 18

34

**RA1: 86**

years and would be caused to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

## COUNT FIFTEEN
### (Transportation of a Minor – Jane Doe #5)

71.     In or about and between June 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #5, in interstate and foreign commerce, with intent that Jane Doe #5 engage in prostitution.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

## COUNT SIXTEEN
### (Alien Smuggling – Jane Doe #5)

72.     In or about and between June 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter and reside in the United States, knowing and in reckless

35

**RA1: 87**

disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

<u>COUNT SEVENTEEN</u>
(Sex Trafficking – Jane Doe #6)

73.    In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #6, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

36

**RA1: 88**

## COUNT EIGHTEEN
(Alien Smuggling – Jane Doe #6)

74. In or about and between December 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants JOVAN RENDON-REYES, also known as "Jovani," FELIX ROJAS and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINETEEN
(Sex Trafficking – Jane Doe #7)

75. In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama, the defendants SAUL RENDON-REYES, also known as "Satanico," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #7, in and affecting

37

**RA1: 89**

interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #7 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TWENTY
(Alien Smuggling – Jane Doe #7)

76.     In or about and between November 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #7, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-ONE
(Sex Trafficking – Jane Doe #8)

77.     In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants JOSE

38

**RA1: 90**

RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #8, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #8 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Alien Smuggling – Jane Doe #8)

78.     In or about and between April 2009 and June 2010, both dates being approximate and inclusive, within the District of Arizona, the defendants JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #8, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

**RA1: 91**

## COUNT TWENTY-THREE
(Sex Trafficking – Jane Doe #9)

79.     In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #9, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #9 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TWENTY-FOUR
(Alien Smuggling – Jane Doe #9)

80.     In or about and between April 2010 and November 2010, both dates being approximate and inclusive, within the District of Arizona, the defendant ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #9, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to,

**RA1: 92**

entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

COUNT TWENTY-FIVE
(Obstruction of Justice)

81.     In or about and between May 2013 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally obstruct, attempt to obstruct and in any way interfere with and prevent the enforcement of Title 18, United States Code, Section 1591.

(Title 18, United States Code, Sections 1591(d), 2 and 3551 et seq.)

COUNT TWENTY-SIX
(Interstate Prostitution – Jane Doe #10)

82.     In or about and between August 2007 and October 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, also known as "Pancho," together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #10, to travel in interstate and foreign commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

41

**RA1: 93**

COUNT TWENTY-SEVEN
(Alien Smuggling -- Jane Doe #10)

83.     In or about and between August 2007 and November 2015, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant FRANCISCO RENDON-REYES, also known as "Pancho," together with others,

did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #10, to come

to, enter and reside in the United States, knowing and in reckless disregard of the fact that such

coming to, entry and residence was and would be in violation of law, for the purpose of private

financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II),

1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et

seq.)

COUNT TWENTY-EIGHT
(Money Laundering Conspiracy)

84.     In or about and between May 2005 and June 2014, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES,

also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA,

also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as

"Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato"

and "Arturo," together with others, did knowingly and intentionally conspire to conduct one or

more financial transactions in and affecting interstate and foreign commerce, which in fact

involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking

42

**RA1: 94**

and sex trafficking of one or more minors, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

COUNT TWENTY-NINE
(Distribution of Proceeds of a Prostitution Business)

85.     In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato," and "Arturo," together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally

43

perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity.

(Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS ONE AND TWO

86.    The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offenses to forfeit: (a) any interest acquired or maintained in violation of such offenses; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of such offense; and (c) any property constituting, or derived from, any proceeds which the defendants obtained, directly and indirectly indirectly, from racketeering activity in violation of such offense.

87.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

**RA1: 96**

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS THREE, SEVEN, EIGHT, NINE, ELEVEN, FOURTEEN, SEVENTEEN, NINETEEN, TWENTY-ONE, TWENTY-THREE AND TWENTY-FIVE

88.     The United States hereby gives notice to the defendants charged in Counts Three, Seven, Eight, Nine, Eleven, Fourteen, Seventeen, Nineteen, Twenty-One, Twenty-Three and Twenty-Five that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), which requires any person convicted of such offenses to forfeit any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses, and any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly, as a result of such offenses.

89.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

**RA1: 97**

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS FOUR, TEN, THIRTEEN, SIXTEEN, EIGHTEEN,
TWENTY, TWENTY-TWO, TWENTY-FOUR AND TWENTY-SEVEN

90.     The United States hereby gives notice to the defendants charged in Counts Four, Ten, Thirteen, Sixteen, Eighteen, Twenty, Twenty-Two, Twenty-Four and Twenty-Seven that, upon their conviction of any such offenses, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offenses; (b) any property real or personal: (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offenses, or (ii) that is used to facilitate, and/or is intended to be used to facilitate, the commission of such offenses; (c) the gross proceeds of such offenses; and/or (d) any property traceable to such conveyance or proceeds.

91.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

46

**RA1: 98**

(a)  cannot be located upon the exercise of due diligence;

(b)  has been transferred or sold to, or deposited with, a third party;

(c)  has been placed beyond the jurisdiction of the court;

(d)  has been substantially diminished in value; or

(e)  has been commingled with other property that cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b); Title 18, United States Code,

Section 982(a)(6); Title 21, United States Code, Section 853(p); Title 28, United States Code,

Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FIVE, SIX, TWELVE, FIFTEEN AND TWENTY-SIX

92.  The United States hereby gives notice to the defendants charged in

Counts Five, Six, Twelve, Fifteen and Twenty-Six that, upon their conviction of any such

offenses, the United States will seek forfeiture in accordance with Title 18, United States

Code, Section 2428, which requires the forfeiture of any property, real or personal, that was

used or intended to be used to commit or to facilitate the commission of such offenses and any

property, real or personal, constituting or derived from proceeds obtained, directly or

indirectly, as a result of such offenses.

**RA1: 99**

93. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

### CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT TWENTY-EIGHT

94. The United States hereby gives notice to the defendants charged in Count Twenty-Eight that, upon their conviction of such offense, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property.

95. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

48

**RA1: 100**

        (a)      cannot be located upon the exercise of due diligence;

        (b)      has been transferred or sold to, or deposited with, a third party;

        (c)      has been placed beyond the jurisdiction of the court;

        (d)      has been substantially diminished in value; or

        (e)      has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWENTY-NINE

96. The United States hereby gives notice to the defendants charged in Count Twenty-Nine, that, upon their conviction of such offense, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds traceable to such offense.

97. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)      cannot be located upon the exercise of due diligence;

49

**RA1: 101**

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Robert Heffernan*

FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____

ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

50

**RA1: 102**

F. #2012R01664

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

*vs.*

***JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo,"***

Defendants.

## SUPERSEDING INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i), 1324(b);
T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(a)(6), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1591(d), 1594(c), 1594(d), 1952(a)(1)(A), 1952(b)(1), 1956(h), 1962(c), 1962(d), 1963, 1963(a), 1963(m), 2422(a), 2423(a), 2423(e), 2428, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

*Robert Heffernan*

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Foreperson*

*Filed in open court this* _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ *day,*

*of* _ _ _ _ _ _ _ _ _ _ _ *A.D. 20* _ _ _ _ _ _

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

*Clerk*

***Taryn A. Merkl & Margaret E. Lee, Assistant U.S. Attorneys (718) 254-6064/(718) 254-6205***

**INFORMATION SHEET**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2015 DEC 16 PM 3: 25

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

1.  Title of Case: <u>United States v. Jovan Rendon-Reyes, et al. (Superseding Indictment)</u>

2.  Related Magistrate Docket Number(s): <u>N/A</u>

3.  Arrest Date: <u>N/A</u>                          $15\text{-}CR\text{-}348\ (S\text{-}1)(ERK)$

4.  Nature of offense(s):   ☒  Felony
                            ☐  Misdemeanor

5.  Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local
    E.D.N.Y. Division of Business Rules):

6.  Projected Length of Trial:   Less than 6 weeks   ☒
                                 More than 6 weeks   ☐

7.  County in which crime was allegedly committed: <u>Queens County</u>
    (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8.  Was any aspect of the investigation, inquiry and prosecution giving rise to the case
    pending or initiated before March 10, 2012.[1]                 ☒ Yes  ☐ No

9.  Has this indictment/information been ordered sealed?           ☐ Yes  ☒ No

10. Have arrest warrants been ordered?                             ☐ Yes  ☒ No

11. Is there a capital count included in the indictment?           ☐ Yes  ☒ No

ROBERT L. CAPERS
UNITED STATES ATTORNEY

By: _____
    Taryn A. Merkl
    Margaret Lee
    Assistant U.S. Attorneys
    (718) 254-6064/6205

---

[1]     Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12

RA1: 104

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------ X **Docket#**
UNITED STATES OF AMERICA,       : 15-cr-348(ERK)(VMS)
                                :
     - versus -                 : U.S. Courthouse
                                : Brooklyn, NY
MARTINEZ-ROJAS,                 :
              Defendant         : April 6, 2017
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE

**A    P    P    E    A    R    A    N    C    E    S:**


For the Government:        **Bridget M. Rohde, Esq.**
                           United States Attorney

                      BY:  **Margaret Elizabeth Lee, Esq.**
                           Assistant U.S. Attorney
                           271 Cadman Plaza East
                           Brooklyn, NY 11201


For the Defendant:         **Richard H. Rosenberg, Esq.**
                           217 Broadway
                           Suite 707
                           New York, NY 10007



Transcription Service:     **Transcriptions Plus II, Inc.**
                           61 Beatrice Avenue
                           West Islip, NY 11795
                           rl.transcriptions2@gmail.com

                      BY:  Theresa Roof




Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

**RA1: 105**

2

Proceedings

THE CLERK:  Criminal Cause for hearing, docket: 15-cr-348 United States of America v Martinez-Rojas.

Spanish Interpreter, can you please state your name for the record.

MR. MICHELENE:  Federal certified Spanish Interpreter, Mario Michelene.

THE CLERK:  Thank you.

Counsel, can you state your name for the record.

MS. LEE:  For the United States, Maggie Lee. Good afternoon, your Honor.

MR. ROSENBERG:  Good afternoon, your Honor. Richard Rosenberg for Mr. Odillon Martinez-Rojas.

THE COURT:  All right.  Good afternoon.

All right. Good afternoon.  My name is Vera Scanlon.  I'm one of the magistrate judges here.

Let's first start this change of plea hearing with a question for the government.

Are there any victims of the offense and if so has the government fulfilled its obligation to notify them of the government hearing and their right to attend and be heard?

MS. LEE:  Yes, your Honor.  There are victims and the government provided them all with notification of this hearing.

Transcriptions Plus II, Inc.

**RA1: 106**

Case 18-2664, Document 212, 06/19/2020, 2866711, Page107 of 192

3

Proceedings

THE COURT:  Okay.  So there's nobody here.
Were you expecting anyone here today?

MS. LEE:  No, we weren't expecting anyone here
today.  We are expecting them to participate, either in
person or on paper at the time of sentencing.

THE COURT:  Okay.

All right.  So, Mr. Martinez-Rojas, I'm going
to ask my deputy to administer an oath to you.  So if you
would please stand.

O D I L O N   M A R T I N E Z - RO J A S, called as a
witness, having been first duly sworn testifies as
follows:

THE COURT:  All right.  So, Mr. Martinez-Rojas,
as you may know, this case has been assigned to a
district judge, Judge Korman.  Judge Korman is the judge
who will make the ultimate decision as to whether to
accept your guilty plea and if he does to sentence you.
So you have the absolute right to have the district
judge, Judge Korman, listen to your plea.  If you'd like
him to do that, there won't be any prejudice to you from
making that choice.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  In today's proceeding, we're making
a recording so as we go along it would be helpful if
anyone who's speaking uses the microphone.  A transcript

4

Proceedings

of the proceeding will be prepared by a court reporter

and that transcript will be provided to the district

judge.  Judge Korman will review the transcript of

today's proceeding in connection with deciding whether to

accept your plea and if he does, with your sentence.

            Do you wish to give up your right to have the

district judge listen to your plea and instead proceed

here before me today?

            THE DEFENDANT:  Yes, that's fine.

            THE COURT:  All right.  In connection with that

I have this form, which is a consent to have a plea taken

before United States Magistrate Judge Vera M. Scanlon.

That's me.  This form is written in English.  Was it read

to you or translated for you into Spanish?

            THE DEFENDANT:  Yes.

            THE COURT:  And did you go over it with your

attorney?

            THE DEFENDANT:  Yes.

            THE COURT:  And do you understand the form?

            THE DEFENDANT:  Yes.

            THE COURT:  And are you in agreement with what

it says in the form?

            THE DEFENDANT:  Yes, it's fine.

            THE COURT:  All right.  I'm going to point to

the first signature on the page and ask you, is that your

Proceedings

5

signature?

THE DEFENDANT: Yes.

THE COURT: Mr. Rosenberg, below that, is that your signature?

MR. ROSENBERG: Yes, it is, your Honor.

THE COURT: And, Ms. Lee, is that your signature?

MS. LEE: Yes, your Honor.

THE COURT: All right. So, Mr. Martinez-Rojas, do you give your consent voluntarily and of your own free will to proceed here before me today?

THE DEFENDANT: Yes.

THE COURT: And has anyone made any threats or promises to you to get you to proceed here before me today?

THE DEFENDANT: No.

THE COURT: All right. I'm going to explain a little about how today is going to work.

Before I hear your guilty plea, I'm going to have to explain to you some of aspects of the U.S. criminal justice system. I'm also going to have to ask you a number of questions in order to assure myself and, in turn, the district judge, that your plea is, in fact, a valid plea. As we go along today, if you don't understand what I'm saying or you don't understand my

Transcriptions Plus II, Inc.

**RA1: 109**

Case 19-2664, Document 212, 06/19/2020, 2866711, Page110 of 192

6

Proceedings

questions, please let me know and I'll try to clarify what I said.

Do you understand that you have the right to be represented by an attorney at trial and at every other stage of the criminal proceedings, including this one?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that if you can't afford an attorney, the court may appoint an attorney for you?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Rosenberg, are you appointed counsel?

MR. ROSENBERG:  I am CJA, yes, your Honor.

THE COURT:  All right.  As we go along today Mr. Martinez-Rojas, if at any time you'd like to speak with Mr. Rosenberg, let me know and I'll let you do so. So if you need anything clarified, you could speak to Mr. Rosenberg first and then you could speak to me or he'll speak to me.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  All right.  So Ms. Quinlan just administered to you an oath in which you swore to tell the truth.  So that means if you answer any of my questions falsely, your answers may later be used against you in a separate prosecution for the crime of perjury or

Case 19-2664, Document 212, 06/49/2020, 2866711, Page111 of 192

7

Proceedings

of making a false statement.  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  All right.  We're going to start with some background questions.

What is your full name?

THE DEFENDANT:  Odilon Martinez-Rojas.

THE COURT:  Okay.  And how old are you?

THE DEFENDANT:  Forty-six years old.

THE COURT:  What's the highest level of education that you completed at school?

THE DEFENDANT:  Sixth year of elementary school.

THE COURT:  So how old were you when you finished the sixth year?

THE DEFENDANT:  Twelve.

THE COURT:  And since then have you had any formal education?

THE DEFENDANT:  No.

THE COURT:  And where did you finish your last year of school?

THE DEFENDANT:  In Mexico.

THE COURT:  Okay.  What was the name of the school?

THE DEFENDANT:  Benito Juarez.

THE COURT:  And where was it located in Mexico?

Transcriptions Plus II, Inc.

**RA1: 111**

8

Proceedings

THE DEFENDANT:  In Tlaxcala.

THE COURT:  Okay.  All right.  A different kind of background question.

Are you presently or have you recently been under the care of a doctor or a physician?

THE DEFENDANT:  No.

THE COURT:  Are you presently or have you recently been under the care of any mental health professional, such as a psychiatrist, psychologist or social worker?

THE DEFENDANT:  No.

THE COURT:  Have you been hospitalized or treated for a mental illness?

THE DEFENDANT:  No.

THE COURT:  Have you ever been hospitalized or treated for an addiction to drugs or alcohol?

THE DEFENDANT:  No.

THE COURT:  In the past 24 hours have you consumed any narcotic drugs?

THE DEFENDANT:  No.

THE COURT:  In the past 24 hours have you consumed any alcohol?

THE DEFENDANT:  No.

THE COURT:  And in the past 24 hours have you taken any kind of medication?

Transcriptions Plus II, Inc.

**RA1: 112**

Case 19-2664, Document 212, 06/19/2020, 2866711, Page113 of 192

9

                    Proceedings

THE DEFENDANT:  No.

THE COURT:  Is your mind clear as you sit here today?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand these proceedings?

THE DEFENDANT:  Yes.

THE COURT:  All right.

I'm going to direct a few questions to Mr. Rosenberg.  Have you discussed this case with your client?

MR. ROSENBERG:  I have, your Honor.

THE COURT:  And do you speak Spanish or have you had the assistance of a Spanish --

MR. ROSENBERG:  No, your Honor.  I've always --

THE COURT:  -- interpreter?

MR. ROSENBERG:  -- had the assistance of an interpreter.  In fact, I've had the superseding indictment translated into the Spanish language by an official court interpreter, it was a Carlos Finant (ph).  We've reviewed that and I've been -- also had the plea agreement translated into Spanish by Mr. Finant and that has been reviewed as well in the Spanish language with my client.

THE COURT:  All right.  And we'll get to this

            Transcriptions Plus II, Inc.

**RA1: 113**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page114 of 192

10

                              Proceedings

in a little more detail later this -- or this afternoon but there were some additions, I know, made to the plea agreement.  Did you review those in Spanish with your client?

MR. ROSENBERG:  Yes, we have.

THE COURT:  And did you have the assistance of the interpreter here today in doing that?

MR. ROSENBERG:  Correct, your Honor.

THE COURT:  All right.  Did you have any difficulty communicating with your client at any point?

MR. ROSENBERG:  No, your Honor.

THE COURT:  In your opinion, is your client capable of understanding these proceedings?

MR. ROSENBERG:  Yes, your Honor.

THE COURT:  In your opinion, does your client understand the rights he'll be waiving by pleading guilty?

MR. ROSENBERG:  Yes.

THE COURT:  Do you have any doubt as to your client's competence to plead at this time?

MR. ROSENBERG:  No.

THE COURT:  Have you advised him of the possible sentencing consequences, including the mandatory minimum sentence that he may face?

MR. ROSENBERG:  I have, your Honor.

Transcriptions Plus II, Inc.

**RA1: 114**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page115 of 192

11
Proceedings

THE COURT:  Have you discussed with him the operation of the sentencing guidelines?

MR. ROSENBERG:  I have.

THE COURT:  Okay.  All right. Mr. Martinez-Rojas, have you had a sufficient opportunity to discuss this case with your client -- sorry, with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  And did you do so with the assistance of a Spanish language interpreter?

THE DEFENDANT:  Yes.

THE COURT:  Did you have any difficulty communicating with your attorney?

THE DEFENDANT:  No.

THE COURT:  Are you fully satisfied with the representation and legal advice given to you in this case by your attorney, Mr. Rosenberg?

THE DEFENDANT:  Yes.

THE COURT:  All right.

There's a document called the "superseding indictment."  Sometimes I'm going to refer to it as the "indictment."  I'm holding up my copy.  Have you read a copy of this document in Spanish?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Did you understand the document?

Case 19-2664, Document 212, 06/19/2020, 2866741, Page116 of 192

12

Proceedings

THE DEFENDANT:  Yes.

THE COURT:  Did you review the superseding indictment with Mr. Rosenberg?

THE DEFENDANT:  Yes.

THE COURT:  Did you specifically review the counts to which it's proposed that you are going to plead guilty, which I understand are Counts 1 and Counts 23 of the indictment?

THE DEFENDANT:  Yes.

THE COURT:  And did you also review with Mr. Rosenberg the associated racketeering act?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Okay.

Mr. Rosenberg, do you want me to read the indictment or the parts of the indictment that relate to your client?

MR. ROSENBERG:  No, your Honor, we would waive that reading.

THE COURT:  Okay.  All right.

Mr. Martinez-Rojas, I'm going to review some aspects of the U.S. criminal justice system as they relate to you in this case.

The first and most important thing you should understand is that you don't have to plead guilty even if you are guilty.  Under the American legal system, the

Case 19-2664 Document 213 06/19/2020 2866741 Page 117 of 192

13

Proceedings

government or the prosecution has the burden of proving the guilt of a defendant beyond a reasonable doubt. If the prosecution or the government can't do that, or doesn't do it, and they don't meet their burden of proof, the jury, at your trial, has the duty to find the defendant not guilty, even if the defendant is, in fact, guilty. Do you understand?

THE DEFENDANT: Yes, yes, I do understand.

THE COURT: So what that means for you is even if you are guilty, you have a choice. It's up to you to decide what you want to do in your case. It's not your lawyer's choice or anyone else's choice. You can withdraw your previously entered plea of not guilty, and plead guilty, as I'm told you wish to do, or you could choose to go to trial in your case by persisting in your plea of not guilty. If you do that, you'll make the government meet its burden of proving your guilt beyond a reasonable doubt. And as I just said earlier, if the government doesn't carry its burden of proof, the jury has the duty to find the defendant not guilty.

So you should know that it has sometimes happened in American courtrooms, including in this courthouse, that a jury has returned a verdict of not guilty, although everyone else in the courtroom thought the defendant had, in fact, committed the crime with

Transcriptions Plus II, Inc.

**RA1: 117**

Case 19-2664 Document 213 06/19/2020 2866741 Page 118 of 192

14

Proceedings

which he was charged.  What the jury was saying in that case, or in those cases, was not that the defendant wasn't guilty, but rather that the government had failed to meet its burden or proving the defendant's guilt beyond a reasonable doubt.  Do you understand that?

THE DEFENDANT:  Yes, I do understand.

THE COURT:  So for you, you have a choice, you can say to the United States government, prove the case against me, meet your burden of proving my guilt beyond a reasonable doubt.  If you'd like to do that, when I ask you how you plead, you should say "not guilty."  If you persist in your plea of not guilty, under the Constitution and Laws of the United States, you are entitled to a speedy and public trial by a jury, with the assistance of an attorney, on the charges contained in the indictment, which in this case is the superseding indictment, which has been filed with the court.  Do you understand?

THE DEFENDANT:  Yes, I do understand.

THE COURT:  At a trial, you would be presumed innocent, you would not have to prove your innocence; it would be the government's burden to overcome the presumption of innocence and prove you guilty by competent evidence and beyond a reasonable doubt.  And as I said earlier, if the government did not meet its burden

Transcriptions Plus II, Inc.

**RA1: 118**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page119 of 192

15
Proceedings

at trial, the jury would have the obligation to find you not guilty.  Do you understand?

THE DEFENDANT:  Yes, I do understand.

THE COURT:  If you plead guilty, you're giving up your right to have the United States government satisfy its burden of proving your guilt beyond a reasonable doubt.  Instead, you're admitting your guilt. Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Were there to be a trial in your case, the witnesses for the government would have to come to court and testify in your presence.  Your attorney would have the right to cross-examine the witnesses for the government, to object to evidence offered by the government, to offer witnesses and other evidence on your behalf, as well as to subpoena or to compel witnesses to come to court and testify.  Do you understand all those rights?

THE DEFENDANT:  Yes, I do understand everything.

THE COURT:  By pleading guilty, and if I recommend that the district judge accept your plea and that's what the district judge does, you're giving up your right's that I've just described.  You're giving up your right to confront the witnesses who would testify

Transcriptions Plus II, Inc.

**RA1: 119**

Case 19-2664 Document 213 06/19/2020 2866741 Page 129 of 192

16

Proceedings

against you, you're giving up your right to offer evidence on your own behalf, you're giving up your right to compel witnesses to come to court and to testify, you're giving up your right to raise any defenses that you may have.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Were there to be a trial in your case, you would have the right to testify on your own behalf, if you wanted to do so, but you could not be required to testify.  Under the Constitution of the United States, a defendant in a criminal case cannot be forced to take the witness stand at his own trial, and say anything that could be used against him to show he is guilty of the crime or crimes with which he is charged. So if you decided not to testify at your trial, the court would instruct the jurors that the jurors could not hold that fact against you.  This would be called "exercising your right against self-incrimination."  Do you understand?

THE DEFENDANT:  Yes.

THE COURT:  By pleading guilty, you would be admitting your guilt, and giving up this right.  You'd be giving up your right against self-incrimination.

If you plead guilty, I'm going to have to ask you questions about what you did in order to satisfy

Transcriptions Plus II, Inc.

**RA1: 120**

17
                    Proceedings

myself and, in turn, Judge Korman, that you are, in fact, guilty of the charge to which you are pleading guilty. You're going to have to answer my questions truthfully and acknowledge your guilt. And I'll remind you that you've taken an oath to answer my questions truthfully. Do you understand?

THE DEFENDANT: Yes.

THE COURT: In other words, it's not going to be enough for you simply to say that you're guilty; you are going to have to tell me what it is that you did that makes you guilty of the charges to which you are pleading guilty.

If you plead guilty, and I recommend that the district judge accept your plea, and that's what he does, you will be giving up your constitutional right to a trial, and all of the other rights that I just discussed. There will be not be a trial in your case. If the district judge accepts your plea, he will simply enter a judgement of guilty based on your guilty plea. Do you understand that?

THE DEFENDANT: Yes, I do understand.

THE COURT: If after you are sentenced, you or your attorney thinks the court has not properly followed the law in sentencing you, you can generally appeal your sentence to a higher court or to an appellate court. But

18

Proceedings

by pleading guilty, you will not, except under very limited circumstances, be able to challenge your judgement of conviction by appeal or by collateral attack. Do you understand that?

THE DEFENDANT: Yes, I do understand.

THE COURT: Okay. We're going to go over the plea agreement in a minute, but I want to draw your attention at this time to paragraph 4 of the plea agreement, which is a limitation on this appellate right. I'm going to read the relevant part of the paragraph right now.

What is says is "The defendant agrees not to file an appeal or otherwise challenge by petition, pursuant to 28 United States Code, Section "2255" or any other provision, the conviction or sentence, in the event that the court imposes a term of imprisonment of 327 months or below."

So although you are usually allowed to appeal your sentence if you think that the court has not properly followed the law in sentencing you, your agreement provides a limitation with regard to that right. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. All right.

Are you willing to give up your right to a

Transcriptions Plus II, Inc.

**RA1: 122**

19
Proceedings

trial and the other rights that I've just gone over?

THE DEFENDANT:  Yes.

THE COURT:  All right.  We're going to look at the plea agreement.  I understand this was translated for you from English to Spanish.  Is that correct?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  All right.

So I've marked your plea agreement as Government Exhibit 3; that's because two of your co-defendants have already pleaded and their plea agreements have been marked Exhibits 1 and 2.  So yours is going to be 3.

MR. ROSENBERG:  Judge, may I just say to be precise --

THE COURT:  Yes.

MR. ROSENBERG:  The version that was translated was the identical to the plea agreement that's in the court except for the date that -- that the defendant had a key part, that was changed and that's the only change that was made other than the change that we made today under that was signed and initialed by counsels and by the defendant.  But I just want to be precise about that.  The plea agreement that was translated from English into Spanish is identical, except for that -- to the plea agreement before the court.

Transcriptions Plus II, Inc.

**RA1: 123**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page124 of 192

20

Proceedings

THE COURT:  All right.  So is that the government's understanding as well.

MS. LEE:  That is.  The only other changes -- change is that actual U.S Attorney on the signature.

THE COURT:  Right.

MS. LEE:  But aside from that, my understanding is exactly the same as the defense counsel's.

THE COURT:  Okay.  All right.

So, Mr. Martinez-Rojas, do you understand what the attorney's were just telling me?

THE DEFENDANT:  Yes.

THE COURT:  All right.  All right.  Let me just ask Mr. Rosenberg, were all formal plea offers by the government conveyed to the defendant?

MR. ROSENBERG:  Yes, your Honor.

THE COURT:  All right.

So, Mr. Martinez-Rojas, I have the English language copy here which has been marked as Exhibit 3. And we just went over -- was this -- but let me make sure from your perspective, was the plea agreement translated for you from English to Spanish?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  And was that translation done with the assistance of an interpreter and your attorney?

**RA1: 124**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page125 of 192

21
Proceedings

THE DEFENDANT:  Yes, all the time.

THE COURT:  All right.  Do you understand all of the terms of the plea agreement, which is Exhibit 3?

THE DEFENDANT:  Yes.

THE COURT:  Does the written plea agreement accurately represent the entire understanding or agreement that you have with the government?

THE DEFENDANT:  Yes.

THE COURT:  Has anyone made any promise or assurance to you that's not included in the plea agreement to persuade you to accept the plea?

THE DEFENDANT:  No, no.

THE COURT:  Has anyone threatened you in any way to persuade you to accept the plea agreement?

THE DEFENDANT:  No.

THE COURT:  All right.  We're going to look at the 13th page of the document.  In the middle of the page it says, "I have read the entire agreement and discussed it with my attorney.  I understand all the terms and I'm entering into it knowingly and voluntarily."  Is that a correct statement?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Mr. Martinez-Rojas, I'm going to hold up my copy, which is Exhibit 3; right below the two sentences I just read is your name, and a

Case 19-2664, Document 213, 06/19/2020, 2866741, Page126 of 192

22

Proceedings

signature there.  Is that your signature?

THE DEFENDANT:  Yes.

THE COURT:  All right.  And then Mr. Rosenberg, this is approved by, and then your signature, is that your signature?

MR. ROSENBERG:   Yes.

THE COURT:  All right.  And then it says "translated by Jose Carlos Finant."  Is that correct?

MR. ROSENBERG:  That was the individual court interpreter that interpreted and translated it.

THE COURT:  All right.  And then Ms. Lee, on the other side, up here, is that your signature?

MS. LEE:  It is.

THE COURT:  And then below that, there's a signature from Ms. Margold (ph).  Is that her signature?

MS. LEE:  It is.

THE COURT:  And she's your supervisor, is that correct?

MS. LEE:  She is.

THE COURT:  Okay.

MS. LEE:  One of many.

THE COURT:  One of many.  In this case, she's your supervisor, right?

MS. LEE:  She is, she is certainly my supervisor on this case.

Transcriptions Plus II, Inc.

**RA1: 126**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page127 of 192

23

Proceedings

THE COURT:  Okay.  All right.  Mr. Rosenberg, have you read and reviewed with your client the written plea agreement before the court, which is Exhibit 3?

MR. ROSENBERG:  I have.

THE COURT:  All right.  And communicating with your client, is it correct you had the assistance of a Spanish language interpreter?

MR. ROSENBERG:  Indeed, yes, your Honor.

THE COURT:  And does this agreement, Court Exhibit 3, reflect your understanding of the entire agreement that your client has entered into with the government?

MR. ROSENBERG:  Yes, your Honor.

THE COURT:  All right.

Mr. Martinez-Rojas, do you understand that if you fail to comply fully with your agreement with the United States Government, the government will be released from its obligations, but you will not be released from your plea of guilty?

THE DEFENDANT:  Yes, yes, I understand.

THE COURT:  All right.  We're going to go over some of the possible consequences to you with a regard to a guilty plea.  These are outlined in paragraph 1 of the plea agreement.

So it's my understanding that what's proposed

Transcriptions Plus II, Inc.

**RA1: 127**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page128 of 192

Proceedings

24

is you're going to plead guilty to Count 1 and Count 23 of the superseding indictment in this case.  Those two counts charge you with a violation of some federal law, particularly 18 United States Code, Section 1962c and 1591a.  As part of your guilty plea as proposed that you're going to admit as racketeering acts, your participation in sex trafficking of Jane Doe number 1, that's included in racketeering acts 3(a) as well -- and Count 7 of the superseding indictment.  As well as sex trafficking of Jane Doe number 9, which is alleged is a racketeering act, 11(a) and in Count 23.  So what I'm going to tell you now about the possible sentencing consequences are connected to those pleas.

The plea is with regard to those counts and those racketeering acts.

With regard to Count 1, the maximum term of imprisonment is life, the minimum term of imprisonment is zero years.  The maximum supervised release term is five years, it would follow any term of imprisonment.  If a condition of release is violated, you may be sentenced for up to five years, without credit for pre-release imprisonment or time previously served on post-release supervision.

While on supervised release, there may be many restrictions on your liberty, even though you're no

Case 19-2664 Document 213 06/19/2020 2866741 Page 129 of 192

Proceedings                                          25

longer incarcerated.  Those may include travel

limitations, requirements that you report to a probation

officer, and other limitations.

All right.  Do you understand what I've covered

so far, in terms of imprisonment, life, minimum term of

imprisonment, zero years and the terms of supervised

release?

THE DEFENDANT:  Yes, I do understand.

THE COURT:  All right.  Additional consequences

include possibly the following.  Maximum fine, the

greater of $250,000 or twice the gross gain or twice the

gross loss.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Restitution is mandatory in the

amount of -- full amount of each victim's loss as

determined by the court.  You're going to be charged $100

special assessment.  Do you understand those provisions?

THE DEFENDANT:  Yes.

THE COURT:  Additionally, your plea of guilty

to these counts will likely result in your removal from

the United States.  This is described in paragraph 8 of

the plea agreement which is Court Ex -- sorry, is

government Exhibit 3.  I'm going to go over that,

paragraph 8 now.  It say's that "you recognize that

pleading guilty may have consequences with regard to any

Transcriptions Plus II, Inc.

**RA1: 129**

26

Proceedings

immigration status you may have in the United States, if you are not a citizen of the United States."  Under federal law, a broad range of crimes, are what are call "removable offenses," including those to which is proposed that you are going to plead guilty.

Because you're pleading guilty to the particular crimes of racketeering involving sex trafficking and interstate prostitution, your removal from the United States is presumptively mandatory.  But you should know, the immigration consequences, including removal, are the subject of a separate proceeding.  So that no one here, not your lawyer, not the government's lawyer, not the court can predict with certainty the effect of your conviction on any immigration status you have in the United States.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Is it correct that you affirm that you still want to go ahead with your guilty plea regardless of any immigration consequences that your plea may entail?  Even if your consequences are automatic removal from the United States?

THE DEFENDANT:  Yes, yes.

THE COURT:  Other penalties include the following.  Sex Offender registration, pursuant to the "Sex Offender Registration Notification Act," which is

Transcriptions Plus II, Inc.

**RA1: 130**

Case 1:15-cr-00348-ERK   Document 87   Filed 05/11/17   Page 27 of 51 PageID #: 302

Proceedings

described in paragraph 11 of your plea agreement.  Did you go over paragraph 11 with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  And do you understand it?

THE DEFENDANT:  Yes.

THE COURT:  All right.  And is it a correct statement, what's included in paragraph 11?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Additional consequences may include, criminal forfeiture which is described in paragraph 6 and 7 of the agreement.  Did you review paragraphs 6 and 7 of your plea agreement?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  I'm going to hold -- well, did you review it with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  All right.  And is it correct, paragraphs 6 and 7?

THE DEFENDANT:  Yes.

THE COURT:  All right.  I'm going to hold up my copy of the plea agreement which includes a change to paragraph 6.  It's been handwritten in and initialed.  So what the second sentence of paragraph 6 now says is, "that the defendant represents that he has disclosed all his assets to the United States on the financial

28

Proceedings

statement entitled, United States Department of Justice Financial Statement, here and after, it's called the Financial Statement. A copy of which is to be provided within 30 days."  Do you understand that sentence?

THE DEFENDANT:  Yes.

THE COURT:  All right.  I'm going to hold up the copy and show it to you.  Is this -- I'm pointing to the signature, or sorry, the initials at the bottom.  Are those your initials?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Rosenberg, are your initials here?

MR. ROSENBERG:  Yes.

THE COURT:  And then Ms. Lee, on behalf of the United States, are those your initials next to --

MS. LEE:  Yes, your Honor.

THE COURT:  Okay.  All right.

Mr. Martinez-Rojas, do you understand that parole has been abolished in the federal system?  So that if you're sentenced to a prison term, you'll not be released on parole, and you'll be required to spend the entire period of that term in prison?

THE DEFENDANT:  Yes.

THE COURT:  All right.

I'm going to go over the possible sentencing

Transcriptions Plus II, Inc.

**RA1: 132**

Case 19-2664, Document 212, 06/19/2020, 2866741, Page133 of 192

29

Proceedings

consequences of Count 23.  The maximum term of

imprisonment is life.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  The minimum term of imprisonment is

15 years.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  The minimum supervised release term

is five years.  The maximum supervised release term is

life, it would follow any term of imprisonment.  If a

condition of release is violated, you may be sentenced

for up to life without credit for prerelease imprisonment

or time previously served on post-released supervision.

If you commit any criminal offense, under particular

federal laws, Chapter 109(a), 110 or 117, or Title 18 of

the United States Code, Sections 1201 or 1509 for which

imprisonment for a term longer than one year can be

imposed, you shall be sentenced for not less than five

years and up to the maximum term of imprisonment for the

offense which is set forth in paragraph 1(a), which is

life.

All right.  I've already described for you what

supervised release is.  Do you understand this provision

of supervised release as it related to Count 23?

THE DEFENDANT:  Yes, yes.

THE COURT:  All right.  So additionally,

Case 19-2664, Document 213, 06/19/2020, 2866741, Page134 of 192

30

Proceedings

possible sentencing consequences include the following.

Maximum fine, the greater of $250,000 or twice the gross

gain or twice the gross loss.  Do you understand that?

THE DEFENDANT:  Yes, I do understand.

THE COURT:  Restitution is mandatory in the

full amount of each victim's losses as determined by the

court.  And additionally, you'll be charged $100 special

assessment.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  Other penalties include, as I went

over for Count 1, and they apply in Count 23, your

removal from the United States, which is described in

paragraph 8 of the agreement, sex offender registration

pursuant to "Sex Offender Registration Notification Act,"

as set forth in paragraph 11.  And criminal forfeiture

which is set forth in paragraphs 6 and 7.  Do you

understand all of those provisions?

THE DEFENDANT:  Yes.

THE COURT:  All right.  I'm just going to go

back over one aspect of Count 23.  It has a minimum term

of imprisonment of 15 years.  Do you understand that

provision?

THE DEFENDANT:  Yes.

THE COURT:  All right.  Additionally, the

sentence imposed on each count may run consecutively.  Do

Transcriptions Plus II, Inc.

**RA1: 134**

Case 19-2664 Document 213 06/19/2020 2866741 Page 135 of 192

31
Proceedings

you understand that?  It means that there may be one sentence on one count, you'd have to serve that sentence and then the next term of imprisonment on the next count might start.  So that's consecutive, one after the other, and not both sentences at the same time.  So do you understand what that provision means?

THE DEFENDANT:  Yes, yes, I do understand.

THE COURT:  All right.  Counsel, I'm just going to ask you again.

Did you go over all of the sentencing, possible sentencing consequences with your client?

MR. ROSENBERG:  I have, your Honor.

THE COURT:  And do you believe he understands them?

MR. ROSENBERG:  I do, your Honor.

THE COURT:  In particular, do you believe he understands that Count 23 carries a minimum term of imprisonment of 15 years?

MR. ROSENBERG:  My client understands that, your Honor.

THE COURT:  Okay.  All right.

Mr. Martinez-Rojas, I'm now going to go over part of the -- an explanation of how the sentencing process works.

The sentencing judge does not have complete

Transcriptions Plus II, Inc.

**RA1: 135**

Proceedings

discretion to impose a sentence outside of the statutory

minimum and maximum sentences set forth in the statute.

Do you understand?

THE DEFENDANT:  Yes, I do understand.

THE COURT:  Okay.  In the sentencing process,

as a first step, the judge has to consider advisory

sentencing guidelines issued by the U.S. Sentencing

Commission to determine what's a reasonable sentence in a

criminal case.  As a second step, the judge has to

consider whether there are any factors present that would

allow the sentencing judge to depart from the advisory

sentencing guidelines.  The judge can depart upwardly or

downwardly.  Additionally, the judge has to consider the

factors that are set forth in a particular federal

statute, called 18 United States Code, Section "3553a."

The judge considers those factors against all

the facts and circumstances of his -- of your case, and

it may be that the judge decides to impose what's called

a "non-guideline sentence."  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  We're going to go over

the sentencing guidelines as the lawyers think they're

going to apply to you.  But I want to make sure you

understand again, even though I've said this before, it's

a very, very important term, that Count 23 carries a

Case 19-2664, Document 213, 06/19/2020, 2866741, Page137 of 192

Proceedings

33

minimum term of imprisonment of 15 years.

MR. ROSENBERG:  I think it's important to point out, your Honor, that the guideline calculation in the plea agreement is the government's position and does not reflect, necessarily the defendant's position.  And that's provided for you in the guidelines -- in the plea agreement.

THE COURT:  Okay.  So we're going to go over that in a little bit in more detail and give me about a minute.  But let me just make sure Mr. Martinez-Rojas, you understand that Count 23 carries a minimum term of imprisonment of 15 years?

THE DEFENDANT:  Yes, I do understand that.

THE COURT:  So as a practical matter, until the date of sentencing, when the district judge has read the transcript of today's proceeding, when he has a presentence report about you, and he hears from you, your lawyer, and the government, you cannot know with certainty what the sentencing guidelines will be for your case, and whether there will be grounds to depart from them.  Or whether the court will impose a "non-guideline sentence."  Do you understand?

THE DEFENDANT:  Yes, I do understand,

THE COURT:  All right.  As Mr. Rosenberg is suggesting, there are some estimates that have been

Proceedings

34

prepared with regard to the guide -- the "sentencing guidelines" as the lawyers may anticipate; they will apply in your case.  So Im going to ask them in a moment to give their best estimate of what the guidelines are likely to say in your case.  You should note that these estimates are based on the facts available to them at this point, so you should keep in mind that the lawyers could be wrong, that there could be information that they don't have at this time.  Do you understand that?

THE DEFENDANT:  Yes.

THE COURT:  All right.  The plea agreement includes the government's estimate as to what the sentencing guidelines would be in you case.  I'm going to ask Ms. Lee, on behalf of the governement, to review the government's position with regard to what they anticipate the advisory sentencing guidelines are going to be for your case.  And then after that, I'll ask Mr. Rosenberg to comment on what Ms. Lee says and his position with regard to the sentencing guidelines.  So yes, please.

MS. LEE:  The government estimates an adjusted offense level of 38.  This is based on a calculation that includes Jan Doe Number 1, Jane Doe number 4, Jane Doe Number 5, Jane Doe Number 6, Jane Doe Number 7 and Jane Doe Number 9.  Each being calculated as a separate count, which the government believes that is required under the

Transcriptions Plus II, Inc.

**RA1: 138**

35
Proceedings

guidelines, as well as alien smuggling and money laundering.

The estimate also includes a 2 point reduction for a global reduction, assuming that all eight defendants plead guilty by or on April 19, 2017. As well as a 3 point reduction for acceptance of responsibility, provided that the defendant pleads guilty by today.

THE COURT: All right. I'm just following along on page 6.

I'm sorry, just to make sure it's right, its 2 level reduction for the acceptance of his responsibility?

MS. LEE: Two level for global reduction, and that's set forth in calculating the total offense level that's charted, and then as you see, we detailed the 2 point and then the 3rd point reduction, which will result overall in a 38. And assuming that the defendant has a criminal history Category of 1, a guideline range of 235 to 293.

THE COURT: All right. We're going to get to a few other paragraphs in the plea agreement in a moment but I want to draw your attention, Mr. Martinez-Rojas, that I said earlier, that the government's calculation with regard to the sentencing guidelines is set forth in paragraph 2, which is correct and Ms. Lee just articulated the government's position, but it's also tied

Transcriptions Plus II, Inc.

**RA1: 139**

Case 19-2664  Document 213  06/19/2020  2866741  Page 140 of 192

36
Proceedings

to some of the statements that are in paragraph 10, which is that this agreement is conditioned upon the defendants who are listed in paragraph 10 entering guilty pleas, pursuant to formal plea officers, on or before April 19th, and the acceptances as pleas by the district judge.

All right.  So Mr. Martinez-Rojas, do you understand what Ms. Lee just said with regards to what the government's position is with regard to the anticipated sentencing guidelines in your case?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  All right.

So the bottom line of that calculation is that if the government's calculations are correct, we would anticipate the sentencing guidelines proposing a range of imprisonment of 235 or 293 months, based on the assumption that you fall in the criminal history Category 1.

Mr. Martinez-Rojas, do you understand what I just said?

THE DEFENDANT:  Yes.

THE COURT:  Okay.  Mr. Rosenberg, your thoughts with regard to the sentencing guidelines that may be applicable to your client?

MR. ROSENBERG:  Well, I understand the calculation, your Honor, and I understand the

37

Proceedings

government's position, we've reserved as to the plea agreement that states "we reserve our right to contest that enhancements in particular, at the time of sentencing.  But I understand what the calculation represents and how it was arrived.

THE COURT:  Okay.  All right.  I just don't want to be unclear at all, despite the flexibility of the guidelines, there's still a statutory mandatory minimum in this case.

MR. ROSENBERG:  Well, that's apart from the mandatory minimum --

THE COURT:  Um-hum.

MR. ROSENBERG:   -- so yes, your Honor. We understand that there's a mandatory minimum of 15 years. --

THE COURT: Okay.

MR. ROSENBERG:   -- in any event.

THE COURT:  All right.  So you raise the other arguments with the district judge when you get to the sentencing date.

MR. ROSENBERG:   All right.

THE COURT:  So, Mr. Martinez-Rojas, do you understand the estimate provided by the government is not binding on the government, the probation department or the court?

**RA1: 141**

Case 19-2664 Document 213 06/19/2020 2866741 Page 142 of 192

38
Proceedings

THE DEFENDANT:  Yes, I do understand that.

THE COURT:  And do you understand if this estimate is wrong that will not be a basis for you to withdraw your plea of guilty?

THE DEFENDANT:  Yes, I do understand.

THE COURT:  Do you understand your ultimate sentence could turn out to be different and higher from any estimate your attorney or the government may have given you?

THE DEFENDANT:  Yes.

THE COURT:  Do you understand that because of other statutory sentencing factors, the district judge may impose a sentence that's even higher than the one called for by the advisory sentencing guidelines?  And if that turned out to be the case, you would not be permitted to withdraw your guilty plea, simply because no one could tell you in advance what your sentence would be?

THE DEFENDANT:  Yes, yes, I do understand.

THE COURT:  All right.  So what's being proposed here is that you're going to plead guilty to some felonies.  If your plea is accepted and you're adjudged guilty of the felonies, to the extent you have certain civil rights in the United States, your adjudication may result in the deprivation of those civil

Case 19-2664  Document 213  06/19/2020  2866741  Page 143 of 192

39

Proceedings

rights.  Some of those civil rights only apply to U.S. citizens, but rather than go into whether you are or aren't a U.S. citizen, I want you to just know, that your adjudication as guilty of the felonies may result in the deprivation of such rights.

All right, so I've gone over with you many of the possible consequences if your plea of guilty is accepted.  Do you understand these possible consequences?

THE DEFENDANT:  Yes, I do understand.

THE COURT:  Did you review them with your attorney?

THE DEFENDANT:  Yes.

THE COURT:  Did you have a sufficient opportunity to consult with your attorney about them?

THE DEFENDANT:  Yes, yes.

THE COURT:  All right.  Do you have any questions for me before we continue?

THE DEFENDANT:  No.

THE COURT:  Okay.  All right. I'm going to turn to the lawyers for a little bit.

All right, so for Ms. Lee, on behalf of the government, we are prepared to prove at trial all of the elements of the counts against the defendant?

MS. LEE:  Yes, your Honor.

THE COURT:  All right.  And this morning you

Case 19-2664, Document 213, 06/19/2020, 2866741, Page144 of 192

40
Proceedings

gave me a copy of an outline of the statutes and essential elements of the counts in this Rendon-Reyes case.

Defendant's counsel, do you have a copy of that document?

MR. ROSENBERG:  Yes, I was handed that this morning, your Honor.

THE COURT:  All right.  Did you have a sufficient opportunity to look at it?

MR. ROSENBERG:  Yes.

THE COURT:  All right.  So Ms. Lee, are the elements of the offenses that to which it's proposed the defendant's going to plead guilty set forth on these pages?

MS. LEE:  They are, your Honor.

THE COURT:  Okay.  All right.

So what evidence would the government offer at trial in order to show the defendant's guilt of the counts against him in the superseding indictment?

MS. LEE:  The governement, based on victim testimony, wire transfer records, Title 3 wire tap as well as a number of other border crossing and documentary records, would establish that the defendant was a member of the Rendon-Reyes trafficking organization, which was a criminal organization that operated in Queens, Atlanta,

Proceedings

Alabama and Mexico and other locations.  And that the organization was involved in a variety of criminal activities, including, sex trafficking of women and minor girls; that their enterprise trafficked women from Mexico into the United States, and throughout the United States, affecting interstate commerce and that the defendant was a member of that enterprise.

The government would further prove with respect to what the defendant intends to plead guilty today, with respect to Racketeering Act 3(a), that in or about and between December 2004 to December 2016, the defendant knowingly transported and recruited Jane Doe number 1 into the United States from Mexico using force, fraud and coercion, and with respect to Racketeering Act 11(a) as well as Count 23, the government would prove that in between April 2010 and June 2014, the defendant, through force, fraud and coercion, caused Jane Doe number 9 to be brought from Mexico to the United States for the purposes of prostitution.

THE COURT:  All right, Mr. Martinez-Rojas, do you understand what Ms. Lee just said on behalf of the governement?

THE DEFENDANT:  Yes.

THE COURT:  Okay. All right.  Mr. Rosenberg, do you agree that the government would be able to prove the

Case 19-2664, Document 213, 06/19/2020, 2866741, Page146 of 192

42

Proceedings

defendant's guilt at trial based on the evidence just described by the governement?

MR. ROSENBERG:  Yes, your Honor.

THE COURT:  All right.  Do you know of any reason why the defendant should not plead guilty?

MR. ROSENBERG:  No, your Honor.

THE COURT:  Are you aware of any legal -- viable legal defenses to the charges against him?

MR. ROSENBERG:  No, your Honor.

THE COURT:  In your opinion, is this plea in your client's best interest.

MR. ROSENBERG:  Yes, your Honor.

THE COURT:  Okay.  All right.  So let's just go back briefly to the plea agreement.  I wanted -- I had said we would go over the rest of the paragraphs.

So, Mr. Martinez-Rojas, in reviewing government Exhibit 3, which is your plea agreement, I've highlighted some paragraphs but the entire agreement is your agreement with the United States Government.  So let me just confirm.

Do you understand your agreement with the government?

THE DEFENDANT:  Yes.

THE COURT:  All right.  And did you have sufficient opportunity to review it with Mr. Rosenberg,

Transcriptions Plus II, Inc.

**RA1: 146**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page147 of 192

43
Proceedings

your attorney?

THE DEFENDANT:  Yes.

THE COURT:  All right.  So as I've mentioned earlier, what the plea agreement says is that it's proposed that you're going to plead guilty to the Counts 1 and 23 of the superseding indictment.

So are you ready to plead at this time?

THE DEFENDANT:  Yes.

THE COURT:  Do you need an opportunity to speak with Mr. Rosenberg before you do this?  Before you enter your plea?

THE DEFENDANT:  No, everything is fine.

THE COURT:  Okay,  All right.

So, Mr. Martinez-Rojas, with regard to Count 1 of the superseding indictment in this case, how do you plead, "guilty or not guilty?"

THE DEFENDANT:  I didn't understand, could you repeat the question?

THE COURT:  With regard to Count 1 of the superseding indictment how do you plead, "guilty" or "not guilty?"

THE DEFENDANT:  Guilty.

THE COURT:  And with regard to Count 23 of the superseding indictment, how do you plead, "guilty" or "not guilty?"

**RA1: 147**

Case 19-2664 Document 213 06/19/2020 2866741 Page 148 of 192

44

Proceedings

THE DEFENDANT: Guilty.

THE COURT: All right. Let me briefly ask Mr. Rosenberg, with regard to the allocution, is your client going to allocute to the two counts separately or in a unified allocution?

MR. ROSENBERG: Yes, we can combine it, your Honor. My client and I, in preparation for today, have gone over the elements and gone over his participation in the offenses that he's pleading guilty to. We've prepared a written allocution with the court's permission and my client read from that.

THE COURT: Yes.

MR. ROSENBERG: We combined both counts.

THE COURT: All right. That's fine.

So, Mr. Martinez-Rojas, in your own words, please tell me what it is that you did, such that you are, in fact, guilty of Count 1 and Count 23 of the superseding indictment.

THE DEFENDANT: I'm gonna read from this.

THE COURT: Yes, that's fine. Mr. Rosenberg mentioned that to me. Thank you.

Wait. I'm sorry. I'm going to interrupt you One second.

We need it to be translated back now from Spanish to English into the record, so if you can go a

Transcriptions Plus II, Inc.

**RA1: 148**

45

Proceedings

little slower and take some breaks.

THE DEFENDANT:  Within the times mentioned in the indictment, I was a member of family organization. And I participated in it helping to achieve the goals and purposes of that organization.  And I was down in an agreement with other people in the organization that we were going to bring foreign women into the United States by smuggling them.  Including Queens, New York.

I helped smuggle these women crossing state borders with the purpose of the organization becoming richer through their work, through the work as prostitutes in this country.  Including Queens, New York.

In particular, I influenced Jane Doe's number 1 and number 9, to engage in prostitution in based -- based on making false promises to them.  And in such a way, convincing them to become prostitutes, when on such occassions they didn't want to do it.  That's it.

THE COURT:  All right.  When you say the dates in the indictment, is that between 2004 and 2016?  Is that correct?

MR. ROSENBERG:  I believe so, your Honor.

THE DEFENDANT:  Yes.

THE COURT:  All right.  I'm just comparing what you said to the elements.

When you mentioned the family organization, is

Transcriptions Plus II, Inc.

**RA1: 149**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page150 of 192

46
Proceedings

that Rendon-Reyes family that's mentioned and discussed in the indictment?

THE DEFENDANT:  That's right.

THE COURT:  Okay.  And when you brought the women into the United States, did you bring them from Mexico?  Or participate in bringing them from Mexico?

THE DEFENDANT: Yes, from Mexico.

THE COURT:  All right.  Mr. Rosenberg, do you want your client to add anything else to the record?

MR. ROSENBERG:  No, your Honor.

THE COURT:  All right.  For the government, is that a sufficient allocution?

MS. LEE:  It is, your Honor.

THE COURT:  Okay.  All right.

Mr. Martinez-Rojas, let me ask you a few other questions.

Are you pleading guilty voluntarily and of your own free will?

THE DEFENDANT:  Yes.

THE COURT:  Has anyone made any threats to induce you to plead guilty?

THE DEFENDANT:  No.

THE COURT:  Other than the promises contained in the written agreement, which is government Exhibit 3 that you have entered into with the government, has

Case 19-2664, Document 213, 06/19/2020, 2866741, Page151 of 192

47
                              Proceedings

anyone made any other promises to induce you or to get

you to plead guilty?

          THE DEFENDANT:  No, nobody.

          THE COURT:  Has anyone made any promise to you

as to what your final sentence will be?

          THE DEFENDANT:  No.

          THE COURT:  Are you pleading guilty of your own

free will because, you are, in fact, guilty of Counts 1

and Counts 23 of the superseding indictment?

          THE DEFENDANT:  Yes, that's right.

          THE COURT:  Okay.  All right.

          Based on what's been said here today by counsel

and by Mr. Martinez-Rojas, I believe that he is fully

competent, I believe he's capable of entering an informed

plea, I believe he's acting voluntarily, I believe he

understands the charges against him, that he understands

his rights, and that he understands the consequences of

his plea.  I also believe there's a factual basis on the

record to support each of the elements of the offense as

to Count 1 and Count 23 of the indictment.

          So I therefore recommend that the district

judge, Judge Korman, accept Mr. Martinez-Rojas plea of

guilty to Counts 1 and 23 of the superseding indictment.

          All right.  So as I mentioned earlier, Mr.

Martinez-Rojas, there's going to be a report prepared

                   Transcriptions Plus II, Inc.

Case 19-2664, Document 213, 06/19/2020, 2866741, Page152 of 192

48
Proceedings

about you that will be given to the district judge for his consideration in connection with your sentence.  So I encourage you to cooperate when that report is being prepared.

Mr. Rosenberg, would you like to be a part of the interview process and the --

MR. ROSENBERG:  I would, your Honor.

THE COURT:  All right.  So we'll let probation know that.  All right.  Just for the record, I'm going to give the original of this agreement back to Ms. Lee, to the government, so she's going to hold government Exhibit 3.  I'll just remind you that the financial statement needs to be provided to make that plea agreement complete.

All right.  My understanding is your client is going to remain in custody.  Is that right?

MR. ROSENBERG:   Yes.

THE COURT:  There's no bail application?

MR. ROSENBERG:  No, your Honor.

THE COURT:  All right.  And are there any medical issues that need attention?

MR. ROSENBERG:  No, your Honor.

THE COURT:  Anything else that we've covered here?

MR. ROSENBERG:  I think we're good, your Honor.

Transcriptions Plus II, Inc.

**RA1: 152**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page153 of 192

49
Proceedings

THE COURT:  Okay, so we've been trying to schedule the rest of the pleas because obviously, this -- we went over earlier, involved a global plea so just for the record, as soon as Ms. Lee can give us an update to the scheduling.  I know you were talking with me and Ms. Quinlan earlier about it.  But let's just put it on the record as to the progress of the scheduling.

MS. LEE:  At this point, we have five of the eight scheduled, and are very hopeful to get the remaining scheduled in time, if not, a day or so after, which the government would not -- the government would think is fine.

THE COURT:  All right.  It satisfies the April 19th --

MS. LEE:  It satisfies the April 19th date if we have to push it a couple of days just because of scheduling issues.

THE COURT:  All right.  But we're working, and -- my deputy is working with you to get it scheduled --

MS. LEE:  That's very helpful.

THE COURT:  -- as close as we can by the 19th.

MS. LEE:  By the 19th.

THE COURT:  Okay.

All right, any other issues that need to be put on the record today?

Transcriptions Plus II, Inc.

**RA1: 153**

Case 19-2664, Document 213, 06/19/2020, 2866741, Page154 of 192

50

Proceedings

MR. ROSENBERG:  Nothing further from us, your Honor.  Thank you.

THE COURT:  All right.  Thank you.

All right.  Take care Mr. Martinez-Rojas. Thanks to the interpreter for doing that very long session.

MS. LEE:  Thank you, your Honor.

MR. ROSENBERG:   Thank you.

(Matter concluded as of this date)

-o0o-

Transcriptions Plus II, Inc.

**RA1: 154**

Case 19-2664 Document 213-06/19/2020 2866741 Page 155 of 192

51

# C E R T I F I C A T E

I, ROSALIE LOMBARDI, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this 9th day of May, 2017.



Rosalie Lombardi
Transcription Plus II

Transcriptions Plus II, Inc.

**RA1: 155**

TM:ML/BH
F. # 2012R01664

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

      - against -

ODILON MARTINEZ-ROJAS,
    also known as "Chino" and "Saul,"

              Defendant.

- - - - - - - - - - - - - - - - -X

**PLEA AGREEMENT**

15 CR 348 (S-1)(ERK)

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United

States Attorney's Office for the Eastern District of New York (the "Office") and ODILON

MARTINEZ-ROJAS (the "defendant") agree to the following:

        1.     The defendant will plead guilty to Counts One and Twenty-Three of the

above-captioned indictment, charging violations of 18 U.S.C. §§ 1962(c) and 1591(a) and, at

his guilty plea, admit as racketeering acts his participation in sex trafficking of Jane Doe #1

(as alleged in Racketeering Act 3(a) and Count Seven), and sex trafficking of Jane Doe #9

(as alleged in Racketeering Act 11(a) and Count Twenty-Three). These counts carry the

following statutory penalties:

Count One

        a.     Maximum term of imprisonment: life
             (18 U.S.C. § 1963(a)).

        b.     Minimum term of imprisonment: 0 years
             (18 U.S.C. § 1963(a)).

**RA1: 156**

c.  Maximum supervised release term: 5 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 5 years without credit for pre-release imprisonment or time previously served on post-release supervision
(18 U.S.C. § 3583(b) & (e)).

d.  Maximum fine: greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(5) and (e)).

e.  Restitution: mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

f.  $100 special assessment
(18 U.S.C. § 3013).

g.  Other penalties: removal, as set forth below in paragraph 8; sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth below in paragraph 11; criminal forfeiture, as set forth below in paragraphs 6 to 7.

Count Twenty-Three

a.  Maximum term of imprisonment: life
(18 U.S.C. § 1591(b)(1)).

b.  Minimum term of imprisonment: 15 years
(18 U.S.C. § 1591(b)(1)).

c.  Minimum supervised release term: 5 years, maximum supervised release term: life, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to life without credit for pre-release imprisonment or time previously served on post-release supervision; if the defendant commits any criminal offense under Chapter 109A, 110, or 117, or Title 18, United States Code, Sections 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to not less than 5 years and up to the maximum term of imprisonment for the offense, as set forth above in paragraph 1(a)

2

RA1: 157

(18 U.S.C. § 3583(b), (e) & (k)).

 d. Maximum fine: greater of $250,000, or twice the gross gain or twice the gross loss
(18 U.S.C. § 3571(b)(2), (b)(5) and (e)).

 e. Restitution: mandatory in the full amount of each victim's losses as determined by the Court
(18 U.S.C. §§ 3663A and 3664).

 f. $100 special assessment
(18 U.S.C. § 3013).

 g. Other penalties: removal, as set forth below in paragraph 8; sex offender registration pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C.A. § 16901 et seq., as set forth below in paragraph 11; criminal forfeiture, as set forth below in paragraphs 6 to 7.

The sentence imposed on each count may run consecutively. The sentence imposed by the Court may run consecutively to any other sentence the defendant is currently serving. However, because the term of imprisonment the defendant is currently serving involved conduct that is relevant to the instant offenses of conviction and which results in an increase in the offense level for the instant offense (see § 5G1.3), the government agrees not to advocate for the sentence in this case to run consecutively to any sentence is currently serving.

 2. The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity

3

engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 41, which is predicated on the following Guidelines calculation:

Sex Trafficking of Jane Doe #1 (Counts 1 and 2, Racketeering Act 3(a), 3(b); Counts 7 and 8)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(c), 2A3.1(a)(2)) | 30 |
| Plus: Offense Involved Conduct Proscribed in §§ 2241(a) & (b) (§ 2A3.1(b)(1)) | +4 |
| Plus: Serious Bodily Injury (§ 2A3.1(b)(4)(C)) | +2 |
| Plus: Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Adjusted Offense Level | 38 |

Sex Trafficking of Jane Doe #4 (Counts 1 and 2, Racketeering Act 6(a))

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1)) | 34 |
| Plus: Vulnerable Victim (§ 3A1.1(b)(1)) | +2 |
| Adjusted Offense Level | 36 |

Sex Trafficking of Minor Jane Doe #5 (Counts 1 and 2, Racketeering Act 7(a); Count 14)

| | |
|---|---|
| Base Offense Level (§§ 2E1.1(a)(2), 2G1.3(a)(1)) | 34 |
| Plus: Participant Unduly Influenced Minor (§ 2G1.3(b)(2)(B)) | +2 |
| Plus: Offense Involved Commercial Sex Act (§ 2G1.3(b)(4)(A)) | +2 |
| Adjusted Offense Level | 38 |

4

Sex Trafficking of Jane Doe #6 (Counts 1 and 2, Racketeering Act 8(a); Count 17)

      Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1))       <u>34</u>

      Adjusted Offense Level       34

Sex Trafficking of Jane Doe #7 (Counts 1 and 2, Racketeering Act 9(a); Count 19)

      Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1))       <u>34</u>

      Adjusted Offense Level       34

Sex Trafficking of Jane Doe #9 (Counts 1 and 2, Racketeering Act 11(a); Count 23)

      Base Offense Level (§§ 2E1.1(a)(2), 2G1.1(a)(1))       34

      Plus:  Vulnerable Victim (§ 3A1.1(b)(1))       +2

      Plus:  Obstruction of Justice (§ 3C1.1)       <u>+2</u>

      Adjusted Offense Level       38

Alien Smuggling and Transportation (Counts 1 and 2, Racketeering Act 1; Count 4)

      Base Offense Level (§ 2L1.1(a)(3))       12

      Plus:  Transporting 6 to 24 Aliens (§ 2L1.1(b)(2))       <u>+3</u>

      Adjusted Offense Level       15

Money Laundering Conspiracy (Counts 1 and 2, Racketeering Act 13(a); Count 28)

      Base Offense Level (§§ 2S1.1(a)(1), 2G1.1(a)(1)))       <u>34</u>

Multiple Count Analysis (§§ 3D1.1, 3D1.2, 3D1.3, 3D1.4)

      Highest Adjusted Offense Level:       38

| | | | Level | Units |
|---|---|---|---|---|
| Group 1: | Jane Doe #1 | | 38 | 1 |
| Group 2: | Jane Doe #4 | | 36 | 1 |
| Group 3: | Jane Doe #5 | | 38 | 1 |
| Group 4: | Jane Doe #6 | | 34 | 1 |
| Group 5: | Jane Doe #7 | | 34 | 1 |

5

RA1: 160

| | | | |
|---|---|---|---|
| Group 6: | Jane Doe #9 | 38 | 1 |
| Group 7: | Alien Smuggling | 15 | 0 |
| Group 8: | Money Laundering | 34 | 1 |

| | | |
|---|---|---|
| Plus: | Five Levels (§ 3D1.4) | +5 |
| Less: | Global Reduction (§ 5K2.0) | -2 |
| Total: | | 41 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 39 and a range of imprisonment of 262 - 327 months, assuming that the defendant falls within Criminal History Category I. Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before April 19, 2017, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 38. This level carries a range of imprisonment of 235 - 293 months, assuming that the defendant falls within Criminal History Category I. The defendant reserves the right to contest the above guidelines estimate at the time of sentencing.

3.      The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

6

4.     The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 327 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing. The defendant understands that he may be subject to removal as set forth in paragraph 8 below. Nevertheless, the defendant affirms that he wants to plead guilty and to waive his right to appeal as set forth at the beginning of this paragraph, even if the consequence is the defendant's automatic removal from the United States.

5.     The Office agrees that:

   a.   no further criminal charges will be brought against the defendant for his participation in (1) racketeering related to the Rendon-Reyes Trafficking Organization in or about and between December 2004 and November 2015; (2) racketeering conspiracy related to the Rendon-Reyes Trafficking Organization in or about

7

and between December 2004 and November 2015; (3) sex trafficking conspiracy in or about and between January 2009 and June 2014; (4) alien smuggling conspiracy in or about and between December 2004 and November 2015; (5) interstate prostitution conspiracy in or about and between December 2004 and November 2015; (6) conspiracy to transport minors for prostitution in or about and between March 2006 and July 2008; (7) sex trafficking of Jane Doe #1 in or about and between December 2004 and December 2009; (8) sex trafficking of Jane Doe #4 in or about and between March 2007 and May 2008; (9) alien smuggling of Jane Doe #4 in or about and between March 2007 and November 2007; (10) sex trafficking of Jane Doe #5 in or about and between June 2007 and February 2009; (11) transportation of a minor, Jane Doe #5, for prostitution in or about and between June 2007 and July 2008; (12) alien smuggling of Jane Doe #5 in or about and between June 2007 and January 2008; (13) sex trafficking of Jane Doe #6 in or about and between November 2007 and February 2010; (14) alien smuggling of Jane Doe #6 in or about and between December 2007 and January 2008; (15) sex trafficking of Jane Doe #7 in or about and between November 2007 and December 2008; (16) alien smuggling of Jane Doe #7 in or about and between November 2007 and January 2008; (17) sex trafficking of Jane Doe #9 in or about and between April 2010 and June 2014; (18) alien smuggling of Jane Doe #9 in or about and between April 2010 and November 2010; (19) obstruction of justice related to Jane Doe #9 in or about and between May 2013 and June 2014; (20) money laundering conspiracy in or about and between May 2005 and June 2014; and (21) distribution of proceeds of a prostitution business in or about and between May 2005 and June 2014, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the indictment and any underlying indictments with prejudice;

and, based upon information now known to the Office, it will

      b.     make no motion for an upward departure under the Sentencing Guidelines.

8

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraph 5(b). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(b).

6.  The defendant represents that he no longer owns or has any interest in any monies or properties that are subject to forfeiture as a result of his violations of 18 U.S.C. §§ 1962 and 1591, as alleged in the above-referenced indictment and the Forfeiture Allegation therein. The defendant represents that he has disclosed all of his assets to the United States on the financial statement ~~dated~~ entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement"), a copy of which is ~~attached hereto as Exhibit A~~ To be provided within 30 days. The defendant agrees that a failure to disclose assets on the Financial Statement and to inform the government in writing of any material changes up until the time of sentencing constitutes a failure to cooperate with the government, and constitutes a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. If the government discovers that the defendant owns or holds an interest in any property that the defendant had an obligation to disclose, but failed to do so before sentencing, the defendant agrees to the summary forfeiture of such property or interest.

9

7. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States pursuant to 18 U.S.C. §§ 1963(a), 1963(m) and 1594(d), and 21 U.S.C. § 853(p) as: any interest the defendant has acquired or maintained in violation of 18 U.S.C. § 1962; any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendant had established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962, and any property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; and/or any property constituting or derived from proceeds obtained directly or indirectly as a result of his violation, any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 18 U.S.C. § 1591, and/or as substitute assets. The defendant agrees to execute any documents necessary to effectuate the forfeiture of said assets. In addition, the defendant knowingly and voluntarily waives his right if any, to a jury trial on the forfeiture of said assets, and waives all constitutional, legal, and equitable defense to the forfeiture of said assets, including but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto Clause of the Constitution, the Eighth Amendment of the Constitution (including a claim of excessive fines), the statute of limitations, or venue. The defendant agrees that the forfeiture of said assets is not to be considered a payment of a fine, penalty, restitution loss amount, or a payment on any income taxes that may be due, and shall survive bankruptcy.

10

8. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. Indeed, because the defendant is pleading guilty to racketeering involving sex trafficking and interstate prostitution, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the District Court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

9. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

10. This agreement is conditioned upon the following: (a) the defendants listed below (the "covered defendants") entering guilty pleas, pursuant to formal plea offers, on or before April 19, 2017, and (b) acceptance of those pleas by a United States District Court Judge at the time of the plea allocution. The covered defendants are:

    i.    Jovan Rendon-Reyes;
    ii.    Saul Rendon-Reyes;
    iii.    Guillermina Rendon-Reyes;
    iv.    Francisco Rendon-Reyes;

11

v.    Jose Rendon-Garcia;

vi.    Felix Rojas;

vii.    Odilon Martinez-Rojas; and

viii.    Severiano Martinez-Rojas.

If fewer than all of the covered defendants satisfy conditions 10(a) and 10(b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial. The Office may also elect not to recommend a reduction under the Guidelines for a global disposition. No covered defendant will have the right to withdraw his/her guilty plea in any of those circumstances.

11. The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where he resides; where he is employed; and where he is a student. The defendant understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

12. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in

12

this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York
April 6 , 2017

<div style="margin-left:40%">

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York

By: _____
Margaret Lee
Assistant United States Attorney

Approved by:

_____
Taryn A. Merkl
Supervising Assistant U.S. Attorney

</div>

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
ODILON MARTINEZ-ROJAS
Defendant

Approved by:

_____
Richard Rosenberg, Esq.
Counsel to Defendant

Translated by:

_____
Jose Carlos Venant

13

Case 19-2664 Document 212 06/19/2020 2866714 Page 169 of 192

# RICHARD H. ROSENBERG
## ATTORNEY AT LAW

217 BROADWAY
SUITE 707
NEW YORK, NEW YORK 10007

TEL: 212-586-3838
FAX: 212-962-5037
richrosenberg@msn.com

October 15, 2018

Hon. Edward R. Korman
United States District Court
Eastern District of New York
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York   11201

**Re: United States v. Odilon Martinez-Rojas**
**15 Cr. 348 (S1) (ERK)**

Dear Judge Korman:

Please accept this letter and the annexed exhibits as defendant Odilon Martinez-Rojas' (hereinafter, at times, "Odilon") sentencing memorandum.  Mr. Martinez-Rojas is scheduled to be sentenced on October 24, 2018 following his guilty pleas to counts one and twenty-three of the indictment charging him with violations of 18 U.S.C. §§ 1962 ( c ) (Racketeering) and 1591 (a) (participation in a sex trafficking conspiracy).

As part of the defendant's plea Mr. Martinez-Rojas admitted guilt with respect to Racketeering Acts 3(a) and 11(a) . Racketeering Act 3(a) charged the defendant with sex trafficking victim Jane Doe #1 in 2004-2006 along with Jovan Rendon-Reyes and his brother, Severiano Martinez-Rojas in the Eastern District of New York and elsewhere.  Racketeering Act 11(a) charged the defendant with sex trafficking victim Jane Doe #9 between 2010 and 2014, along with his brother Severiano, in the Northern District of Georgia and elsewhere.

As alleged in the indictment this was a multi-state conspiracy involving in addition to New York, Texas, Alabama, Georgia, Arizona and "elsewhere" that took place over the years 2004-2015. This indictment covers a number of different victims of crimes perpetrated by members of this family organization. One of the victims in this case was  a victim in the Georgia case  as well ( Jane Doe #4).

Odilon Martinez-Rojas is currently serving a sentence of 262 months that was imposed in the Northern District of Georgia on January 21, 2015 (13 Cr. 128) based on his guilty pleas to the six counts in which he was named, charging him with  conspiracy, along with his brother Severiano

RA1: 169

Martinez-Rojas[1] and another, to commit Sex Trafficking and Encouraging and Inducing Illegal Entry in violation of 18 U.S.C.§ 1591 (a), (b) (1) and 8 U.S.C. § 1324 (a) (1) (A) (iv). Martinez-Rojas was arrested on May 21, 2013 in that case and remanded. He has been in continuous custody since that date.

By the terms of the plea agreement with the government in this case, it is stipulated that "because the term of imprisonment the defendant is currently serving involved conduct which is relevant to the instant offenses of conviction and which results in an increase in the offense level for the instant offense (see §5G1.3), the government agrees not to advocate for the sentence in this case to run consecutively to any sentence is currently serving". ( Plea agreement p. 3). Similarly, the Probation Department has also taken the position that since the offenses for which the defendant is currently serving is conduct relevant to the instant offenses, the sentence imposed here should run concurrent to the remainder of the undischarged remainder of the defendant's previously imposed sentence per U.S.S.G.§5G1.1.3(b)(2). ( PSR Addendum ¶175).

For the reasons that follow, it is respectfully submitted that a sentence of fifteen years, the mandatory minimum required by statute for violating 18 U.S.C. §1591 (a) (Sex Trafficking), to run concurrent with the defendant's current sentence of 262 months, is "sufficient, but not greater than necessary" to meeting the sentencing goals of 18 U.S.C. § 3553 (a). Such a sentence will ensure that the defendant will receive credit by the Bureau of Prisons for the term of imprisonment thus far served by the defendant for relevant conduct in the Georgia case. *See*, U.S.S.G.§5G1.3 (b) (2).

Moreover, such a sentence will avoid any potential sentence disparity among the defendants in this case.

### *The Advisory Sentencing Guideline Range*

The advisory guideline calculations in the plea agreement and the PSR differ. Under the plea agreement, the government calculated the advisory guideline range taking into account victims not only named in the counts of conviction but victims named in other counts and racketeering acts involving the defendant. The calculation included certain enhancements the government estimated to be applicable to each. The calculation also included a two level global plea reduction (U.S.S.G. §5K2.0) and a three level reduction for acceptance of responsibility. This resulted in an adjusted offense level 38 with an advisory guideline range of 235-293 months imprisonment. Under the terms of the agreement the defendant reserved the right to contest the guideline estimate contained therein.

---

[1] Severiano Martinez-Rojas was a fugitive when the defendant pleaded guilty and later sentenced. Since his subsequent extradition, Severiano pleaded guilty to Sex Trafficking under Count One of the Georgia indictment before Magistrate Judge Scanlon in the Eastern District of New York pursuant to Rule 20.

The Probation Department's calculation resulted in a much higher range of 324-405 months imprisonment based on an adjusted offense level of 41. Initially we note that the PSR's calculation did not include the two level reduction for a global plea which, if included, would have resulted in an adjusted offense level of 39 with an advisory sentence range of 262-327 months imprisonment.

The differences between the two calculations (other than an addition error at unrevised PSR ¶85 pertaining to Jane Doe #5's calculation which has been addressed by the Probation Department and corrected ) are additions in the PSR for vulnerable victims that are not contained in the plea agreement as to Jane Doe #5 (PSR ¶82), Jane Doe #6 (PSR ¶ 88), and Jane Doe #7 (PSR ¶ 94).

In addition, the PSR's <u>Ruggiero</u> conduct relating to Alien Smuggling and Transportation (Counts One and Two and Racketeering Act 1) resulted in an adjusted offense level of 25 (PSR ¶ 116-124) as opposed to the government's estimate of level 15 (Plea Agreement p.5). This can be attributed to enhancements contained in the PSR that were not included by the government. One can only posit that the government by not adding these enhancements was of the view that it could not sustain its burden of proof with the regard to the enhancements or involved specific conduct not attributable to the defendant. We ask the court not to adopt the PSR calculation with regard to Alien Smuggling and Transportation.

Similarly, with regard to Money Laundering the PSR's calculation arrives at a base offense level of 36 (PSR ¶ 130) as opposed to the government's estimate of a base level 34. This too, is attributable to the PSR's enhancement inclusions not considered by the government. As with the Alien Smuggling and Transportation calculation above we urge the court to accept the implicit recognition by the government that it could not sustain its burden of proof with respect to enhancements counted in the PSR.

As mentioned, the plea agreement permits the defense to challenge the advisory guideline calculation contained in the plea agreement. In that regard we take exception to the enhancements for vulnerable victim (U.S.S.G.§ 3A1.1 (b) (1) ) contained throughout the plea agreement and the PSR.

U.S.S.G. §3A1.1(b) (1) provides a two level enhancement if the defendant knew or should have known that a victim of the offense was "unusually vulnerable due to age, physical or mental condition, or that a victim was otherwise particularly susceptible to the criminal conduct." U.S.S.G. §3A1.1 Commentary 2.

In <u>United States v. McCall</u>, 174 F.3d 47 (2d Cir. 1998) the Second Circuit examined the section and found that more is required than simply class based generalizations. The Court held that "the correct test calls for an examination of the individual victims' ability to avoid the crime rather than their vulnerability relative to other potential victims of the same crime". <u>United States v. McCall</u> at p. 50. Moreover, the Court found fault with the lower court's reliance upon, without further particularized inquiry, the age of some of the victims and other characteristics, when no characteristic alone demonstrated a particular vulnerability to the crime involved.

3

The McCall Court further cautioned against class generalizations by holding that membership alone in a particular class of victim is not necessarily sufficient for the enhancement to apply. There must be specific findings of a particular vulnerability. United States v. McCall, *supra.*

Accordingly, a review of case law interpreting this guideline finds cases that have rejected this enhancement based on age alone ( United States v. McCall *supra;* United States v. Vega-Iturrino, 565 F. 3d 430 (8th Cir. 2009), membership in a religious sect (United States v. Dupre, 462 F.3d 131 (2d Cir. 2006), economic dependency and abuse ( United States v. Sabatino, 943 F.2d 94 ( 1st. Cir. 1991 ); United States v. Castaneda, 239 F.3d 978 (9th Cir. 2001 ) (Mann Act prosecutions).

The Probation Department's rationalization for the application of this enhancement is grounded on its belief that it is appropriate because "an extra measure of deterrence and punishment is necessary" in this case. That is a reasoning that is found nowhere in the guidelines or case law as a basis for the applying the enhancement as opposed to the natural consequence of it being properly applied. The Probation Department's additional reasoning for the application of the enhancement is found in its rhetorical question " [i]f we are not protecting a group of young, poor, uneducated woman from an impoverished area of Mexico, who are we meant to protect". (PSR Addendum p.1). This is the very sort of class based generalization frowned upon by Second Circuit case law. Absent the particular findings of vulnerability required by controlling case law, the enhancement for vulnerable victim should not be applied throughout.

Should the court accept the objection to the vulnerable victim enhancement and otherwise accept the government's advisory guideline calculation, the highest adjusted offense level under the grouping analysis of U.S.S.G.§§ 3D1.1, 3D1.2, 3D1.3, 3D1.4 would be an offense level 36. Added to that would be the five level added adjustment for grouping, minus global and acceptance of responsibility reductions resulting in an total adjusted offense level of 36. Together with a Criminal History Category I, the advisory sentence range is 188-235 months imprisonment.

### A Sufficient But Not Greater Than Necessary Sentence:

As this court is well aware sentencing courts must now consider all of the 18 U.S.C. § 3553 (a) factors, not just the guidelines, in determining a sentence that is minimally sufficient to meet the goals of sentencing as set forth in 18 U.S.C. § 3553 (a) (2): justice, deterrence, incapacitation and rehabilitation. Gall v. United States, 128 S. Ct. 586 (2007); United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005).

The requirement that a court impose a "sufficient, but not greater than necessary" sentence to achieve those goals sets a limit on the sentence that a court may impose. Further, in determining whether and to what extent imprisonment is appropriate based on § 3553 (a) factors, the court is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation." 18 U.S.C. § 3582 (a).

4

RA1: 172

In <u>Pepper v. United States</u>, 131 S. Ct. 1229 (2011), the Court emphasized that a sentencing judge assumes "an overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.*, at 1242, 1243. *See also*, <u>United States v. Dorvee</u>, 616 F.3d 174, 182-83 (2d Cir. 2010) ("[u]nder §3553(a)'s 'parsimony clause,' it is the sentencing court's duty to 'impose a sentence sufficient, but not greater than necessary to comply with the specific purposes set forth' at 18 U.S.C. §3553(a)(2)"), *quoting* <u>United States v. Samas</u>, 561 F.3d 108, 110 (2d Cir. 2009).

As the Second Circuit explained in <u>Dorvee</u>:

> [e]ven where a district court has properly calculated the Guidelines, it may not presume that a Guidelines sentence is reasonable for any particular defendant, and accordingly, must conduct its own independent review of the §3553(a) sentencing factors. *See,* [United States v.] Cavera, 550 F.3d [180,]189 [(2d Cir. 2008) (en banc)].

616 F.3d at 182.

For the reasons that follow in this memorandum and for the 18 U.S.C.§ 3553 (a) factors present in this case we respectfully submit that the imposition of a sentence of 188 months, to be served concurrent with the sentence imposed in the Georgia case (13 Cr. 128 (AT) (N.D. Georgia), is appropriate to ensure a sentence that is minimally necessary to achieve the goals of sentencing and serve the interests of justice.

**The 3553 (a) Factors**:

*"What we see changes who we are"* Those are the apt words of JR, the great French urban artist and TED prize winner. What Odilon Martinez-Rojas saw growing up poor in Tenancingo, Mexico were the showy homes, extravagances and accouterments of wealth displayed by the pimps and the inter-generational family organizations involved in prostitution and sex trafficking.

Tenancingo, population 11,000, according to a 2015 article in The Guardian[2], is the most notorious hotspot in the state of Tlaxcala, the biggest source of sex trafficking in the U.S. As of 2015 five of the ten most wanted sex traffickers were from Tenancingo. It was estimated at the time of the article that one in ten people in Tenancingo was actively involved in sex trafficking. According to a 2010 University of Tlaxcala study, referred to in the article, one in five children want to grow up to be a pimp. Two thirds of the children know at least one relative or friend working as a pimp or trafficker.

---

[2] <u>Tenancingo: the small town at the dark heart of Mexico's sex-slave trade</u>, Lakhani, N., The Guardian, April 5, 2015.

5

RA1: 173

Odilon Martinez-Rojas, now age 47, was born into this setting and raised under impoverished conditions. His biological father left his mother when she was pregnant with him and, so, he never met or knew him. He and his five siblings were brought up by their mother and step-father getting by with the bare necessities . The family didn't have the means for Odilon to continue his education past the sixth grade. At the age of 13 Odilon left school and worked in the fields with his mother, in a textile factory, as a ticket collector and, encouraged by family and peers, worked in the local prostitution business. As Odilon stated to Judge Totenberg in Georgia District Court at his sentencing, after his attorney told the court that Odilon's own mother had forced him into the prostitution business: " I didn't have the means to continue studying (sic) in my town. Many people do this kind of work, and I didn't have an option. I was very small. I was just 13. " Tr. at p.142, United States v. Martinez-Rojas, 13 Cr. 128 (AT) ECF Document 210 .

It is impossible to know to what extent Mr. Martinez-Rojas' sorry childhood, lack of education, and the outlaw cultural environment that was accepted - and his participation encouraged - by family and peers contributed to his Mr. Martinez-Rojas' ability and willingness not to engage in a lifestyle that evolved into sex trafficking. But it is not a far reach to presume that what Mr. Martinez-Rojas saw and experienced had influence over his thought processes and the emotional make-up needed, or lacking, to refuse to engage in such offenses.

With more than five years of imprisonment having gone by, Odilon has had time to go deep within himself, to reflect on his life and his life choices and to put in perspective and ponder his ill treatment of his victims, contrasted with the deep and abiding love for his own daughters. And he has learned from it. As he puts it in his letter : "I have come to realize what damage I inflicted on my victims by my conduct".( Exhibit A ). We hope, along with him, that his expressed commitment to give great effort towards becoming a better person succeeds.[3]

Whatever the sentence here imposed, Mr. Martinez-Rojas will be at least approximately 60 years of age before he released from prison and deported. He will have been separated by a continent the expanse of many years from family, other than co-defendants, missing the comings, goings and growth of loved ones. Ample time remains on his 21 year 10 month Georgia sentence to encourage and develop his rehabilitation, to protect the public from further criminality on his part, to deter both him and the would be traffickers back home and elsewhere from engaging in this offensive conduct, and to encourage respect for the rule of law

Finally, we have asked for imposition of a sentence of 188 months imprisonment with the hope that Your Honor's sentence will be imposed to run concurrent with the 262 month sentence being served to ensure that the Bureau of Prisons properly credits the defendant with his time already served on that sentence. (U.S.S. G.§5G1.3 (b) (1) and to avoid any potential sentence disparity among the defendants in this case.

---

[3] In addition to Mr. Martinez-Rojas' letter, family members have also submitted letters on his behalf. (Exhibits B - E)

6

Thank you for your consideration to the sentencing recommendation offered herein.

Respectfully submitted,

Richard H. Rosenberg

cc.: All parties (ECF)

Case 19-2664, Document 212, 06/19/2020, 2866311, Page176 of 192

# EXHIBIT A

Edward R. Korman
Honorable Judge
United States Courthouse
225 Cadman Plaza
Brooklyn, NY 11201

Respected and Honorable Judge, first of all, I want to thank you for taking some of your valuable time to read this letter, so I can express to you all my remorse for the error of my ways I have commited and that at the same time I have come to realize what damage I inflicted on my victims by my conduct. I want to tell you that in the time that I have been serving under the government of the United States of America – 5 years now – I have realized that what I was doing was not good at all. This is why, Your Honor, I want to offer my apologies to you, to the victims, and to the United States of America, as well as to my mother and my children, because I cannot be with them. I also want you to know that no one knows what one has until one sees it lost. This is why I beg for clemency, Your Honor, and for a chance, so that the time that you are about to impose on me be one I can serve to this country; and so that, God willing, I can be with my family and with my mother – because I am now afraid that when I get there, I will not find her, because she is ill.

I also hope I will be finding my children, and why not, that I will reintegrate into society as well. I know that will not be easy, but in the time I will serve the government, I promise to begin studying and that I will work and put a lot of effort into becoming a great person and a great human being. I promise you I will not come back to this great country. Once again, thank you for your valuable time, Your Honor.

Edward. R. Korman
Honorable Juez
United States Court house
225 Cadman plaza
Brookly NY 11201

Respetable y honorable Juez primero que nada
quiero darle las gracias por tomarse su valeozo tiempo
de leer esta carta y poder expresarle todo mi
arrepentimiento por el error que he Cometido y
que ala Vez me doy cuenta del daño que Cometi a las
Victimas con mi comportamiento pero qoiero manifestarle
que en el tiempo que llevo sirviendo al gobierno de los
Estados Unidos de America que ya son 5años me he
dado Cuenta de que lo que estaba haciendo no estaba
nada bien por eso su Señoria quiero pedirle perdon
ha usted, a las Victimas y a los Estados Onidos de
America y tambien a mi madre y a mis hijos ya que
no puedo estar Con ellos. Y tambien quiero que
Sepa que nadien Sabe lo que tiene asta que lo ve
perdido por eso su Señoria le pido Clemencia y
una oportunidad para que Sea el tiempo que me Vaya
a Sentenciar dejar servido a este pais y primeramente
Dios lo mas pronto posible estar con mi familia y
mi madre pues ya me da miedo de llegar y no
encontrarla pue... ...rma.

**RA1: 178**

Y tambien encontrar a mis hijos y por que no tambien reintegrarme ala sociedad yo se que no va ha ser facil pero con el tiempo que voy a servirle al gobierno prometo que voy a ponerme a estudiar y trabajar y eecharle muchas ganas para asi poder ser unagran persona y un gran ser humano y prometo no volver a este gran pais y nuevamente gracias por su valioso tiempo su Señoria.

Case 19-2664, Document 212, 06/19/2020, 2866311, Page180 of 192

# EXHIBIT B

Saturday, July 21ˢᵗ of the year 2018


From:  Luisa Anahuac Rojas

To:    Odilon Martinez Rojas


Hello, Honorable Judge Edward Korman. I hope you are well, yourself and your family. It is a pleasure for me to be able to explain to you by means of this a short narrative of about the life of my brother. Since he was very little, he was a hard working person. He always behaved well here in the town, because he was watching over my mother who is ill now. Since he was little, he worked in the fields so he could contribute some money so we could eat, so we would all study, because my mother could not make money stretch enough. As time passed, my brother was forced to leave his studies because his father abandoned them. My mother was pregnant, and he never took any responsibility for my siblings, and this is why my brother had to start working from a very young age to support my siblings. They were all studying and the expenses weighed heavily on her. Odilon did not want to leave school, but he had to accept it because of the same reason: money was not enough. After dropping out of Benito Juarez Primary School, he started working at a textile factory where he stayed for a while: approximately 4 or 5 years. After that, he was a ticket collector on Route 9, which line runs from Constancia to Seguro de San Jose. Later, he became a driver on that same Route. He was always looking for a way he could contribute some amount of money to the home so he could get them out of the hole. He was really very good to my mom, who is now feeble lacking strength. He always kept a nice friendship going with the neighbors, and he has always loved his family deeply – his children, his siblings, and my mother.

I, Luisa Anahuac Rojas ask you from the bottom of my heart, Honorable Judge, to give my brother a chance. Please, I beg of you, give him a chance. Please, I beg you wholeheartedly for my brother, because my mother really needs him and she is very ill. I know his wrongdoing was very serious, but maybe he was not thinking it through, and I am sure he is remorseful now. I ask you with all my heart to give him another chance. We all err, because no one is perfect in this world. This is why repentance exists. My brother was always very hard-working and humble. I say to you beforehand: thank you for allowing me to express my thanks, and may God bless you and your whole family.

So long, Judge Edward Korman.

[Signed]


RA1: 181

Sabado 21 De Julio del año 2018

De: Luisa Anahuac Rojas

Para: Odilón Martinez Rojas

Hola Señor Juez Edward Korman espero
Se encuentre bien usted y su familia.
Para mi es un placer poder explicarle por
este. Medio un pequeño relato dela vida dem
hermano desde muy pequeño fue una persona
trabajadora siempre se porto bien aca en
el pueblo ya que velaba por mi madre que
ahora esta enferma desde muy pequeñito
trabajo en el campo para poder aportar algo
de dinero para que nos alimentaramos ya
que todos estudiabamos y a mi madre
no le alcanzaba el dinero con el paso del
tiempo mi hermano se vio obligado a dejar
sus estudios porque su padre los abandono des
que estaba embarazada mi madre y nunca se
hizo responsable de mis hermanos, y por eso mi
hermano se tuvo que poner a trabajar desde muy
chico para poder mantener a mis hermanos
ya que todos estudiaban y los gastos eran muy
fuertes para ella mi hermano Odilón no queri
dejar la escuela pero tuvo que aceptar por lo
mismo de que no alcanzaba el dinero dejando
la escuela la primaria Benito Juarez empezo
a trabajar en una fabrica textil en la que
duro un tiempo ahi aproximadamente
unos 4 o 5 años, despues fue de cobrador

**RA1: 182**

De la ruta 9 que recorre a la constanera
y Seguro de San Jose de ahi se volvio
Chofer de la misma Ruta. Siempre vio la
manera de aportar dinero al hogar y Saca
adelante Se porto muy bien con mi madr
la cual ya esta un poco debil y sin fuerza
Siempre tuvo una muy buena amistad con lo
Vecinos y Siempre Quizo mucho aso Fami
hijos, hermanos, y a mi madre.

Yo Luisa Anahuac Rosas le pido de to
Corazón Señor Juez que le de una oporto
a mi hermano por favor Selo Pido que le
de una Gran oportunidad a mi hermano Por
Favor Selo Pido Con todo mi corazón Se pi
Porque le hace mucha Falta a mi madre
que esta muy enferma Yo Se que cometio
Un error muy grave pero a lo mejor lo h
Inconcientemente y estoy Segura que se
arrepiente le pido de todo corazón que le de
Otra oportunidad todos cometemos errores
Porque nadien es perfecto en este mundo
Por eso existe el arrepentimiento mi herman
Siempre fue muy trabajador y humilde.
Ante mano le doy las gracias por poder
Permitirme expresar gracias y que Dios
lo Bendiga a usted y toda su Familia

Hasta pronto Señor Juez Edward
Korman

Luisa

RA1: 183

# EXHIBIT C

Case 19-2664, Document 212, 06/19/2020, 2866311, Page185 of 192

Saturday, July 21st of the year 2018

From:  Alfredo Ortiz Arahuac

To:    Odilon Martinez Rojas

Greetings from me, Honorable Judge Edward Korman.  It is an honor to address you by means of this short letter,

Well, sincerely, my uncle was a very hard-working person.  He worked on Route 9 which runs through Constancia to Seguro de San Jose.  He was a driver on that Route, and so, he always behaved very well when here in town.  He was a trusted man.  Maybe he made a mistake, but I know he will be remorseful, because he can no longer see his family and friends.  Truth is, we miss him a lot, because he is very far and we cannot go to where he is locked up.  I just ask you, Honorable Judge, to give him a chance.  I know he will not fail you.  I am sure that he will behave as he should.  Please, I beg you, give him a short sentence.

So long, Mr. Edward Korman.  Take good care and may blessings be upon you.

                    ____[Signed____
                    Alfredo Ortiz A.

**RA1: 185**

Case 19-2664 Document 212 06/19/2020 2866711 Page186 of 192

Sabado 21 de Julio del año 2018

De: Alfredo Ortiz Anahuac
Para: Odilon Martinez Rojas.

Un Saludo de mi parte Señor Juez Edward
Korman es Un honor poder dirigirme a Usted
por medio de esta pequeña Carta. h.

Pues Sinceramente mi tio fue Una persona
muy trabajadora trabajo en la Ruta q la
Cual recorre la Constancia y Seguro San Jose.
fue Chofer en esa Ruta y Pues aca en Jel
Pueblo Siempre Se porto muy bien era
Una persona de Confianza a lo mejor
Cometio Un error pero yo Se que Se
arrepiente porque ya no puede Ver a Su
familia y amigos la Verdad lo extrañamos
mucho porque esta muy lejos y no podemos
ir hasta donde esta encerrado Solo le pido Señor
Juez que le de Una Oportunidad yo Se
que no le Va a fallar estoy seguro que y
Se Va a Comportar Como debe de Ser
Porfavor le Suplico le de Una Sentencia men

Hasta luego Señor Edward Korman.
Cuidese mucho y Bendiciones

Alfredo Ortiz A.

**RA1: 186**

Case 19-2664, Document 212, 06/19/2020, 2866311, Page187 of 192

# EXHIBIT D

District Court Judge Korman

By means of this letter, I am addressing you with a cordial greeting. I am a neighbor of Mr. Odilon Martinez Rojas. I know him for a long time. When he was a child, he worked in the fields with his mom. They would gather bottles to sell them and that way be able to buy food for his siblings. As time passed, they grew up and started working in the buses. First, they were collecting the tickets, later becoming driver. Unfortunately, the [problem with the] economy in our country is great, so he decided to go to the United States illegally for a while. He came back and took a disagreeable turn, and I know that the crime he committed was very serious. I just ask you not to be so stern when you make your decision to sentence him. He is remorseful and he has his mom here, who is already an old person who needs him and is ill.

I ask of you, Honorable Judge not to be so harsh on him. I know he has to pay, but he has family that needs him. Having nothing else to ask of you, I say good-bye and I hope God will bless you.

Sincerely,

Petro Garcia Perez
[Signed]

RA1: 188

C. Juez Judge Korman

Por medio del presente me dirijo a usted con un cordial saludo. Soy vecina del señor Odilon Martinez Rojas. Yo lo conosco desde hace mucho tiempo cuando el era un niño el trabajaba en el campo con su mamá recolectaban botellas para venderlas y asi poder comprar comida junto con sus hermanos al paso del tiempo pues ellos crecieron y se pusieron a trabajar en la micro primero como cobradores despues pasaron hacer chofer, desgraciadamente la economia en nuestro pais pues es mucha y el desidio irse de ilegal a Estados Unidos por un tiempo regreso y pues tomo un rumbo pues no agradable yo se que cometio un delito muy grave solo le pido que no sea tan fuerte al tomar la decicion al sentenciarlo el esta arrepentido y aqui tiene a su mamá pues ya una persona grande que lo necesita y esta enferma le pido señor juez no sea tan duro con el se que tiene que pagar pero el tiene una familia que lo necesita sin mas que pedirle me despido y espero que dios me lo bendiga.

Atentamente.

Petra Garcia Perez

RA1: 189

Case 19-2664  Document 212  06/19/2020  2866311  Page190 of 192

# EXHIBIT E

Sunday, July 22nd of the year 2018


From:  Andres Ramirez Flores

To:     Odilon Martinez Rojas


Hello, pleasure to make your acquaintance, Honorable Judge Edward Korman.

Well, what can I tell you about my great friend since infancy.  I know him since we were really little.  We would go together to primary school, except that he would be absent from school sometimes, because, what I know, he had to work in the fields.  He was a person who got along well with the neighbors, and who sincerely behaved very well here in town.  I would ask you beforehand, Honorable Judge, to give him another chance – above all, because he has family he no longer sees and to who he is very necessary.  Sometimes, us people, we make mistakes, and he was one who committed serious wrongfulness.  But one always repents.  He is a person who suffered a lot starting from when he was little, because the responsibility of putting food on the table fell upon him, since his mother did not have the money to support them.

So long, Judge, Sir.  May God fill you with blessings.


_____[Signed]_____


RA1: 191

Domingo 22 de julio del ano 2018

De: Andres Ramirez Flores.

Para: Odilon Martinez Rojas.

Hola mucho gusto Señor Juez Edward Korman.

Pues que le puedo decir de mi gran Amigo de infancia lo Conosco desde muy pequeños hibamos juntos a la primaria Solo que aveces faltaba a la escuela ya que por lo que Se trabajaba de Campo fue Una persona. Que Se llevaba bien Con los Vecinos y Sinceramente era muy bien portado aqui en el pueblo, yo le pido de ante mano Señor Juez que le Seda Una nueva Oportunidad mas que nada porque tiene familia a la. que ya no Ve y le hace mucha falta. A veces las personas Cometemos errores. y el fue Uno que Cometio Un grave error. Pero Uno Siempre Se arrepiente. el es Una persona que Sufrio mucho desde pequeño ya que era el que Se hacia responsable de llevar Un Pan a la mesa ya que Su madre no tenia el dinero para mantenerlos.

Hasta Pronto Señor Juez Dios lo llene de Bendiciones

Firma

**RA1: 192**